IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| THOMAS LUCA, JR., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | 2:16-cv-00746 |
|  | ) |  |
| v. | ) | Judge Mark R. Hornak |
|  | ) |  |
| WYNDHAM WORLDWIDE CORP., | ) |  |
| WYNDHAM HOTEL GROUP, LLC, | ) |  |
| WYNDHAM HOTELS AND RESORTS, | ) |  |
| LLC, and WYNDHAM HOTEL | ) |  |
| MANAGEMENT, INC., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION

**Mark R. Hornak, United States District Judge,**

In this civil action, Plaintiff, on behalf of himself and a purported class, avers that a hotel reservation website for which Defendants are responsible violated the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-1, *et seq.*, and the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. § 56:12-14, *et seq.* In sum, Plaintiff's Class Action Complaint ("Complaint") avers that he reserved a hotel room through the website, which did not adequately disclose the total costs associated with the room. Before the Court are two Motions to Dismiss Plaintiff's Complaint, one filed by Defendants Wyndham Hotel Group, LLC ("WHG") and Wyndham Hotels and Resorts ("WHR"), and the other filed by Defendants Wyndham Hotel Management ("WHM") and Wyndham Worldwide Corporation ("WWC"). The Court held oral argument on the Motions, and the parties then filed supplemental briefs. The Motions are now ripe for review. For the following reasons, the Motion filed by WHG and WHR will be denied without prejudice to Defendants to reassert their arguments at a later stage

1

in this litigation, and the Motion filed by WHM and WWC will be granted without prejudice to Plaintiff, and with leave to amend.

I. **LEGAL STANDARD**

Under the familiar plausibility standard governing motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts must "accept all factual allegations [in the complaint] as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim," and although a plaintiff is not required to make detailed factual allegations, a complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). While "[t]he plausibility standard is not akin to a probability requirement," it nevertheless "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "[L]abels and conclusions," therefore, are not enough to survive a motion to dismiss, nor are courts "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

"'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). Further, a complaint must give a defendant "fair notice of what the ... claim is and the

2

grounds upon which it rests." *Dillard v. Talamantes*, No. 15-974, 2016 U.S. Dist. LEXIS 179627, at *2 (M.D. Pa. Dec. 29, 2016).[1]

## II. DISCUSSION

### A. Motion to Dismiss - WHM and WWC

Defendants WHM and WWC argue that Plaintiff has not sufficiently pled facts that would support direct liability against them, and that derivative liability principles do not apply here.[2] In particular, they point to the fact that the Complaint does not allege that WHM or WWC operate the website that Plaintiff used. Plaintiff responds that his allegations regarding the interrelationships between the Defendants and the subject websites, as well as his averments against "Defendants" collectively, suffice. Under the circumstances, however, Plaintiff's Complaint fails to provide WHM and WHC with sufficient factual content to provide the "fair notice" required by applicable pleading standards. The Complaint's generic, collective factual allegations, along with its conclusory statements of fact and law pertinent to common control, do not allow the reasonable inference that WHM and WWC are liable for the alleged conduct.

---

[1] Defendants do not invoke Fed. R. Civ. P. 9(b), applicable to CFA claims. *See Rosenthal v. Sharkninja Operating LLC*, No. 16-1048, 2016 U.S. Dist. LEXIS 174718, at *7 (D.N.J. Dec. 16, 2016).

