IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS LUCA, JR., individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | 2:16-cv-00746 <br><br> Judge Mark R. Hornak |
| v. ) ) | |
| WYNDHAM HOTEL GROUP, LLC, et al., ) ) | |
| Defendants. | |

## DISCOVERY CONFIDENTIALITY ORDER

### Proceedings and Information Governed.

1. This Order and any amendments or modifications hereto ("Confidentiality Order") shall govern any document, information, or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential Information," in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

### Designation and Maintenance of Information.

2. For purposes of this Confidentiality Order:

(a) The "Confidential Information" designation shall mean that the document is comprised of trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Federal Rule of Civil Procedure 26(c)(1)(G), other information required by law or agreement to be kept confidential, or any personal, intimate or otherwise sensitive information regarding any individual.

(b) Confidential Information does not include, and this Confidentiality Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such

information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. Confidential Information may be designated in the following manner.

(a) Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

(b) A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have thirty (30) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information. If no such designation is made at the deposition or within such thirty (30) calendar day period (during which period, the transcript shall be treated as Confidential Information, unless the disclosing party consents otherwise), the entire deposition will be considered devoid of Confidential Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Confidentiality Order.

(c) It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Confidentiality Order.

**Inadvertent Failure to Designate.**

4. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations.**

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have fourteen (14) days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14) day time frame, and after the conference required under Local Rule 37.1, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until

any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6. Information designated as Confidential Information may only be used for purposes of preparation, trial and appeal of this action. The provisions of LCvR 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Confidentiality Order.

7. Subject to paragraph 9 below, Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation; (b) in-house counsel for the receiving party; (c) counsel retained by the receiving party for this action; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks and legal clerks; (e) experts or consultants; (f) any witness who counsel for the receiving party reasonably believes may be called to testify; (g) any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; (h) any mediator the parties engage or the Court appoints; and (i) the Court and its personnel.

8. Counsel shall be responsible for the adherence by experts, consultants, witnesses and third-party vendors to the terms and conditions of this Confidentiality Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit A.

9. Confidential Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the Court and its personnel, and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of the Protected Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

10. The existence of this Confidentiality Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Confidentiality Order.

**Filing Documents With the Court.**

11. In the event that any party wishes to submit Confidential Information to the Court, such party shall follow the procedures prescribed by the Court, including obtaining leave of Court prior to filing any documents under seal.

**No Prejudice.**

12. Producing or receiving confidential information, or otherwise complying with the terms of this Confidentiality Order, shall not (a) operate as an admission by any party that any particular Confidentiality Order contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation.**

13. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Confidentiality Order shall be under an obligation to destroy or return to the producing party all materials and documents containing Protected Information, and to certify to the producing party such destruction or return. However, counsel retained by any party for this action shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Confidentiality Order.

**Other Proceedings.**

14. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Confidentiality Order that may be subject to a motion to disclose another party's information designated as Confidential Information pursuant to this Confidentiality Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

15. It is Ordered by the Court that this Confidentiality Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Confidentiality Order in contempt. All other remedies available to any person(s) injured by a violation of this Confidentiality Order are fully reserved.

16. Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

IT IS, on this 19th day of April, 2017, SO ORDERED.

_____
Mark R. Hornak
United States District Judge

5

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS LUCA JR., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, and WYNDHAM HOTEL MANAGEMENT, INC.,<br><br>Defendants. | Civil No. 2:16-cv-00746 (MRH) |

## CONFIDENTIALITY AGREEMENT

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," as defined in the Confidentiality Order entered in the above-captioned action (hereinafter, "Confidentiality Order"), is being provided to me pursuant to the terms and restrictions of the Confidentiality Order.

I have been given a copy of and have read the Confidentiality Order.

I am familiar with the terms of the Confidentiality Order and I agree to comply with and to be bound by such terms.

I submit to the jurisdiction of this Court for enforcement of the Confidentiality Order.

I agree not to use any Confidential Information disclosed to me pursuant to the Confidentiality Order except for purposes of the above-captioned litigation and not to disclose any such information to persons other than those specifically authorized by said Confidentiality Order, without the express written consent of the party who designated such information as confidential or by order of this Court.

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me. I understand that I am to retain all documents or materials designated as or containing Protected Information in a secure manner, and that all such documents and materials are to remain in my

personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information are to be destroyed or returned to counsel who provided me with such documents and materials.


Signed and agreed to by _____ this ____ day of _____, 20____.


_____

2