# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

THOMAS LUCA JR., individually and on behalf of
all others similarly situated,

               Plaintiff,

         v.

WYNDHAM HOTEL GROUP, LLC, and
WYNDHAM HOTELS AND RESORTS, LLC,

               Defendants.

Civil No. 2:16-cv-00746 (MRH)

### DEFENDANTS' OBJECTIONS AND RESPONSES TO
### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Wyndham Hotel Group, LLC and Wyndham Hotels and Resorts, LLC ("Defendants") object and respond to Plaintiff Thomas Luca, Jr.'s ("Plaintiff") First Set of Requests for Production, dated March 21, 2017 (the "Requests") as follows.  Defendants' responses are made subject to and without waiving the General Objections set forth below as well as the Specific Objections included in each response.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All documents provided to and received from the named Plaintiff in this action.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist.

Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks "all documents," including those not related to resort fees or plaintiff's TCCWNA claim. Defendants further object to this Request insofar as it seeks materials that are already available to Plaintiff.

2.      Documents Sufficient to Identify the total number of transactions where a customer booked a hotel room through Your Websites.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants will not produce documents in response to this Request, but will instead provide a narrative response to this Request that identifies the approximate number of transactions where a customer booked a Wyndham-branded hotel through the Wyndham websites, to the extent such information exists.  This Request is more conducive to a narrative response, and a narrative response will allow Plaintiff to obtain the requested information in a manner that avoids imposing unnecessary burdens, costs, and expenses on Defendants.

Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks documents related to transactions that did not involve a resort fee.  Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks documents related to bookings that did not involve a Wyndham-branded hotel.  Defendants further object to this Request as overbroad and unduly burdensome insofar as it seeks documents related to bookings that were cancelled prior to check-in.

3.      Documents Sufficient to Identify the total number of Persons who booked a hotel room through Your Websites.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants will not produce documents in response to this Request, but will instead provide a narrative response to this Request that identifies the approximate number of persons who booked a Wyndham-branded hotel through the Wyndham websites, to the extent such information exists. This Request is more conducive to a narrative response, and a narrative response will allow

Plaintiff to obtain the requested information in a manner that avoids imposing unnecessary burdens, costs, and expenses on Defendants.

Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks documents related to transactions that did not involve a resort fee.  Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks documents related to bookings that did not involve a Wyndham-branded hotel.  Defendants further object to this Request as overbroad and unduly burdensome insofar as it seeks documents related to bookings that were cancelled prior to check-in.

4.      All versions of the Terms of Use.

**RESPONSE:** Subject to and without waiving their General Objections, Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist.

5.      Documents Sufficient to Identify the total number of transactions where a customer booked a hotel room through Your Websites and where the customer was charged a Resort Fee.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants will not produce documents in response to this Request, but will instead provide a narrative response to this Request that identifies the approximate number of transactions where a customer booked a Wyndham-branded hotel through the Wyndham websites and was charged a resort fee, to the extent such information exists.  This Request is more conducive to a narrative response, and a narrative response will allow Plaintiff to obtain the requested information in a manner that avoids imposing unnecessary burdens, costs, and expenses on Defendants.

Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks documents related to bookings that did not involve a Wyndham-branded hotel.  Defendants further object to this Request as overbroad and unduly burdensome insofar as it seeks documents related to bookings that were cancelled prior to check-in.

6.      Documents Sufficient to Identify the total number of Persons who were charged Resort Fees as a result of booking through Your Websites.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants will not produce documents in response to this Request, but will instead provide a narrative response to this Request that identifies the approximate number of persons who booked a Wyndham-branded hotel through the Wyndham websites and were charged a resort fee, to the extent such information exists.  This Request is more conducive to a narrative response, and a narrative response will allow Plaintiff to obtain the requested information in a manner that avoids imposing unnecessary burdens, costs, and expenses on Defendants.

Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks documents related to bookings that did not involve a Wyndham-branded hotel.  Defendants further object to this Request as overbroad and unduly burdensome insofar as it seeks documents related to bookings that were cancelled prior to check-in.

