# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS LUCA JR., individually and on behalf of
all others similarly situated,

                    Plaintiff,

        v.

WYNDHAM HOTEL GROUP, LLC,  and
WYNDHAM HOTELS AND RESORTS, LLC,

                    Defendants.

Civil No. 2:16-cv-00746 (MRH)

Electronically Filed and Served

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
# OR, IN THE ALTERNATIVE,  FOR RECONSIDERATION OF
# THE COURT'S FEBRUARY 15, 2017 ORDER

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ........................................................................................................... 1

BACKGROUND ........................................................................................................... 3

STANDARD OF REVIEW ........................................................................................... 4

ARGUMENT ................................................................................................................. 5

I.  The New Jersey Supreme Court In *Spade* Made Clear That An "Aggrieved Consumer" Must Suffer Actual Injury From An Alleged TCCWNA Violation. ............... 6

II.  Plaintiff Is Not An "Aggrieved Consumer" And Lacks Standing To Pursue His TCCWNA Claim Because He Does Not Allege Any Harm From The Terms Of Use. ................................................................................................................................ 7

III.  Plaintiff Cannot Use His CFA Claim To Create Standing Under The TCCWNA. ............ 9

    A.  Plaintiff Has Not Been "Aggrieved" By The Terms Of Use Because The Challenged Provisions Do Not Apply To His Claims. ........................................ 10

    B.  Plaintiff Is Not "Aggrieved" Because The Challenged Provisions In The Terms Of Use Are Proper And Enforceable Under Settled New Jersey Law. ..... 13

CONCLUSION .............................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................................5

*Berry v. V. Ponte & Sons*,
  400 A.2d 114 (N.J. App. Div. 1979).............................................................................15

*Cox v. Sears Roebuck & Co.*,
  647 A.2d 454 (N.J. 1994)..............................................................................................11

*D'Agostino v. Appliances Buy Phone, Inc.*,
  2015 WL 10434721 (N.J. App. Div. Mar. 8, 2016)................................................14, 15

*Dugan v. TGI Fridays, Inc.*,
  171 A.3d 620 (N.J. 2017)................................................................................................8

*Great W. Mortg. Corp. v. Peacock*,
  110 F.3d 222 (3d Cir. 1997)..........................................................................................14

*Herz v. 141 Bloomfield Ave. Corp.*,
  2015 WL 2465027 (N.J. App. Div. June 1, 2015) ........................................................11

*Marbro, Inc. v. Borough of Tinton Falls*,
  688 A.2d 159 (N.J. Law Div. 1996) ..............................................................................14

*Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*,
  176 F.3d 669 (3d Cir. 1999)............................................................................................5

*Olefins Trading, Inc. v. Han Yang Chem Corp.*,
  9 F.3d 282 (3d Cir. 1993)..............................................................................................11

*Saber Sols., Inc. v. Protech Sols., Inc.*,
  2009 WL 3128950 (D.N.J. Sept. 25, 2009) ..................................................................15

*Serpa v. N.J. Transit*,
  951 A.2d 208 (N.J. App. Div. 2008)..............................................................................15

*Snyder v. Daugherty*,
  899 F. Supp. 2d 391 (W.D. Pa. 2012).............................................................................4

*Spade v. Select Comfort Corp.*,
  2018 WL 1790394 (N.J. Apr. 16, 2018) ...........................................1, 2, 4–8, 13

*Stelluti v. Casapenn Enters., LLC,*
    1 A.3d 678 (N.J. 2010).................................................................................................14, 15

**Statutes**

N.J.S.A. 2A:15-5.10.................................................................................................................11

N.J.S.A. 2A:15-5.11.................................................................................................................11

N.J.S.A. 2A:15-5.12.................................................................................................................11

**Other Authorities**

Restatement (Second) of Contracts § 351................................................................................11

# INTRODUCTION

In this putative class action lawsuit, plaintiff claims that certain provisions of Wyndham's website Terms of Use violate the New Jersey Truth in Consumer Contract, Warranty, and Notice Act ("TCCWNA").  New authority from the Supreme Court of New Jersey, however, makes clear that plaintiff's TCCWNA claim suffers from a fatal threshold deficiency: Because plaintiff has not been injured by the terms he purports to challenge, he lacks statutory standing to press that claim any further.  This Court should thus dismiss plaintiff's TCCWNA claim on the pleadings.

