**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS LUCA JR., individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>WYNDHAM HOTEL GROUP, LLC, and WYNDHAM HOTELS AND RESORTS, LLC,<br><br>      Defendants. | Civil No. 2:16-cv-00746 (MRH)<br><br><br>Electronically Filed and Served |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, FOR RECONSIDERATION OF
THE COURT'S FEBRUARY 15, 2017 ORDER**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ........................................................................................................................ 2

I. The Challenged Provisions In The Terms Of Use Do Not Purport To Restrict Plaintiff's Potential Recovery Under The CFA. ................................................... 2

II. The Challenged Provisions In The Terms Of Use Are Proper And Enforceable Under Settled New Jersey Law. ........................................................................... 7

III. Plaintiff's TCCWNA Claim Should Be Dismissed With Prejudice. .................... 9

CONCLUSION .................................................................................................................... 10

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Berry v. V. Ponte & Sons*,
　400 A.2d 114 (N.J. Super. Ct. App. Div. 1979) ........................................................... 8

*Boyes v. Greenwich Boat Works, Inc.*,
　27 F. Supp. 2d 543 (D.N.J. 1998) ............................................................................... 6

*D'Agostino v. Appliances Buy Phone, Inc.*,
　2015 WL 10434721 (N.J. Super. Ct. App. Div. Mar. 8, 2016) .................................... 8

*Gagliardi v. Fisher*,
　513 F. Supp. 2d 457 (W.D. Pa. 2007) ........................................................................ 10

*Giordano v. MGC Mortgage, Inc.*,
　160 F. Supp. 3d 778 (D.N.J. 2016) ............................................................................. 3

*Great W. Mortg. Corp. v. Peacock*,
　110 F.3d 222 (3d Cir. 1997) ....................................................................................... 8

*Johnson v. Moran*,
　2013 WL 5671266 (W.D. Pa. Oct. 15, 2013) ............................................................. 10

*Jones v. Lockett*,
　2009 WL 2232812 (W.D. Pa. July 23, 2009) ............................................................. 3

*Marbro, Inc. v. Borough of Tinton Falls*,
　688 A.2d 159 (N.J. Law Div. 1996) ........................................................................... 8

*Penske Logistics, Inc. v. KLLM, Inc.*,
　285 F. Supp. 2d 468 (D.N.J. 2003) ............................................................................. 4

*Serpa v. N.J. Transit*,
　951 A.2d 208 (N.J. Super. Ct. App. Div. 2008) ......................................................... 8

*Spade v. Select Comfort Corp.*,
　181 A.3d 969 (N.J. 2018) ........................................................................................ 2, 9

*Valhal Corp. v. Sullivan Assocs., Inc.*,
　44 F.3d 195 (3d Cir. 1995) ......................................................................................... 8

**Statutes**

N.J.S.A. § 2A:15-5.9 .................................................................................................................... 6

N.J.S.A. § 2A:15-5.12 .................................................................................................................. 6

N.J.S.A. § 56:12-15 ...................................................................................................................... 7

**INTRODUCTION**

Plaintiff's opposition makes clear that he lacks the here-and-now injury necessary to make him an "aggrieved consumer" under the TCCWNA. Plaintiff has not identified any actual harm—monetary or otherwise—that he has suffered from the challenged provisions of Wyndham's Terms of Use. Instead, plaintiff argues that his right to recover under the CFA is somehow "at risk" because of those provisions. That argument fails for the simple reason that Wyndham has not asserted that the Terms of Use bar plaintiff's CFA recovery (as that claim is currently alleged). That is not, as plaintiff claims, because Wyndham has chosen to "artificially limit" plaintiff's TCCWNA standing by voluntarily "disclaiming enforcement" of the contractual terms, Opp. (ECF No. 93) at 11 n.3, but rather because the challenged provisions of the Terms of Use simply do not restrict plaintiff's CFA claim as he has pled it.