[2] Because Defendants' Motion is disposed of on other grounds, the Court does not conclusively address their personal jurisdiction argument as to WHM and WWC. Nonetheless, the Court takes note of the parties' positions and extant case law. Plaintiff argues that registering in Pennsylvania alone confers general personal jurisdiction. Defendants argue that the Supreme Court has rejected the proposition that registration alone constitutes consent to general jurisdiction. "[L]ittle guidance on consent-by-registration exists in the Third Circuit." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173 (D.N.J. 2016). Nonetheless, at least one Court has found that "compliance with Pennsylvania's registration statute amount[s] to consent to personal jurisdiction," and that "Pennsylvania law imposes a basis for personal jurisdiction over a business if the business qualifies as a foreign corporation in the state." *Bors v. Johnson & Johnson*, No. 16-2866, 2016 U.S. Dist. LEXIS 128259, at **5-6, 13-14 (E.D. Pa. Sept. 20, 2016). Should the Plaintiff elect to file an Amended Complaint as to such Defendants, then that issue may be joined via the discovery process, which would provide a vehicle for the parties to further develop the record as to such matters, or they are further addressed in the allegations of the Amended Complaint. For the reasons noted above, the Court believes that there is a sufficient showing of personal jurisdiction to permit the case to proceed further at this point. By the same token, based on the disposition of the pending Motions to Dismiss as to the other named Defendants, the Plaintiff may conclude that pursuing claims against these Defendants is essentially unnecessary makeweight.

3

Defendants' Motion will be granted to that extent, without prejudice to Plaintiff to amend his Complaint in an attempt to cure the deficiency.

### B. Motion to Dismiss - WHG and WHR

Defendants WHG and WHR move to dismiss Plaintiff's Complaint on several grounds. These Defendants argue that Plaintiff's CFA claim fails because the website's disclosures were adequate, because Plaintiff has not pleaded ascertainable loss, and because Plaintiff cannot sue under New Jersey law. They also argue that his TCCWNA claim, which is based on the website Terms of Use, fails because Plaintiff suffered no injury from the Terms of Use and thus lacks Constitutional and statutory standing to sue. In brief, Plaintiff responds that the actual final total charges for the hotel room were not disclosed during the online booking process, that the Terms of Use enable his New Jersey statutory claims, and that he has alleged adequate injury to confer standing.

#### 1. Plaintiff's CFA Claim

First, Defendants contend that the website's repeated disclosures of costs and fees were sufficient, and preclude Plaintiff's CFA claim. At this juncture, Plaintiff's Complaint is adequate. For example, at oral argument, Plaintiff argued that the website did not at any point disclose the tax levied on the resort fee. That tax, he argued, was not disclosed until the final invoice issued after his hotel stay. Defendants raise no substantive challenge to this argument; instead they object that this allegation is "new" and should be disregarded. The Complaint does, however, refer to the tax on the resort fee, and it indicates that the tax was not disclosed online. Construing the Complaint in a reasonable and plausible manner most favorable to Plaintiff, its allegations place Defendants on notice of this aspect of Plaintiff's claim. Defendants' remaining arguments regarding what they say is the actual adequacy of disclosure rest on questions of

4

reasonableness, and in this case—particularly given Plaintiff's substantially unmet contention that the total invoiced amount was never disclosed on the website—are not appropriate for resolution at the pleading stage.

Second, Defendants maintain that Plaintiff has not pleaded an "ascertainable loss," as required by the CFA, because he does not aver that he received something less than promised, and has not proffered the cost of comparable hotel rooms. The CFA does not define what constitutes an "ascertainable loss," but the New Jersey Supreme Court has clarified that the loss must be "quantifiable or measurable." *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A. 2d 783, 792 (N.J. 2005). Therefore, a plaintiff must only "provide a reasonable basis for valuation that is not speculative or unquantified." *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 103 (D.N.J. 2011).