7.      For the transactions where a customer booked a hotel room through Your Websites and where the customer was charged a Resort Fee, Documents Sufficient to Identify the total amount (in US Dollars) of: 1) Resort Fees charged to customers; and 2) tax applied to the Resort Fees.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants will not produce documents in response to this Request, but will instead provide a

narrative response to this Request that identifies the approximate amount of resort fees charged by Wyndham-branded hotels for bookings made through the Wyndham websites, to the extent such information exists.  This Request is more conducive to a narrative response, and a narrative response will allow Plaintiff to obtain the requested information in a manner that avoids imposing unnecessary burdens, costs, and expenses on Defendants.

Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks documents related to bookings that did not involve a Wyndham-branded hotel.  Defendants further object to this Request as overbroad and unduly burdensome insofar as it seeks documents related to bookings that were cancelled prior to check-in.  Defendants further object to this Request as overbroad and unduly burdensome insofar as it purports to require Defendants to calculate and apply the appropriate state and municipal tax rates in effect during different time periods for different hotels in different jurisdictions.

8.     All versions of Your Websites, including all versions of the Landing Page, List Room Rates Page, Check-Out and Confirmation of Your Websites.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist.

Defendants object to this Request as overbroad and unduly burdensome.  Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Defendants further object to this Request because the terms "Landing Page," "List Room Rates Page," "Check-Out Page," and "Confirmation Page" are vague, ambiguous, and undefined.

9.     All Documents and Communications concerning how the amount of a Resort Fee is determined.

**RESPONSE:** Defendants object to this Request as overbroad and unduly burdensome. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Defendants object to the phrase "how the amount of a Resort Fee is determined" as vague and ambiguous.  Defendants further object to this Request on the grounds that it is premature and irrelevant because it seeks discovery unrelated to the class certification issues currently pending before the Court.

10.     All Documents and Communications concerning the purpose of Resort Fees.

**RESPONSE:** Defendants object to this Request as overbroad and unduly burdensome. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Defendants object to the phrase "how the amount of a Resort Fee is determined" as vague and ambiguous.  Defendants further object to this Request on the grounds that it is premature and irrelevant because it seeks discovery unrelated to the class certification issues currently pending before the Court.

11.     Documents Sufficient to Identify which of Your Hotels charged a Resort Fee, the time frames during which the Resort Fee was charged, and the amount the Hotels charged for the Resort Fee.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants will not produce documents in response to this Request, but will instead provide a narrative response to this Request that identifies the Wyndham-branded hotels that charged a

resort fee, the time frame during which each resort fee was charged, and the amount of each resort fee, to the extent such information exists.  This Request is more conducive to a narrative response, and a narrative response will allow Plaintiff to obtain the requested information in a manner that avoids imposing unnecessary burdens, costs, and expenses on Defendants.

Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks documents not related to Wyndham-branded hotels.  Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.

12.    All Documents and Communications concerning Your decision to advertise and/or the purpose of advertising on Your Websites nightly room rates and Resort Fees separately.

**RESPONSE:** Defendants object to this Request as overbroad and unduly burdensome. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Defendants further object to the phrases "decision to advertise" and "purpose of advertising" as vague and ambiguous.  Defendants further object to the premise of this Request and state that any applicable resort fees and the government taxes thereon are clearly disclosed on Defendants' websites.  Defendants further object to this Request on the grounds that it is premature and irrelevant because it seeks discovery unrelated to the class certification issues currently pending before the Court.

13.    All Documents and Communications concerning Your decision to exclude and/or the purpose of excluding any reference to the Resort Fee on the List Page.

**RESPONSE:** Defendants object to this Request as overbroad and unduly burdensome. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Defendants further object to the term "List Page" as vague and ambiguous.  Defendants further object to the premise of this Request and state that any applicable resort fees and the government taxes thereon are clearly disclosed on Defendants' websites.  Defendants further object to this Request on the grounds that it is premature and irrelevant because it seeks discovery unrelated to the class certification issues currently pending before the Court.