Wyndham originally pressed its statutory standing argument in its motion to dismiss. Although the Court denied that motion, the Court also expressly stated that Wyndham could "reassert" its standing arguments "should pertinent authority appear on the TCCWNA landscape." 2/15/17 Op. (ECF # 43) ("Op.") at 11.  The Court specifically identified the then-pending case of *Spade v. Select Comfort Corp.* as being "relevant to interpretation of the phrase 'aggrieved consumer [in the TCCWNA]'" and contemplated that the case may be decided "during the pendency of this action."  *Id.* at 10.  That time has now come.  On April 16, 2018, the New Jersey Supreme Court issued its opinion in *Spade*, which makes clear beyond any doubt that plaintiff's TCCWNA claim in this case should be dismissed.

*Spade* holds that a plaintiff has statutory standing under the TCCWNA only if he "has suffered some form of harm" or "adverse consequences . . . as a result of the defendant's conduct." *Spade v. Select Comfort Corp.*, 2018 WL 1790394, at *9–11 (N.J. Apr. 16, 2018).  That holding conflicts directly and irreconcilably with plaintiff's prior arguments in this case, in which plaintiff argued that "the TCCWNA's substantive provisions belie any notion that actual injury is necessary."  Pl.'s Mem. in Opp'n to Mot. to Dismiss (ECF # 25) ("Opp'n") at 18.  In fact, *Spade* expressly "distinguishes consumers who have suffered harm because of a violation of [the TCCWNA]," who have standing, "from those who have merely been exposed to unlawful

1

language in a contract or writing, to no effect," who do not. *Spade*, 2018 WL 1790394, at *10. The plaintiff in this case clearly falls into the latter category. His TCCWNA claim is based on purportedly unlawful provisions contained in the Terms of Use on Wyndham's websites, but he has not identified (and cannot identify) any "harm" or other "adverse consequences" that he has suffered from those terms. The Terms of Use have not caused him any monetary loss, have not inflicted any non-monetary injury on him, and have not constrained him from enforcing any rights. Thus, like the consumers in *Spade*, plaintiff does not have statutory standing to assert a TCCWNA claim.

Although he has suffered no actual injury from the Terms of Use, plaintiff has at times argued for standing by speculating that Wyndham may, at some unspecified point in the future, rely on the challenged provisions to somehow limit his recovery on his separately asserted Consumer Fraud Act ("CFA") claim. But that is nothing more than gamesmanship designed to artificially create standing where none exists. Wyndham ***has not argued*** that the terms plaintiff challenges limit his ability to recover under the CFA. That is so for a simple reason: By their plain language, those terms ***do not apply to plaintiff's CFA claim as alleged.*** Rather, the challenged terms simply limit certain categories of damages that are not at issue in this case and require parties to indemnify Wyndham if their use of the website causes harm to a third party (something also not at issue in this case). The challenged terms are all valid and enforceable under New Jersey law, but the more relevant point is that those terms do not purport to limit plaintiff's CFA recovery, and thus plaintiff lacks standing to bring a TCCWNA claim.

Plaintiff's contrary arguments are truly perplexing: Plaintiff is arguing, against his own self-interest, that contractual damages limitations and an indemnification clause apply to his CFA claim even though Wyndham is not asserting those provisions and even though those provisions

by their plain terms do not apply.  There is no plausible reason plaintiff would make such a curious argument *other than* as part of a pretextual effort to bootstrap standing under the TCCWNA where no standing otherwise exists.  This Court should see that effort for what it is and dismiss plaintiff's TCCWNA claim for lack of standing under *Spade*.

## BACKGROUND

Defendants Wyndham Hotel Group, LLC, and Wyndham Hotels and Resorts, LLC (collectively, "Wyndham") operate two websites—www.wyndhamhotelgroup.com and www.wyndham.com—with virtually identical Terms of Use.  *See* V. Krul Decl. (ECF # 20-1) ¶¶ 5–6 & Exs. A–B.  Plaintiff does not claim to have read the Terms of Use on either website; nor does he allege that the terms he challenges have deterred him from exercising his legal rights or harmed him in any way.  Plaintiff nevertheless claims that he is entitled to recover under the TCCWNA because, when he used www.wyndham.com to book a stay at the Shelborne Wyndham Grand South Beach, he agreed to allegedly unlawful provisions in the Terms of Use.  *See* Compl. ¶¶ 9–11, 73–89, 108–17.  In other words, plaintiff claims that he is entitled to pursue a remedy under the TCCWNA not because he has suffered any actual harm or adverse consequences as a result of the Terms of Use, but because of their mere presence on the Wyndham websites.