Plaintiff attempts to argue otherwise by selectively quoting isolated phrases from the Terms of Use. But read in their entirety and in the order they appear in the document, the provisions at issue do not limit plaintiff's recovery under the CFA, should he someday be able to prove his claim. And even if those provisions did limit his recovery, plaintiff has not shown that any of them violate his "clearly established" legal rights under New Jersey law, as required by the TCCWNA. The Terms of Use do not contain an unlawful "exculpatory clause" or "disclaim liability in full." *Id.* at 13. Rather, three of the challenged provisions are commonplace limitations on damages of the type New Jersey courts have long upheld, and the fourth is a straightforward indemnification clause that would similarly be enforceable, even if it applied.

The New Jersey Supreme Court in *Spade* made clear that a plaintiff must suffer actual injury from the challenged contractual provisions in order to have standing under the TCCWNA. Plaintiff does not meet that test. The Court therefore should grant Wyndham's motion for judgment on the pleadings with respect to plaintiff's TCCWNA claim.

1

# ARGUMENT

Nowhere in his opposition brief does plaintiff demonstrate what *Spade* requires: that he actually suffered compensable injury as a result of Wyndham's Terms of Use. *See Spade v. Select Comfort Corp.*, 181 A.3d 969, 980 (N.J. 2018) ("[A]n 'aggrieved consumer' is a consumer who has been harmed by a violation of [the TCCWNA]."). Plaintiff rests his entire TCCWNA standing argument on the assertion that the Terms of Use "place[] at risk his recovery under the CFA." Opp. at 7. But the four provisions at issue do not limit plaintiff's CFA claim as pleaded, and Wyndham has not argued otherwise. There is therefore no "risk" that plaintiff's potential recovery under the CFA will be restricted by the Terms of Use. And in any event, the challenged provisions do not violate plaintiff's "clearly established" rights because they are lawful contract terms that limit certain categories of commonly disclaimed damages and ensure that Wyndham is not responsible for the misdeeds of its website users. Because these provisions do not limit plaintiff's ability to recover under the CFA or violate his "clearly established" rights, plaintiff has not been harmed by them, and he thus lacks standing under the TCCWNA.

**I.     The Challenged Provisions In The Terms Of Use Do Not Purport To Restrict Plaintiff's Potential Recovery Under The CFA.**

The fundamental reason plaintiff lacks standing is because the challenged provisions of the Terms of Use do not restrict his ability to recover under the CFA. Throughout his brief, plaintiff repeatedly claims that the Terms of Use purport to bar his CFA claim in its entirety. *See, e.g.*, Opp. at 12-13. That is simply wrong. The provisions at issue do nothing more than limit certain types of commonly disclaimed damages and cap a plaintiff's recovery for the types of damages that remain available. Plaintiff's TCCWNA claim thus fails because the provisions he challenges do not restrict the recovery he currently seeks under the CFA.

*First*, plaintiff argues that the Terms of Use "purport to limit liability to the lesser of all

fees paid to Defendants in the last 12 months, or $500." Opp. at 10.  As a threshold matter, plaintiff did not challenge this provision (or even reference it) in his complaint.  He is therefore barred from relying on it now to claim standing.  *See, e.g.*, *Jones v. Lockett*, 2009 WL 2232812, at *15 (W.D. Pa. July 23, 2009) ("[B]ecause the operative complaint contained not even a slightest hint of a claim . . . , Plaintiff's addition of such a claim in the response is improper, as the response is not simply clarifying a claim contained in the complaint but it seems to be adding a claim not contained in the operative complaint.  This, Plaintiff is not permitted to do."); *Giordano v. MGC Mortgage, Inc.*, 160 F. Supp. 3d 778, 783 (D.N.J. 2016) ("Neither of these allegations appear in Plaintiff's amended complaint, and they will not be considered here.").