Here, Plaintiff alleges that he purchased a hotel room that he would not have purchased, absent Defendants' deception. Plaintiff's Complaint identifies the advertised cost of the room, allegedly undisclosed or misrepresented costs and taxes, and the final cost stated on the invoice presented after his hotel stay. Complaint, ¶¶ 58-62. As a matter of pleading, the lack of a specifically alleged comparator does not render Plaintiff's loss hypothetical or illusory. In all of the cases to which Defendant cites, the plaintiffs' claims and injuries related to the quality and value of a promised product, not the quality and value of a product actually received.[3] In such cases, the difference in value between them necessarily must be quantified in order to establish loss. In contrast, the present Plaintiff's allegedly defeated expectations relate to the price that he was led to believe that he would pay for the product versus the price ultimately charged, and not

---

[3] Defendants cite to *Mladenov v. Wegmans Food Mkts., Inc.*, 124 F. Supp. 3d 360, 367 (D.N.J. 2015), *Lieberson v. Johnson & Johnson Consumer Cos.*, 865 F. Supp. 2d 529 (D.N.J. 2011), and *Hughes v. Panasonic Consumer Elecs. Co.*, 2011 U.S. Dist. LEXIS 79504 (D.N.J. July 21, 2011). Each of those cases involved allegations that a product purchased – bread in *Mladenoy*, baby products in *Lieberson*, and a television in *Hughes* – did not perform as advertised, or lacked a desired, advertised characteristic.

5

to a deficiency in or misrepresentation about the nature of the product itself. Accordingly, the "value promised/value received" loss construct is inapposite here. For present purposes, and under the applicable standards, Plaintiff's allegations are sufficient to assert a quantifiable loss for CFA purposes.

Third, Defendants suggest that Plaintiff cannot rely on New Jersey law to redress alleged harm that allegedly occurred outside the State of New Jersey. In so doing, Defendants first point to general choice-of-law principles and case law applying those principles in the absence of a contractual choice-of-law provision. Here, however, Plaintiff's Complaint alleges that the website's Terms of Use contain a choice-of-law provision mandating the application of New Jersey law. Complaint, ¶¶1, 73-76. This averment removes the matter from the realm of the general principles on which Defendants rely. Defendants' argument on those grounds is rejected.

Defendants' sole argument against this choice-of-law provision relates to its application to the facts at bar. They contend that the Court should not apply the provision because the Terms of Use provide that New Jersey law will govern "Your use of the Web Site." Defendants argue that the kernel of this case is Plaintiff's hotel reservation at the Shelbourne Grand South Beach hotel in Miami, rather than in Plaintiff's more general "use of the website"; as a result, they suggest, the choice-of-law provisions is inapplicable. This approach, however, too finely slices the facts. Plaintiff's claims are fairly read as arising out of his use of the website, and thus are covered by the Terms of Use and their directive that New Jersey law applies. Defendants offer no authority that would support the proposition that the CFA is unavailable under such circumstances. Given the applicable pleading standards, Plaintiff's claims will not be dismissed on grounds that he is unable to bring a claim under New Jersey law.

## 2. Plaintiff's TCCWNA Claim[4]

### a. Article III Standing

Defendants first challenge Plaintiff's TCCWNA claim on grounds that he lacks Constitutional standing to sue, because they say that he has alleged only a bare procedural violation and not a concrete injury. In response, Plaintiff contends that he has alleged injury to his ability to assert his right to recover damages, and that the alleged TCCWNA is sufficient to support standing.

Recently, in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, __U.S.__, 194 L. Ed. 2d 635 (2016), the Supreme Court addressed the "injury in fact" requirement for Article III standing:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [a plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.... This does not mean, however, that the risk of real harm cannot satisfy the requirement of concreteness.

*Id.* at 1549.

The United States Court of Appeals for the Third Circuit has interpreted *Spokeo* as reiterating traditional notions of standing rather than erecting new barriers. *In re: Horizon Healthcare Servs. Inc. Data Breach Litig.*, No. 15-2309, 2017 U.S. App. LEXIS 1019, at *20 (3d Cir. Jan. 20, 2017). According to those traditional notions, a risk of future injury may support standing if there is a "substantial risk" that the harm will occur. *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 359 (3d Cir. 2015). "In the case of alleged procedural violations, the

---

[4] In addition to the standing arguments addressed in the body of the Opinion, Defendants also contend that Terms of Use are not a "consumer contract" covered by the TCCWNA. This argument need not be addressed at length. At oral argument, Defendants appeared to acknowledge that the website is used to lease or license real property within the meaning of the TCCWNA. They argue, however, that hotel reservations need not be made through the website. Because Plaintiff alleges that he did, in fact, reserve a hotel room through the website, Defendants' argument is inapt.