14.    All Documents and Communications concerning Your decision to exclude and/or the purpose of excluding any reference to the Resort Fee on the Room Rates Page.

**RESPONSE:** Defendants object to this Request as overbroad and unduly burdensome. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Defendants further object to the term "Room Rates Page" as vague and ambiguous.  Defendants further object to the premise of this Request and state that any applicable resort fees and the government taxes thereon are clearly disclosed on Defendants' websites.  Defendants further object to this Request on the grounds that it is premature and irrelevant because it seeks discovery unrelated to the class certification issues currently pending before the Court.

15.    All Documents and Communications concerning Your decision to place and/or the purpose of placing a reference to the Resort Fee in a hyperlink on the Room Rates Page.

**RESPONSE:** Defendants object to this Request as overbroad and unduly burdensome. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Defendants further object to the term "Room Rates Page" and the phrases "decision to place" and "purpose of placing" as vague and ambiguous. Defendants further object to the premise of this Request and state that any applicable resort fees and the government taxes thereon are clearly disclosed on Defendants' websites.  Defendants further object to this Request on the grounds that it is premature and irrelevant because it seeks discovery unrelated to the class certification issues currently pending before the Court.

16.     All web traffic data or summaries of such data concerning the number of visitors to Websites who clicked on the Resort Fee hyperlink on the Room Rates Page.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist.

Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks documents not related to Wyndham-branded hotels.  Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Defendants further object to this Request as overbroad and unduly burdensome insofar as it seeks "all" web traffic data or summaries of such data.  Defendants further object to the terms "Resort Fee hyperlink" and "Room Rates Page" as vague and ambiguous.

17.     All Documents and Communications concerning Your decision to place and/or the purpose of placing a reference to the Resort Fee in the upper right-hand corner of the Check-Out and Confirmation Pages.

**RESPONSE:** Defendants object to this Request as overbroad and unduly burdensome. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Defendants further object to the term "Check-Out and Confirmation Pages" as vague and ambiguous.  Defendants further object to the premise of this Request and state that any applicable resort fees and the government taxes thereon are clearly disclosed on Defendants' websites.  Defendants further object to this Request on the grounds that it is premature and irrelevant because it seeks discovery unrelated to the class certification issues currently pending before the Court.

18.     All web traffic data or summaries of such data concerning the number of visitors to Your Websites who clicked on the Resort Fee hyperlink on the Check-Out and Confirmation Pages.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist.

Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks documents not related to Wyndham-branded hotels.  Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Defendants further object to this Request as overbroad and unduly burdensome

insofar as it seeks "all" web traffic data or summaries of such data.  Defendants further object to the terms "Resort Fee hyperlink" and "Checkout and Confirmation Pages" as vague and ambiguous.

19.    All Documents and Communications concerning Your decision to include and/or the purpose of including the Resort Fee as part of the "Tax" amount on the Check-Out and Confirmation Pages.

**RESPONSE:** Defendants object to this Request as overbroad and unduly burdensome. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Defendants further object to the term "Check-Out and Confirmation Pages" and the phrases "decision to include" and "purpose of including" as vague and ambiguous.  Defendants further object to the premise of this Request and state that any applicable resort fees and the government taxes thereon are clearly disclosed on Defendants' websites.  Defendants further object to this Request on the grounds that it is premature and irrelevant because it seeks discovery unrelated to the class certification issues currently pending before the Court.

20.    All Documents and Communications concerning Your decision to include and/or the purpose of including tax calculations on nightly room rates, but excluding tax calculations on Resort Fees, in the "Tax" and "Total for Stay" amounts on the Check-Out and Confirmation Pages.

**RESPONSE:** Defendants object to this Request as overbroad and unduly burdensome. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive

documents outweighs its likely benefit. Defendants further object to the term "Check-Out and Confirmation Pages" and the phrases "decision to include" and "purpose of including" as vague and ambiguous. Defendants further object to the premise of this Request and state that any applicable resort fees and the government taxes thereon are clearly disclosed on Defendants' websites. Defendants further object to this Request on the grounds that it is premature and irrelevant because it seeks discovery unrelated to the class certification issues currently pending before the Court.