On August 15, 2016, Wyndham moved to dismiss plaintiff's TCCWNA claim, arguing, *inter alia*, that plaintiff has suffered no "actual harm or damages" and is therefore not an "aggrieved consumer" entitled to a remedy under the TCCWNA.  *See* Defs.' Mem. in Supp. of Mot. to Dismiss (ECF # 20) at 18–20.  Plaintiff, on the other hand, maintained that he was "aggrieved" within the meaning of the statute merely because the Terms of Use contain terms (that he never alleges he ever read or saw prior to booking his hotel room) that purportedly violate statutory and common law.  *See* Opp'n at 17–19 ("[T]he TCCWNA's substantive provisions belie any notion that actual injury is necessary.").

On February 15, 2017, this Court denied Wyndham's motion to dismiss plaintiff's TCCWNA claim "without prejudice to Defendants to reassert their arguments at a later stage" and with leave for Defendants to "reassert their standing arguments . . . should pertinent authority appear on the TCCWNA landscape."  Op. at 11.  The Court recognized that such "pertinent authority [may] issue during the pendency of this action," because "[o]n November 18, 2016, in *Spade, et al. v. Select Comfort Corp., et al.*, No. 16-1558, and *Wenger, et al. v. Bob's Discount Furniture, LLC*, No. 16-1572, the Third Circuit certified to the New Jersey Supreme Court questions relevant to interpretation of the phrase 'aggrieved consumer.'"  *Id.* at 10.

*Spade* and *Wenger*, consolidated for purposes of certification to the New Jersey Supreme Court, are both putative class actions brought under the TCCWNA for alleged violations of state regulations concerning the content of sales orders for the delivery of household furniture.  *Spade*, 2018 WL 1790394, at *3.  The Third Circuit certified the question of whether "a consumer who receives a contract that does not comply with the Furniture Delivery Regulations, but has not suffered any adverse consequences from the noncompliance, is an 'aggrieved consumer' under the TCCWNA."[1]  *Id.*  On April 16, 2018, a unanimous New Jersey Supreme Court answered that question in the negative, holding that "a consumer who receives a contract that includes [prohibited language], but who suffers no monetary or other harm as a result of that noncompliance, is not an 'aggrieved consumer' entitled to a remedy under the TCCWNA."  *Id.*

## STANDARD OF REVIEW

"[A] district court applies the same standard to a [motion for] judgment on the pleadings as a motion to dismiss pursuant to Rule 12(b)(6)."  *Snyder v. Daugherty*, 899 F. Supp. 2d 391, 400

---

[1]  The Third Circuit also certified a separate question regarding whether the violation of state regulations concerning furniture delivery constitutes a violation of a clearly established legal right for purposes of the TCCWNA.  *Spade*, 2018 WL 1790394, at *3.

4

(W.D. Pa. 2012).  To survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  It is well settled that an "intervening change in controlling law" is a common ground to reconsider a prior order.  *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999).

## ARGUMENT

The New Jersey Supreme Court's unanimous decision in *Spade* confirms that a plaintiff who has "merely been exposed to [allegedly] unlawful language in a contract or writing, to no effect," is not an "aggrieved consumer" for purposes of the TCCWNA.  *Spade*, 2018 WL 1790394, at \*11.  Yet that is plaintiff's precise theory of recovery here.  Plaintiff does not claim that he has suffered any harm from the website Terms of Use, does not allege that the terms deterred him from exercising his legal rights in any way, and does not assert that he has ever even read the terms.  Nevertheless, plaintiff claims that he is entitled to recover under the TCCWNA because he was exposed to allegedly unlawful language in the Terms of Use when he booked a hotel stay using www.wyndham.com.  *See* Opp'n at 18.  But *Spade* makes clear that this amorphous conception of standing is not enough.  Instead, a plaintiff must "show that he or she has suffered harm . . . as a result of a violation of [the TCCWNA], in order for that consumer to constitute an 'aggrieved consumer.'"  *Spade*, 2018 WL 1790394, at \*12.  In other words, the consumer must have "suffered adverse consequences as a result of the defendant's regulatory violation."  *Id.* at \*11.  Plaintiff has not, and cannot, make this showing because the challenged provisions in the Terms of Use do not apply in this case and, in all events, do not violate clearly established New Jersey law.  The Court should therefore grant Wyndham's motion and dismiss plaintiff's TCCWNA claim for lack of statutory standing.