Even setting aside that pleading failure, plaintiff's effort to ground TCCWNA standing on this provision fails because plaintiff's claimed damages do not exceed the monetary cap.   Plaintiff stayed at the Shelborne shortly before filing this lawsuit and paid more than $500 for his stay.  *See* Compl. ¶ 61.  This provision therefore caps plaintiff's available damages at $500.  But even assuming plaintiff could prove his CFA claim and recover treble damages, those damages would amount to, at most, $171.00—the $50.00 plaintiff paid in resort fees during his two-night stay at the Shelborne ($25.00 per night), plus the $7.00 in taxes thereon, plus trebling.  The cap thus has no impact on plaintiff's CFA claim.  Plaintiff cannot be "aggrieved" by the $500 damages cap when, even if he prevails on his CFA claim, he is entitled to less than $500 in damages.

*Second*, plaintiff argues that the Terms of Use bar his CFA claim in its entirety because, in one challenged provision, the Terms purportedly "disclaim liability for '**any claim or damage** arising from . . . reliance upon or use of content, information, opinions or other materials appearing on this web site.'"  Opp. at 9 (emphasis and modification in original).  That is wrong.  The language plaintiff quotes gives examples of certain indirect or consequential damages that are barred (and

that plaintiff is not seeking in this case). It does not purport to bar plaintiff's claim for direct damages, which plaintiff remains free to pursue. That is evident from the plain text of the provision, which plaintiff quotes only in part:

> ***By way of example only***, we and related persons and entities shall not be responsible or liable for any claim or damage arising from: failure of performance, error, omission, interruption, deletion, defect, delay in operation, computer virus, theft, destruction, unauthorized access to or alteration of personal records, or the reliance upon or use of content, information, opinions or other materials appearing on this web site. [Compl. ¶ 84.] (emphasis added)

Plaintiff obscures that, earlier in the same section of the Terms of Use, another paragraph limits "indirect," "consequential," and other enumerated categories of damages. *See* Compl. ¶ 76; Krul Decl. (ECF No. 20-1), Ex. A § 10; *see also* Defs.' Mem. (ECF No. 88) at 10–11. Read properly and in context, the entire point of this provision—which tellingly begins with the phrase "[b]y way of example only"—is not to disclaim liability in full, but to provide ***examples*** of circumstances covered by the prior limitation on indirect and consequential damages.

The $500 damages cap discussed above only underscores this point. If, as plaintiff contends, the Terms of Use actually "disclaimed liability in full" arising from the use of Wyndham's websites, the $500 damages cap on that same liability would amount to mere surplusage. *See, e.g.*, *Penske Logistics, Inc. v. KLLM, Inc.*, 285 F. Supp. 2d 468, 474 (D.N.J. 2003) ("[A] contract should not be given an interpretation which renders a term or terms superfluous or meaningless."). The very existence of the $500 damages cap thus proves that the language above does not purport to bar recovery in full. Rather, the Terms of Use bar only specific categories of indirect or consequential damages, while leaving plaintiffs able to recover direct damages up to a monetary cap. Because plaintiff is not seeking indirect or consequential damages in this case, and because his claim for direct damages is far below the $500 cap, he is not aggrieved by this provision of the Terms of Use.

4

*Third*, plaintiff claims that Wyndham's third-party indemnification provision somehow limits his right to recover under the CFA, Opp. at 10, but nothing in that provision so states or even suggests. The indemnification provision applies to claims by a third-party arising from a user's wrongdoing. It does not bar a user's own claims against Wyndham, such as plaintiff's CFA claim here. The provision states in full, with the challenged portion emphasized:

> We reserve the right to report any wrongdoing, if and when We become aware of it, to any applicable government agencies. ***You agree to indemnify, defend and hold Us and the Providers, Our and their officers, directors, employees, affiliates, agents, licensors, and suppliers harmless from and against any and all claims, demands, actions, costs, liabilities, losses and damages of any kind (including attorneys' fees) resulting from Your use of this Web Site***, Your breach of any provision of these Terms and/or any negligent acts, omissions or intentional wrongdoing by You. Any such indemnification shall be conditioned on Our: (a) notifying You in writing of any such claim, demand, action, cost, liability, loss or threat of any thereof; (b) cooperating with You in the defense or settlement thereof; and (c) allowing You to control such defense or settlement. [Krul Decl., Ex. A § 12.]