7

question is "whether the particular procedural violations alleged . . . entail a degree of risk sufficient to meet the concreteness requirement." *Kaymark v. Udren Law Offices, P.C.*, No. 13-419, 2016 U.S. Dist. LEXIS 171061, at *9-12 (W.D. Pa. Dec. 12, 2016)). Therefore, "where Congress confers a procedural right in order to protect a concrete interest, a violation of the procedure may demonstrate a sufficient 'risk of real harm' to the underlying interest to establish concrete injury without 'need [to] allege any additional harm beyond the one Congress has identified.'" *Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. N.Y. 2016) (quoting *Spokeo*, 136 S. Ct. at 1549).

Here, Plaintiff's TCCWNA claim rests on the website's Terms of Use. He avers that consumers who use the website are automatically deemed to agree to the Terms of Use, which contain limitations on Defendants' liability. Complaint, ¶¶73-74. The Complaint alleges that the Terms of Use disclaim liability "for any . . . damages whether arising under contract, warranty, or tort (including negligence) or any theory of liability . . . ." *Id.* at ¶76. Plaintiff alleges that the Terms of Use violate the TCCNWA's provision prohibiting "any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer . . ." N.J.S.A. § 56:12-15. Plaintiff asserts that by precluding certain categories of damages, the Terms of Use violate his right to recover under the CFA, *inter alia*. Complaint, ¶¶80-83.

Assuming that the allegedly violated provision of the TCCWNA is properly characterized as conferring a "procedural right," that right was plainly conferred in order to protect customers' ability to bring suit. The TCCWNA enforces rights drawn from other laws, including the CFA. *See Shelton v. Restaurant.com*, 70 A.3d 544, 558 (N.J. 2013).[5] Plaintiff seeks to vindicate his

---

[5] Indeed, the TCCWNA has been identified as a measure intended to strengthen the CFA. *See* Shelton, 70 A.3d at 558. Plaintiff's CFA claim undermines Defendant's argument that Plaintiff has failed to plead a "clearly established

8

right to recover damages, which embodies interests both concrete and personal to him. The facts alleged encompass the risk that the Terms of Use limitation of liability provision is enforced and the potential harm to Plaintiff's concurrently-asserted rights to legal redress under the CFA. As a result, this case presents more than a bare procedural violation divorced from any concrete harm.

Defendants do not point to any precedent that mandates a contrary conclusion. Defendants cite to three cases in which courts, considering TCCWNA, found Article III standing lacking: *Hecht v. Hertz Corp.*, No 15-1485, 2016 U.S. Dist. LEXIS 145589 (D.N.J. Oct. 20, 2016); *Russell v. Croscill Home, LLC*, No. 16-1190, 2016 U.S. Dist. LEXIS 159787 (D.N.J. Oct. 11, 2016); and *Candelario v. Rip Curl, Inc.*, No. 16-963, 2016 U.S. Dist. LEXIS 163019 (C.D. Cal. Sept. 7, 2016). *Hecht* involved a claim that a website violated the TCCWNA because it failed to specify whether certain provisions of its terms of use applied in New Jersey; the *Croscill* and *Rip Curl* plaintiffs both alleged that websites' terms of use violated the statute because they purported to limit users' rights to legal redress. Unlike in this case, however, the plaintiffs in those cases identified no other underlying legal right or remedy that the website's provisions placed at risk. Instead, in each of these cases, the plaintiff's suit relied solely on an alleged "technical" violation of the TCCWNA -- a quintessential procedural violation, divorced from harm. In contrast, the present case involves a tangible injury, or risk of injury – to Plaintiff's asserted right to redress under the CFA,—in a manner that *Croscill*, Rip Curl, and Hecht did not. In the context of this rather indeterminate point of state law, dismissal of