21.     All Documents and Communications concerning Your decision to exclude and/or the purpose of excluding from Your Websites any itemized breakdown of the taxes charged on Resort Fees.

**RESPONSE:** Defendants object to this Request as overbroad and unduly burdensome. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit. Defendants further object to the phrases "decision to exclude," "purpose of excluding," and "itemized breakdown" as vague and ambiguous. Defendants further object to the premise of this Request and state that any applicable resort fees and the government taxes thereon are clearly disclosed on Defendants' websites. Defendants further object to this Request on the grounds that it is premature and irrelevant because it seeks discovery unrelated to the class certification issues currently pending before the Court.

22.     All Documents and Communications concerning Your decision to exclude and/or the purpose of excluding any itemized breakdown like the Information Invoice that Plaintiff referenced in his Complaint and that Plaintiff received after staying at Your hotel.

**RESPONSE:** Defendants object to this Request as overbroad and unduly burdensome. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Defendants further object to the term "Information Invoice" and the phrases "decision to exclude," "purpose of excluding," and "itemized breakdown" as vague and ambiguous.  Defendants further object to the premise of this Request and state that any applicable resort fees and the government taxes thereon are clearly disclosed on Defendants' websites.  Defendants further object to this Request on the grounds that it is premature and irrelevant because it seeks discovery unrelated to the class certification issues currently pending before the Court.

23.     All Documents and Communications concerning the design and layout of Your Websites, including the design and layout of the Landing Page, List Page, Room Rates Page, Check-Out Page and Confirmation Page.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist.

Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Defendants further object to this Request as overbroad and unduly burdensome insofar as it seeks "All Documents and Communications," including those unrelated to resort fees.  Defendants further object to the terms "design," "layout," "Landing Page," "List Page," "Room rates Page," "Check-Out Page," and "Confirmation Page" as vague and ambiguous.

24.     All Documents and Communications concerning the price representations, breakdowns, advertising, marketing, strategies and/or techniques employed and utilized on Your Websites.

**RESPONSE:** Defendants object to this Request as overbroad and unduly burdensome. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.   Defendants further object to the terms "price representations," "breakdowns," "advertising," "marketing," "strategies," and "techniques" as vague and ambiguous.   Defendants further object to this Request on the grounds that it is premature and irrelevant because it seeks discovery unrelated to the class certification issues currently pending before the Court.

25.     All Documents You relied on, including but not limited to, any study, report, research, evaluation, assessment, analysis, and/or similar documents, concerning consumer behavior, psychology, or decision making concerning the employment and utilization of Resort Fees, and/or other similar Drip Price advertisement, marketing and pricing strategies or techniques.

**RESPONSE:** Defendants object to this Request as overbroad and unduly burdensome. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Defendants further object to the term "Drip Pricing" and the phrase "advertisement, marketing and pricing strategies or techniques" as vague and ambiguous.   Defendants further object to the premise of this Request and state that any applicable resort fees and the government taxes thereon are clearly disclosed on Defendants'

websites. Defendants further object to this Request on the grounds that it is premature and irrelevant because it seeks discovery unrelated to the class certification issues currently pending before the Court.

26. All Documents You provided to any state, federal, or local governmental entity, including the Federal Trade Commission ("FTC"), concerning the pricing, marketing, and/or advertising on Your Websites.

**RESPONSE:** Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks documents not related to Wyndham-branded hotels. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit. Defendants further object to this Request as overbroad and unduly burdensome insofar as it seeks "All Documents," including those unrelated to resort fees. Defendants further object to this Request on the grounds that it is premature and irrelevant because it seeks discovery unrelated to the class certification issues currently pending before the Court.