I.    **The New Jersey Supreme Court In *Spade* Made Clear That An "Aggrieved Consumer" Must Suffer Actual Injury From An Alleged TCCWNA Violation.**

In opposing Wyndham's motion to dismiss, plaintiff maintained that "the TCCWNA's substantive provisions belie any notion that actual injury is necessary" and argued that the Court should not "import into the TCCWNA an actual damages requirement."  Opp'n at 17–18.  *Spade* squarely rejects plaintiff's position and makes clear that an "aggrieved consumer" is one who has suffered ***actual injury*** as a result of a TCCWNA violation.  As the unanimous New Jersey Supreme Court explained, the plain meaning of "the term 'aggrieved consumer' denotes a consumer who has suffered some form of harm as a result of the defendant's conduct." *Spade*, 2018 WL 1790394, at *11.  The structure of the statute confirmed that interpretation: The *Spade* Court reasoned that, "[i]f 'aggrieved consumer' were construed to mean nothing more than a 'consumer' to whom a contract or other writing is offered, given or displayed, the term 'aggrieved' would indeed be superfluous." *Id.* at *10.  To avoid reading the word "aggrieved" out of the statute, the court concluded that including the term "aggrieved" "distinguishes consumers who have suffered harm because of a violation of [the TCCWNA] from those who have merely been exposed to unlawful language in a contract or writing, to no effect." *Id.*  *Spade* was thus clear that, "[i]n the absence of evidence that a consumer suffered adverse consequences as a result of the defendant's regulatory violation, a consumer is not an 'aggrieved consumer' for purposes of the TCCWNA." *Id.*

As applied to the plaintiffs in *Spade*, the Court determined that, "if a consumer has entered into a sales contract containing a provision that violated [the TCCWNA], but his or her furniture was delivered conforming and on schedule, and he or she has incurred no monetary damages or adverse consequences, the consumer has suffered no harm.  Such a consumer is not an 'aggrieved consumer' under [the TCCWNA]." *Id.* at *11.  Following this decision, the plaintiffs in *Wenger* (the companion case consolidated with *Spade*) conceded that they were "without legal basis" to

continue pursuing their TCCWNA claims and voluntarily dismissed their case.  *See* 5/4/18 Ltr. (Doc. 003112921424), *Wenger v. Bob's Disc. Furniture*, No. 16-1572 (3d Cir.).  Applied here, *Spade* compels the same conclusion: Plaintiff, who has not alleged any harm stemming from Wyndham's Terms of Use, is likewise not an "aggrieved consumer" and has no legal basis to maintain his TCCWNA claim.

## II.    Plaintiff Is Not An "Aggrieved Consumer" And Lacks Standing To Pursue His TCCWNA Claim Because He Does Not Allege Any Harm From The Terms Of Use.

First and foremost, plaintiff is not an "aggrieved consumer" with standing under the TCCWNA because he does not claim to have suffered any compensable injury as a result of the challenged website Terms of Use.  While plaintiff alleges that Wyndham's websites "bind consumers to illegal contract terms during the booking process" and complains that the "Terms of Use contain provisions that violate clearly established legal rights and responsibilities under New Jersey Law," Compl. ¶¶ 73, 75, plaintiff never claims to have suffered any monetary loss or other non-monetary harm as a result of the terms that he challenges.  Indeed, he never alleges that the allegedly offensive provisions in the website Terms of Use have affected him at all.  Plaintiff is instead precisely the type of consumer who alleges to "have merely been exposed to unlawful language in a contract or writing, to no effect"—a category of consumers that a unanimous New Jersey Supreme Court indicated ***do not*** have standing because they have not "suffered harm." *Spade*, 2018 WL 1790394, at *10.  Plaintiff's failure to allege that he has suffered any actual, compensable harm as a result of the challenged Terms of Use thus compels dismissal of his TCCWNA claim under *Spade*.