Plaintiff asserts that "the language of this clause speaks for itself," Opp. at 10, but it is implausible to read this provision to cover a claim *by* a website user like plaintiff *against* Wyndham. If, as here, a user sues Wyndham, it would make no sense for Wyndham to be "cooperating with [the user] in the defense or settlement" of that case or "allowing [the user] to control such defense or settlement." Krul Decl., Ex. A § 12. The reference to a user's "wrongdoing" that may be reported to "applicable government agencies" only confirms that the indemnification clause contemplates some kind of malfeasance by the user that leads to a claim against Wyndham by a third party. *Id*. Because plaintiff does not assert that he is (or will be) subject to an indemnification claim by Wyndham based on his own wrongdoing, the indemnification clause is irrelevant to this litigation and, in particular, has no bearing on plaintiff's ability to recover from Wyndham under the CFA. Plaintiff thus cannot be "aggrieved" by it within the meaning of the TCCWNA.

5

*Finally*, plaintiff asserts that Wyndham's limitation on punitive damages applies here because plaintiff is seeking treble damages under the CFA. Opp. at 10–11. But the Terms of Use simply do not purport to disclaim treble damages. Although plaintiff cites decisions suggesting that treble damages are "punitive in nature" or that their "purpose and intent" is punitive, *id.*, they are not "punitive damages" as that term is used in New Jersey law, *see Boyes v. Greenwich Boat Works, Inc.*, 27 F. Supp. 2d 543, 548-49 (D.N.J. 1998). The limitation on ***punitive*** damages thus has no effect on plaintiff's potential recovery of ***treble*** damages on his CFA claim.

To the extent plaintiff is arguing that the Terms of Use unlawfully bar a true claim for punitive (rather than treble) damages, that argument fails because plaintiff has not properly pled (and cannot possibly assert) a valid claim for punitive damages. The New Jersey Punitive Damages Act, N.J.S.A. § 2A:15-5.9 *et seq.*, imposes a broad set of pleading and proof requirements necessary to obtain punitive damages. Courts have made clear that those requirements apply even in the context of a CFA claim. *See Boyes*, 27 F. Supp. 2d at 549 (dismissing claim for punitive damages under the CFA because plaintiff did not comply with the Punitive Damages Act). Plaintiff's complaint does not even try to satisfy those pleading requirements. Among other things, plaintiff has not alleged (and cannot in good faith allege) that Wyndham's resort fee disclosures result from "actual malice," "wanton and willful" conduct, or other "aggravating circumstances." *See* N.J.S.A. § 2A:15-5.12. Plaintiff thus cannot obtain or even seek punitive damages under New Jersey law, and, as a result, he cannot be "aggrieved" by a limitation on such damages.

For those reasons, none of the challenged provisions limit or bar plaintiff's CFA claim as alleged. Plaintiff purports to be "interpreting the Terms of Use as written and as reasonable consumers would interpret them," Opp. at 11, but he has put forth obtuse readings of otherwise straightforward contract terms and, at times, has ignored key language in those provisions. To be

6

sure, Wyndham is not "attempting to artificially limit Plaintiff's standing under the TCCWNA by stating that [it] will not enforce the Terms of Use against Plaintiff," *id*. at 11 n.3, and has not voluntarily declined to assert otherwise-applicable provisions in its Terms of Use.  Rather, those provisions simply do not apply to limit plaintiff's CFA claim as he has pleaded it.  Plaintiff's approach to the Terms of Use confirms that he is, in fact, trying to shoehorn his CFA claim into damages limitations and an indemnification clause that do not actually limit his potential recovery.  By taking these positions that are contrary to his own self-interest, plaintiff is trying to manufacture injury from the Terms of Use where none exists.  That approach is inconsistent with *Spade* and runs afoul of the New Jersey Supreme Court's directive that a plaintiff may sue under the TCCWNA only if he has suffered actual harm from a defendant's alleged violation.