---

right" as required by the TCCWNA. "New Jersey courts have held that a CFA violation constitutes a violation of a 'clearly established legal right' for TCCWNA purposes." *Wilson v. Kia Motors Am., Inc.*, No. 13-1069, 2015 U.S. Dist. LEXIS 82332, at **10-12 (D.N.J. June 25, 2015) (quoting *Martina v. LA Fitness Int'l, LLC*, No. 12-2063, 2012 U.S. Dist. LEXIS 125209 (D.N.J. Sept. 4, 2012)). Courts have allowed TCCWNA claims to proceed when those claims were based on exculpatory clauses that purported to limit a defendant's liability for violations of non-TCCWNA common law or statutory rights and duties. *See, e.g., Kendall v. CubeSmart L.P.*, No. 15-6098, 2016 U.S. Dist. LEXIS 53668, at **13-16 (D.N.J. Apr. 21, 2016); *Venditto v. Vivint, Inc.*, No. 14-4357, 2014 U.S. Dist. LEXIS 156508, at **21-22 (D.N.J. Nov. 5, 2014).

Plaintiff's claim is not appropriate based upon so slender a thread as that woven by those distinguishable cases.[6] Defendant's Motion will therefore be denied to that extent.

### b. <u>Statutory Standing</u>

Finally, Defendants argue that Plaintiff does not have statutory standing to bring suit under the TCCWNA. In particular, they contend that Plaintiff fails to qualify as an "aggrieved consumer" statutorily empowered to bring a claim. N.J.S.A. § 56:12-17. In so doing, they urge that this Court read the term "aggrieved" to require that Plaintiff has already suffered a particular injury. Plaintiff argues that because he was subjected to a statutory violation, he is "aggrieved."

Although not defined by statute, the term "aggrieved consumer" has been read to include one who is suffering the effects of a violation of the TCCWNA. *See, e.g., Friest v. Luxottica Group S.P.A.*, No. 16-3327, 2016 U.S. Dist. LEXIS 174955, at *26 (D.N.J. Dec. 16, 2016). As the *Friest* court observed, this definition is in line with the one for "aggrieved party" in Black's Law Dictionary, which encompasses "[a] party entitled to a remedy." *Id.* (quoting PARTY, Black's Law Dictionary (10th ed. 2014)). The Court is mindful that "the TCCWNA is a remedial statute, entitled to a broad interpretation to facilitate its stated purpose." *Shelton*, 70 A.3d at 558.

At this juncture, for reasons similar to those stated in relation to Article III standing, Plaintiff's TCCWNA claim will not be dismissed for failure to state a claim on grounds that Plaintiff is not "aggrieved." On November 18, 2016, in *Spade, et al. v. Select Comfort Corp., et al.*, No. 16-1558, and *Wenger, et al. v. Bob's Discount Furniture, LLC*, No. 16-1572, the Third Circuit certified to the New Jersey Supreme Court questions relevant to interpretation of the phrase "aggrieved consumer." Should pertinent authority issue during the pendency of this action, the question may be revisited at that time.

---

[6] Today's discussion is limited to the case at bar and is not intended to suggest that standing is *per se* established because a plaintiff pairs a TCCWNA claim with another claim for relief; likewise, it is not intended to suggest that a TCCWNA claim alone can never confer standing.

10

## III. CONCLUSION

For the foregoing reasons, as to Defendants WHM and WWC, the Court will grant the Motion to Dismiss all claims against them, without prejudice and with leave to amend. With respect to the Motion to Dismiss filed by Defendants WHG and WHR, the Court will deny the Motion, without prejudice to re-assertion of relevant arguments after the conclusion of fact discovery. Defendants may reassert their standing arguments prior to that time, however, should pertinent authority appear on the TCCWNA landscape.

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: February 15, 2017

cc: All counsel of record