27. Copies of any complaints from consumers, consumer organizations, or nongovernmental entities concerning the pricing, marketing, and/or advertising on Your Website.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants will produce non-privileged documents responsive to this request, to the extent such documents exist.

Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks documents not related to the disclosure of resort fees. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the

burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit. Defendants further object to the terms "consumer organizations," "nongovernmental entities," "pricing," "marketing" and "advertising" as vague and ambiguous.

28.     Documents Sufficient to understand the customer information captured or collected when customers book hotel rooms through Your Websites.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist.

Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks information not related to resort fees. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit. Defendants further object to the terms "customer information," "captured," and "collected" as vague and ambiguous.

29.     Organizational charts of the departments, divisions, and groups that are responsible for the pricing, marketing and/or advertising contained on Your Websites.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants will produce non-privileged documents responsive to this request, to the extent such documents exist.

Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks information not related to resort fees. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.

Defendants further object to the terms "pricing," "marketing" and "advertising" as vague and ambiguous.

30.     Organizational charts of the departments, divisions, and groups that are responsible for the setting of Resort Fees.

**RESPONSE:**   Subject to and without waiving their general and Specific Objections, Defendants state that the majority of Wyndham-branded hotels that charge resort fees are franchised properties, and neither Defendants nor their subsidiaries own or operate those properties.  The decisions regarding whether to charge a resort fee at those properties and, if so, the amount of the resort fee, rest with the individual hotel owners.  For these reasons, there is no single person or group of people who is "responsible for the setting of Resort Fees" at Wyndham-branded hotels.

Defendants object to this Request as overbroad and unduly burdensome.  Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Defendants further objects to the phrase "responsible for the setting of Resort Fees" as vague and ambiguous.

31.     Organizational charts of the departments, divisions, and groups with knowledge of the annual sales numbers of hotel rooms booked using Your Websites.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants will produce non-privileged documents responsive to this request, to the extent such documents exist.

Defendants object to this Request as overbroad and unduly burdensome.  Defendants further object to this Request because it seeks discovery that is not proportional to the needs of

the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Defendants further object to the phrase "annual sales numbers of hotel rooms" as vague and ambiguous.

32.    All charters, articles of incorporation, or other documents reflecting Your corporate structure, including its corporate or financial relationship with any parent companies or other entities.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants will produce their articles of incorporation and documents sufficient to show their corporate structure.

Defendants object to this Request as overbroad and unduly burdensome insofar as it seeks "all" charters, article of incorporation, or other documents reflecting Defendants' corporate structure.  Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Defendants further object to this Request on the grounds that it is premature and irrelevant because it seeks discovery unrelated to the class certification issues currently pending before the Court.

33.    A copy of any correspondence with any insurance carrier concerning acceptance or rejection of coverage of claims made in this action.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants state that they will comply with their obligation under Federal Rule of Civil Procedure 26(a)(1)(A)(iv) to provide any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

Defendants object to this Request as overbroad and unduly burdensome.  Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.

34.     A copy of all insurance policies and accompanying documents which could be used to satisfy any claim in this action.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants state that they will comply with their obligation under Federal Rule of Civil Procedure 26(a)(1)(A)(iv) to provide any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

Defendants object to this Request as overbroad and unduly burdensome.  Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.

35.     All Documents and Communications relied on or identified in response to any answer to Plaintiff's First Set of Interrogatories.

**RESPONSE:** Subject to and without waiving their General Objections, Defendants will produced non-privileged documents relied on or identified in response to their answers to Plaintiff's First Set of Interrogatories, except for Interrogatory Nos. 2, 3, 4, 5, 6, and 7, which mirror Request Nos. 2, 3, 5, 6, 7, and 11, respectively, for which Defendants will provide a narrative response in lieu of producing documents.

36.     All documents that support, refer, or relate to any of Your affirmative defenses.

**RESPONSE:** Subject to and without waiving their General and Specific Objections, Defendants will produced non-privileged documents that support their affirmative defenses and are relevant to class certification issues, to the extent such documents exist.