Nowhere in the complaint does plaintiff allege any injury from the Terms of Use.  To the contrary, plaintiff has maintained that "actual injury" is unnecessary for TCCWNA standing and urged the Court not to "import into the TCCWNA an actual damages requirement."  Opp'n at 17.

But *Spade* makes clear that actual harm is indeed required to confer statutory standing. As the New Jersey Supreme Court explained: "[I]f a consumer has entered into a sales contract containing a provision that violated [New Jersey's furniture delivery regulations], but his or her furniture was delivered conforming and on schedule, and he or she has incurred no monetary damages or adverse consequences, that consumer has suffered no harm" and "is not an 'aggrieved consumer.'" *Spade*, 2018 WL 1790394, at *11. That is precisely the position of plaintiff here: he has not alleged (and cannot allege) that he has "incurred [] monetary damages or adverse consequences" from the Terms of Use, and he lacks standing under the TCCWNA as a result. *Id.*

To be sure, *Spade* explains that the "harm" required to confer TCCWNA standing is not "limited to injury compensable by monetary damages." *Id.* A plaintiff could still bring suit under the TCCWNA if he or she suffered some non-monetary injury that is still legally cognizable, such as emotional harm, and *Spade* provides one such example of non-monetary harm: "If an untimely delivery and misleading 'no refunds' language leave a consumer without furniture needed for a family gathering, the consumer may be an 'aggrieved consumer' for purposes of [the TCCWNA]." *Id.* But plaintiff makes no such allegations here. Nor has plaintiff alleged that he was deterred from exercising his legal rights as a result of the Terms of Use. If anything, the pleadings confirm that plaintiff was ***not*** deterred from pursuing a lawsuit against Wyndham: plaintiff filed his class action complaint on June 6, 2016, ***less than ten days*** after he stayed at the Shelborne Wyndham Grand South Beach Hotel.

Indeed, plaintiff cannot have been "aggrieved" by the Terms of Use because he does not allege he even ***read*** the Terms of Use. The New Jersey Supreme Court has held that, in order for a plaintiff to have standing to pursue a TCCWNA claim, he or she must have at least read the allegedly offensive language. *See Dugan v. TGI Fridays, Inc.*, 171 A.3d 620, 637–38, 648 (N.J.

2017).  The fact that plaintiff never alleges to have read the Terms of Use prior to booking a hotel room with Wyndham thus further confirms that he lacks standing under the TCCWNA.

## III.     Plaintiff Cannot Use His CFA Claim To Create Standing Under The TCCWNA.

As set forth above, *Spade* makes clear that plaintiff is not an "aggrieved consumer" because he has suffered no legally cognizable harm from the Terms of Use.  At the motion-to-dismiss phase, however, plaintiff argued that his CFA claim interacts with the Terms of Use to nevertheless create statutory standing under the TCCWNA.  In particular, plaintiff asserted that three specific provisions in the Terms of Use *might* injure him in this case because Wyndham *might* assert that those provisions limit his recovery under the CFA and the Court *might* actually apply those provisions to limit any potential damages that he *might* otherwise be entitled to recover.  This argument attempts to manufacture standing by relying exclusively on speculative assertions of future harm, and it falls wide of the mark for two reasons.

*First*, Wyndham has not argued in this case or elsewhere that the challenged provisions in the Terms of Use limit plaintiff's ability to recover under the CFA.  That is so because, by their own terms, the three provisions at issue simply do not apply to plaintiff's CFA claim as alleged.  As explained in detail below, the first two provisions are straightforward limitations on certain types of damages that are not at issue in this case, and the third is an unrelated indemnification provision.  Although a typical plaintiff would not voluntarily try to shoehorn his claim within an unrelated damages limitation or indemnification clause, plaintiff here does precisely that in an attempt to bootstrap TCCWNA standing through an unrelated CFA claim.  That effort ultimately fails: Because the challenged provisions do not apply to plaintiff's CFA claim as alleged, those provisions have not harmed (and cannot harm) plaintiff, and he therefore lacks standing.

*Second*, even if Wyndham did seek to enforce any of the challenged provisions against plaintiff and the Court found any of them to apply, each of the three provisions at issue is entirely

lawful under well-settled New Jersey law.  *See infra* at III.B.  Indeed, New Jersey courts have routinely upheld similar provisions as a matter of course.  Because these provisions are lawful, plaintiff cannot logically have been "aggrieved" by their (entirely hypothetical) application.