## II.     The Challenged Provisions In The Terms Of Use Are Proper And Enforceable Under Settled New Jersey Law.

Even if plaintiff could somehow establish that the challenged provisions of the Terms of Use actually apply to limit his CFA claim, he still would not have standing under the TCCWNA because none of the provisions he challenges violates "clearly established" New Jersey law.  *See* N.J.S.A. § 56:12-15.  To the contrary, the four provisions at issue include three straightforward limitations on liability and a separate indemnification clause of the type New Jersey courts have consistently held are enforceable.  Plaintiff's efforts to argue otherwise are based on a misreading of the challenged provisions and a misapprehension of the law governing their enforceability.

Plaintiff's fundamental assumption—one that infects his entire argument on this score—is that Wyndham's Terms of Use "disclaim liability in full." Opp. at 13.  Plaintiff cites cases and legislative history in support of the broader point that absolute disclaimers of liability are unenforceable, and therefore violate the TCCWNA.  *See id*. at 12–14.  But whatever significance those authorities may have more generally, they are simply not relevant here because the Terms of

Use do not contain an exculpatory clause or otherwise purport to "preclude this suit entirely." *Id.* at 13. Correctly interpreted, the relevant provisions of the Terms of Use limit certain types of commonly disclaimed damages, cap the remaining categories of damages at $500, and provide for indemnification in certain limited circumstances. Each of these provisions is plainly enforceable, and none of them violates "clearly established" law as necessary to support a TCCWNA claim.

New Jersey courts have consistently upheld limitations on liability that resemble those challenged here. *See*, *e.g.*, *D'Agostino v. Appliances Buy Phone, Inc.*, 2015 WL 10434721, at *13, *17–18 (N.J. Super. Ct. App. Div. Mar. 8, 2016)[1] (upholding limitation of liability disclaiming "any direct, indirect, incidental, special, consequential or exemplary damages"); *Great W. Mortg. Corp. v. Peacock*, 110 F.3d 222, 232 (3d Cir. 1997) (punitive damages are a "waiveable state right"). Plaintiff cites no case holding that a contracting party is precluded from limiting indirect, consequential, or punitive damages, as Wyndham does in the Terms of Use. And with respect to the indemnification clause, plaintiff has no answer at all to the cases spanning decades finding such provisions enforceable. *See, e.g.*, *Serpa v. N.J. Transit*, 951 A.2d 208, 213 (N.J. Super. Ct. App. Div. 2008); *Berry v. V. Ponte & Sons*, 400 A.2d 114, 116 (N.J. Super. Ct. App. Div. 1979). As to the $500 damages cap, plaintiff fails to acknowledge that courts uphold such caps so long as they do not "immunize [a defendant] from the consequences of its own actions." *Valhal Corp. v. Sullivan Assocs., Inc.*, 44 F.3d 195, 204 (3d Cir. 1995); *accord Marbro, Inc. v. Borough of Tinton Falls*, 688 A.2d 159, 162–63 (N.J. Law Div. 1996) (upholding cap on recovery). Here, plaintiff

---

[1] Plaintiff takes issue with the decision in *D'Agostino* and claims it is distinguishable because plaintiff here "is not a sophisticated merchant" and has purportedly "identified how the Terms of Use[] preclude liability." Opp. at 14. But that argument falls flat. Nothing in *D'Agostino* conditioned the court's holding on the plaintiff's level of sophistication and, as set forth above, the Terms of Use do not "preclude liability" any more than did the provision in *D'Agostino*. Indeed, plaintiff's opposition does not engage at all with the fact that the damages limitation in *D'Agostino* was even ***broader*** than the one at issue here. *See* Defs.' Mem. 14–15.

makes no effort to argue that the $500 limitation is impermissibly low. Nor could he, given that plaintiff's CFA claim is based on $50 in resort fee charges and $7 in associated taxes.