Defendants object to this Request as overbroad and unduly burdensome. Defendants further object to this Request on the grounds that it is premature and irrelevant because it seeks discovery unrelated to the class certification issues currently pending before the Court.

37.     All policies and procedures regarding the retention or destruction of documents.

**RESPONSE:** Defendants object to this Request as overbroad, unduly burdensome, and irrelevant. Defendants further object to this Request because it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.

## <u>GENERAL OBJECTIONS</u>

1.     Defendants object to the Requests, including, the instructions and definitions, to the extent they purport to impose on Defendants obligations beyond those established by the Federal Rules of Civil Procedure, applicable Local Rules or orders of the Court. In searching for documents responsive to the above requests, Defendants will conduct a reasonable search for responsive documents in the files and/or locations that are most likely to contain responsive information. Defendants object to these Requests to the extent they purport to require more. Defendants also anticipate that they will employ generally accepted techniques, including those referenced in the parties' Stipulated Order Regarding Discovery of Electronically Stored Information, to identify responsive documents while reducing burdens to the extent possible. For example, Defendants will use search terms to narrow the set of documents that must be reviewed for responsiveness and privilege. Defendants also will restrict their search for

responsive documents to those custodians and/or files that are reasonably most likely to possess responsive information.

2.      Defendants object to these Requests insofar as they seek production of responsive documents within thirty days of service of the Requests.  Subject to and without waiving their General and Specific Objections, Defendants will make rolling productions of responsive, non-privileged documents as it identifies such documents following a reasonable search.

3.      Defendants will produce documents in such manner and format as required by the Federal Rules of Civil Procedure, applicable Local Rules, and the agreed-upon ESI Order entered by the Court.

4.      Defendants object to these Requests to the extent they seek the disclosure of information, documents, or communications protected by the attorney-client privilege, the work product exemption from discovery, and/or any other applicable constitutional, statutory, or common law privilege.  No privileged information, document, or communication will be provided in response to these Requests.  By responding to any particular Request, Defendants do not intend to nor do they waive any applicable privilege that they may have, and Defendants specifically intend to assert the same.

5.      Defendants further object to these Requests as overbroad and unduly burdensome insofar as they seek information about hotels other than Wyndham-branded hotels.

6.      Inadvertent production of any document which is confidential, contains confidential information, is privileged, or was prepared in anticipation of litigation shall not constitute waiver of any privilege or of any other ground for objection of discovery of such document, the information contained therein, or the subject matter thereof, or of Defendants' right to object to the use of that document or the information contained therein.

7.     Defendants object to the Requests to the extent that they seek documents not relevant to the claims or defenses in this matter or outside the relevant time period.

8.     Defendants object to the Requests to the extent they request documents or seek information already in the possession of Plaintiff or that are equally accessible to Plaintiff.

9.     Defendants object to the Requests as overly broad and unduly burdensome to the extent they request information that is published, publicly available or otherwise generally accessible to all parties.

10.     Defendants object to the Requests to the extent they presume facts.   Defendants submit these responses and objections without waiver of any right to object to any requested discovery, and without affirming any conclusory or argumentative statements made by Plaintiff in these Requests.  In providing responses and objections to these Requests, Defendants do not waive, and expressly reserves, all objections as to competency, relevancy, materiality, and admissibility of the responses or subject matter thereof as well as all objections to any other discovery requests in this or any other proceeding.

11.     Defendants object to these Requests to the extent they request Defendants to provide information not in their possession, custody, or control.  Any such request is overly broad and unduly burdensome and inconsistent with, and imposes obligations beyond, the obligations required under the Federal Rules of Civil Procedure.  Defendants do not intend to search for or produce documents or information that are in the possession of any third party as such discovery would be "unreasonably cumulative or duplicative."  Fed. R. Civ. P. 26(b)(2). Defendants will only provide information that is in their possession, custody, or control.