### A. Plaintiff Has Not Been "Aggrieved" By The Terms Of Use Because The Challenged Provisions Do Not Apply To His Claims.

Plaintiff cannot rely on his CFA claim to create standing under the TCCWNA because Wyndham has not sought to enforce the challenged provisions of the Terms of Use against him. Wyndham did not move to dismiss plaintiff's CFA claim based on the challenged terms; Wyndham did not assert those provisions as a defense in its Answer; and Wyndham does not intend to argue in the future that those provisions restrict plaintiff's damages under the CFA, should plaintiff establish the proofs necessary to recover at all.  Plaintiff has therefore suffered no harm from the Terms of Use, and he is not an "aggrieved consumer" under the TCCWNA.  Lest there be any doubt, Wyndham is not just voluntarily declining to enforce the three challenged provisions as a means to defeat plaintiff's standing arguments.  Rather, the three provisions at issue simply ***do not apply*** to plaintiff's CFA claim in the first place, and plaintiff has consequently not incurred any harm from them.  Examining the challenged provisions individually proves the point.

The first challenged provision in the Terms of Use is a straightforward limitation on certain types of damages.  It states in full:

> In no event shall we nor our affiliated or related entities (including providers), nor any of our respective officers, directors, employees or agents, nor any person or entity involved in the creation, production and distribution of this web site, be liable for any indirect, consequential, incidental, special, punitive or exemplary damages whether arising under contract, warranty, or tort (including negligence) or any other theory of liability, regardless of whether we knew or should have known of the possibility of such damages, including without limitation from the use or attempted use of this web site or any other linked site.  [Compl. ¶ 76.]

This provision does not preclude plaintiff from bringing a CFA claim or any other particular cause of action but rather disclaims several types of damages commonly limited by contract.  None of those types of damages are at issue in this case.

Under settled legal principles, indirect, consequential, incidental, and special damages encompass a subset of damages that flow by extension from a defendant's actual breach of some legal obligation, such as a plaintiff's lost profits, transportation charges, or "additional expenses reasonably incurred" as a result of the breach.  *See, e.g.*, *Olefins Trading, Inc. v. Han Yang Chem Corp.*, 9 F.3d 282, 286 n.7 (3d Cir. 1993); *Herz v. 141 Bloomfield Ave. Corp.*, 2015 WL 2465027, at *4 (N.J. App. Div. June 1, 2015); *see also* Restatement (Second) of Contracts § 351, cmt. b.  Plaintiff is not seeking (and has not alleged that he incurred) any such damages as a result of the resort-fee disclosures on the Wyndham website; his CFA claim is instead limited to the amount of the resort fee and tax that he paid to the Wyndham Shelborne at the conclusion of his stay.  Nor is plaintiff seeking punitive or exemplary damages in this litigation.  As the New Jersey Punitive Damages Act explains, "punitive damages" include "exemplary damages" and can be awarded only in the face of "actual malice," "wanton and willful" conduct, or other "aggravating circumstances."  N.J.S.A. 2A:15-5.10 & 5.12.  Plaintiff has not alleged (and cannot in good faith allege) that Wyndham's resort fee disclosures rise to this level.[2]  Indeed, plaintiff has not included a request for punitive or exemplary damages in his complaint, as would be required by New Jersey law if he were actually seeking them.  *See* N.J.S.A. 2A:15-5.11.

---

[2]  To the extent plaintiff asserts that the treble damages provision of the CFA provides for "punitive" or "exemplary" damages, that argument is inconsistent with the Punitive Damages Act, which requires that a plaintiff establish "by clear and convincing evidence" the facts necessary to support an award of "punitive damages."  N.J.S.A. 2A:15-5.12.  By contrast, treble damages are awarded automatically under the CFA upon a finding of liability, *see Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 465 (N.J. 1994), with no requirement that a plaintiff establish the "actual malice" or "wanton and willful" elements set forth in the Punitive Damages Act, *see* N.J.S.A. 2A:15-5.12.

The second challenged provision, which also relates to limitations on Wyndham's liability for certain types of damages not at issue in this case, states in full:

> By way of example only, we and related persons and entities shall not be responsible or liable for any claim or damage arising from: failure of performance, error, omission, interruption, deletion, defect, delay in operation, computer virus, theft, destruction, unauthorized access to or alteration of personal records, or the reliance upon or use of content, information, opinions or other materials appearing on this web site.  [Compl. ¶ 84.]