At bottom, plaintiff's assertion that the Terms of Use "violate clearly established rights," Opp. at 14, is based on the same misreading of the challenged provisions that leads him to claim those provisions apply to limit his CFA claim in the first place. All four of the challenged provisions are enforceable and do not violate the TCCWNA. As a result, they cannot cause plaintiff the actual harm necessary to satisfy the standing requirements set forth in *Spade*. *See Spade*, 181 A.3d at 980 ("[A]n 'aggrieved consumer' is a consumer who has been harmed by a violation of [the TCCWNA].")

Tacitly acknowledging this point, plaintiff falls back on the position that "'TCCWNA claims are not directed toward the actual construction or enforceability of a given provision, but rather the misleading effect such a provision may have.'" Opp. at 11 (citation omitted). At bottom, this amounts to a deterrence theory: plaintiff suggests that, even if the challenged provisions of the Terms of Use are actually permissible, they may still violate the TCCWNA if they dissuade consumers from bringing a claim. *See id.* ("[T]he wrongs TCCWNA sought to end were the inclusion of unfair terms that *appear* enforceable, whether or not they actually are enforceable."). But that argument falls wide of the mark. Nothing in law or logic supports the idea that otherwise lawful terms can nonetheless be actionable based on a theory that they somehow have discouraged unspecified claims. Plaintiff, moreover, has not alleged a deterrence theory in his complaint, and the fact that he filed his CFA claim only days after he completed his stay at the Shelborne confirms that he was not deterred by anything in the Terms of Use and has not been harmed by them.

### III. Plaintiff's TCCWNA Claim Should Be Dismissed With Prejudice.

Although plaintiff "requests an opportunity to amend his Complaint" in the event the Court grants Wyndham's motion, Opp. at 15, plaintiff's TCCWNA claim should be dismissed with

prejudice because any amendment here would be futile. *See Gagliardi v. Fisher*, 513 F. Supp. 2d 457, 463 (W.D. Pa. 2007) ("The court will dismiss these claims with prejudice, since leave to amend would be futile."). Plaintiff's TCCWNA claim suffers from fundamental defects that cannot be cured through amendment. As set forth above, plaintiff has not been harmed by the challenged provisions of the Terms of Use because they do not restrict his potential recovery under the CFA and, in all events, are enforceable under settled New Jersey law. Moreover, plaintiff has also failed to provide a proposed amended complaint with his conclusory request for leave. *See, e.g.*, *Johnson v. Moran*, 2013 WL 5671266, at \*1 & n.1 (W.D. Pa. Oct. 15, 2013) (denying leave to amend as futile and noting "[n]o proposed amended complaint is attached to this motion for leave to amend"). Because plaintiff cannot through artful pleading alter the scope or enforceability of the Terms of Use or their applicability to his claims, the Court should dismiss plaintiff's TCCWNA claim with prejudice.

## **CONCLUSION**

The Court should grant Wyndham's motion and dismiss plaintiff's TCCWNA claim.

Dated: June 22, 2018

David A. Strassburger (Pa. I.D. # 76027)
STRASSBURGER MCKENNA
 GUTNICK & GEFSKY
444 Liberty Avenue, Suite 2200
Pittsburgh, PA  15222
Telephone: (412) 281-5423
dstrassburger@smgglaw.com

Respectfully submitted,

*/s/ K. Winn Allen*

K. Winn Allen (admitted *pro hac vice*)
Ronald K. Anguas, Jr. (admitted *pro hac vice*)
Zachary A. Avallone (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW
Washington, DC  20005
Telephone: (202) 879-5000
winn.allen@kirkland.com

**<u>CERTIFICATE OF SERVICE</u>**

      I certify that on June 22, 2018, I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

      */s/ K. Winn Allen*
      K. Winn Allen
      Counsel for Defendants