12.     Defendants object to the Requests as overly broad and unduly burdensome and imposes obligations beyond the obligations required under the Federal Rules of Civil Procedure

to the extent they seek information that is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Defendants do not intend to search for or produce documents or information that where "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

13. Defendants object to these Requests to the extent they purport to require the use of unreasonably burdensome or expensive data recovery processes to identify "all" documents or things requested. In searching for responsive materials, Defendants are conducting and will continue to conduct a reasonable search of their records, in the places where information, documents, or other materials responsive to these Requests are most likely to be found.

14. Defendants specify that their responses are based upon the knowledge, information, and belief that they has acquired to the present date, and upon the present state of their preparation in connection with this action. These responses and objections, and any subsequent document production are, therefore, subject to change. Pursuant to the applicable provisions of the Federal Rules of Civil Procedure and any other applicable rules, Defendants reserve their right to amend these responses, assert additional objections, and supplement any subsequent document production as they completes their review and analysis in response to these Requests.

15. To the extent Defendants respond to a Request, they do not admit to Plaintiff's characterizations of any documents, facts, theories, or conclusions.

16. Any response by Defendants that they will produce documents responsive to any Request should not be construed as meaning that documents responsive to that Request exist.

## OBJECTIONS TO DEFINITIONS

Defendants assert these Objections to Definitions with respect to each Topic propounded by Plaintiff.  Any responses to Topics shall be subject to and without waiver of these Objections.

1. Defendants object to the definition of "Check-Out Page" as vague, ambiguous, and undefined.

2. Defendants object to the definition of "Confirmation Page" as vague, ambiguous, and undefined.

3. Defendants object to the definition of "Landing Page" as vague, ambiguous, and undefined.

4. Defendants object to the definition of "List Page" as vague, ambiguous, and undefined.

5. Defendants object to the definition of "Room Rates Page" as vague, ambiguous, and undefined.

6. Defendants object to the definition of "You" and "Your" to the extent it seeks to include individuals and entities other than Wyndham Hotel Group, LLC and Wyndham Hotels and Resorts, LLC.  Defendants object to the term "Your Hotel" as vague and ambiguous.  In their responses, Defendants interpret "Your Hotel" to mean any Wyndham-branded hotel, which means any hotel any hotel operating under the brand names: "Wyndham Grand," "Wyndham," or "Wyndham Garden."  Defendants further object to this Definition to the extent that it purports to impose on Defendants the obligation to provide documents or information not within the possession, custody, or control of Defendants.  Defendants further object to this Definition to the extent it seeks to impose upon Defendants obligations beyond those required by the Federal

Rules of Civil Procedure, Local Rules, other applicable rules, or applicable precedent or court orders.

Dated: July 31, 2017

/s/ K. Winn Allen

Eugene F. Assaf, P.C.
K. Winn Allen
Ronald K. Anguas, Jr.
Zachary A. Avallone
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW
Washington, DC  20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
winn.allen@kirkland.com

*Counsel for Wyndham Hotel Group, LLC, and Wyndham Hotels and Resorts, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 31, 2017, a true and correct copy of the foregoing Defendants'

Responses to Plaintiff's First Set of Requests for Production was served by e-mail on the

following counsel for Plaintiff Thomas Luca, Jr.:

Gary F. Lynch
glynch@carlsonlynch.com
R. Bruce Carlson
bcarlson@carlsonlynch.com
Jamisen A. Etzel
jetzel@carlsonlynch.com
Kevin Abramowicz
kabramowicz@carlsonlynch.com
CARLSON LYNCH SWEET KILPELA
& CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

Joseph J. DePalma
jdepalma@litedepalma.com
LITE DEPALMA GREENBERG LLC
570 Broad Street, Suite 1201
Newark, NJ 07102

Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
LITE DEPALMA GREENBERG LLC
211 W. Wacker Drive, Suite 500
Chicago, IL 60606

Joseph P. Guglielmo
jguglielmo@scott-scott.com
Erin Green Comite
ecomite@scott-scott.com
SCOTT+SCOTT, ATTORNEYS
AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169


*/s/ K. Winn Allen*
K. Winn Allen
Counsel for Defendants