By its own terms, this provision does not expand the scope of the liability limitation discussed above.   Instead, it merely provides *examples* of the types of activities for which indirect, consequential, and other types of damages are waived—as indicated by the use of the phrase "[b]y way of example only" at the outset of the sentence.   This provision thus applies only when a plaintiff is seeking the types of damages set out in the first challenged provision.   Because plaintiff has not sought those types of damages in the first place, this provision is inapplicable to him.

Finally, in addition to the two limitation-of-liability provisions, plaintiff challenges an indemnification provision that appears later in the Terms of Use.   With the challenged portion emphasized, that complete indemnification provision states:

> We reserve the right to report any wrongdoing, if and when We become aware of it, to any applicable government agencies.  ***You agree to indemnify, defend and hold Us and the Providers, Our and their officers, directors, employees, affiliates, agents, licensors, and suppliers harmless from and against any and all claims, demands, actions, costs, liabilities, losses and damages of any kind (including attorneys' fees) resulting from Your use of this Web Site***, Your breach of any provision of these Terms and/or any negligent acts, omissions or intentional wrongdoing by You.  Any such indemnification shall be conditioned on Our:  (a) notifying You in writing of any such claim, demand, action, cost, liability, loss or threat of any thereof; (b) cooperating with You in the defense or settlement thereof; and (c) allowing You to control such defense or settlement.

Krul Decl. Ex. A, § 12 (emphasis added); Compl. ¶ 87.   In context, it is clear that this indemnification provision is an unremarkable, narrow provision related to claims *by third parties* arising out of a website user's conduct.   The provision does not purport to eliminate or even limit

Wyndham's liability for its *own* actions; instead, this provision protects Wyndham from the misdeeds of *website users* that may harm third parties. In other words, the provision does not bar website users (like plaintiff) from asserting claims against Wyndham. Rather, the provision merely requires website users to indemnify Wyndham against third-party claims *if* a user's interactions with the website amount to a "wrongdoing" that injures a third party, who then sues Wyndham as a result. Plaintiff has not alleged that he is (or will be) subject to an indemnification claim by Wyndham, and Wyndham is not aware of any facts that would give rise to such a claim.

For those reasons, none of the challenged provisions applies to plaintiff's CFA claim as alleged. And that raises a curious question. Typically a plaintiff asserting a substantive claim in good faith would argue that a defendant's operative limitations on damages *do not* apply to his claim. Moreover, if a defendant argued (as Wyndham does) that the limitations did not, in fact, apply, a plaintiff would typically agree with the defendant's position and pursue all available damages. But, here, plaintiff is taking the opposite position and acting contrary to self-interest by trying to wrench his CFA claim into the purview of contractual provisions that, by their terms, apply to completely different factual circumstances. There is no logical explanation for why plaintiff would do that *other than* to try to artificially create standing under the TCCWNA. That strategy is wholly inconsistent with the letter and spirit of *Spade*, which makes clear that a plaintiff must have suffered actual harm in order to proceed under the TCCWNA as an "aggrieved consumer." *See Spade*, 2018 WL 1790394, at *10.

    **B.**    **Plaintiff Is Not "Aggrieved" Because The Challenged Provisions In The Terms Of Use Are Proper And Enforceable Under Settled New Jersey Law.**

As set forth above, Wyndham has not sought to enforce the challenged provisions in the Terms of Use, and those provisions do not limit plaintiff's recovery under his CFA claim as he has alleged it. The Court therefore need not reach the issue of whether the challenged provisions are

lawful.  But even if Wyndham chose to enforce the provisions and the Court agreed they somehow apply here, plaintiff still would not be an "aggrieved consumer" because each of the three provisions plaintiff challenges are lawful and enforceable under New Jersey law.

"As a general and long-standing matter, contracting parties are afforded the liberty to bind themselves as they see fit."  *Stelluti v. Casapenn Enters., LLC*, 1 A.3d 678, 688 (N.J. 2010). Indeed, in New Jersey, contracting parties may agree to limit categories of damages and release a party from damages for certain actions in their entirety, even within contracts of adhesion.  New Jersey courts have thus consistently upheld limitations on liability that resemble those challenged here.  *See*, *e.g.*, *D'Agostino v. Appliances Buy Phone, Inc.*, 2015 WL 10434721, at *13, *17–18 (N.J. App. Div. Mar. 8, 2016) (limitation of liability disclaiming "any direct, indirect, incidental, special, consequential, or exemplary damages"); *Marbro, Inc. v. Borough of Tinton Falls*, 688 A.2d 159, 162–63 (N.J. Law Div. 1996) (cap on recovery); *see also Great W. Mortg. Corp. v. Peacock*, 110 F.3d 222, 232 (3d Cir. 1997) (punitive damages are a "waiveable state right").

The decision in *D'Agostino* is instructive.  That case upheld an online terms of service agreement that expressly disclaimed "any direct, indirect, incidental, special, consequential, or exemplary damages" arising from certain conduct.  *D'Agostino*, 2015 WL 10434721, at *13, *17–18.  The scope of the liability limitation was broad, applying to the enumerated categories of damages "resulting from," among other things, "the use or the inability to use [defendant's] services" or "any other matter relating to [defendant's] services."  *Id.* at *13.  The defendant in *D'Agostino* successfully enforced the damages limitation when faced with various tort and contract claims, including claims seeking punitive damages, and the Appellate Division then affirmed the trial court's grant of summary judgment to the defendant.  *Id.* at *3–4.

14

The challenged limitations in Wyndham's Terms of Use closely resemble those in *D'Agostino*. Like Wyndham's Terms of Use, those in *D'Agostino* properly disclaimed "indirect," "incidental," "special," "consequential," and "exemplary" damages. *Compare* Compl. ¶ 76, *with D'Agostino*, 2015 WL 10434721, at *13. Indeed, the provision in *D'Agostino* went even further and also disclaimed "direct" damages, which are a more common category of damages with closer ties to a defendant's actual conduct and which the challenged provisions of Wyndham's Terms of Use do not disclaim. *See, e.g.*, *Saber Sols., Inc. v. Protech Sols., Inc.*, 2009 WL 3128950, at *9 (D.N.J. Sept. 25, 2009). That the Appellate Division upheld the broader damages limitations in *D'Agostino* confirms that the limitations plaintiff challenges do not violate the TCCWNA.

The indemnification provision is likewise proper and enforceable under New Jersey law. As set forth above, that provision simply does not apply because this litigation does not involve a claim by Wyndham for indemnification from plaintiff. But, in all events, it is well-settled that indemnification clauses are generally enforceable in New Jersey. *See, e.g.*, *Serpa v. N.J. Transit*, 951 A.2d 208, 213 (N.J. App. Div. 2008); *Berry v. V. Ponte & Sons*, 400 A.2d 114, 116 (N.J. App. Div. 1979). The New Jersey Supreme Court's admonition that "contracting parties are afforded the liberty to bind themselves as they see fit," *Stelluti*, 1 A.3d at 688, is particularly appropriate where, as here, the Terms of Use provide that plaintiff will indemnify Wyndham for any third-party claims arising from plaintiff's own wrongdoing or misuse of the Wyndham websites. Plaintiff cannot be an "aggrieved consumer" merely because Wyndham has required that he bear the consequences of any hypothetical misdeeds he may someday undertake using the Wyndham websites.

## **CONCLUSION**

For these reasons, the Court should grant Wyndham's motion and dismiss plaintiff's TCCWNA claim.

Dated: May 8, 2018

David A. Strassburger (Pa. I.D. # 76027)
STRASSBURGER MCKENNA
  GUTNICK & GEFSKY
444 Liberty Avenue, Suite 2200
Pittsburgh, PA  15222
Telephone: (412) 281-5423
Facsimile: (412) 281-8264
dstrassburger@smgglaw.com

Respectfully submitted,

*/s/ K. Winn Allen*
_____
K. Winn Allen (admitted *pro hac vice*)
Ronald K. Anguas, Jr. (admitted *pro hac vice*)
Zachary A. Avallone (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW
Washington, DC  20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
winn.allen@kirkland.com

*Counsel for Defendants Wyndham Hotel Group, LLC, and Wyndham Hotels and Resorts, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on May 8, 2018, I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

*/s/ K. Winn Allen*
K. Winn Allen
Counsel for Defendants