# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS LUCA JR., individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil No. 2:16-cv-00746 (MRH) |
| v. | |
| WYNDHAM HOTEL GROUP, LLC, and WYNDHAM HOTELS AND RESORTS, LLC, | Electronically Filed and Served |
| Defendants. | |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, FOR RECONSIDERATION OF
THE COURT'S FEBRUARY 15, 2017 ORDER**

**INTRODUCTION**

This case was one of many filed in 2015 and 2016 alleging that companies' online terms of use purportedly deprived users of "clearly established" legal rights and violated New Jersey's Truth-in-Consumer Contract, Warranty, and Notice Act ("TCCWNA"). But then the New Jersey Supreme Court decided a pair of cases that, together, made these claims untenable. In *Dugan v. TGI Fridays, Inc.*, 171 A.3d 620 (N.J. 2017), the New Jersey Supreme Court narrowly construed the term "clearly established" as used in the TCCWNA. And in *Spade v. Select Comfort Corp.*, 181 A.3d 969 (N.J. 2018), the Court held that a plaintiff cannot be an "aggrieved consumer" with standing to sue under the TCCWNA unless that plaintiff "has suffered harm *as a result of* the defendant's inclusion of prohibited language in a contract." *Id.* at 980 (emphasis added). In other words, a contract that merely contains allegedly unlawful terms is not enough. Rather, a plaintiff is "aggrieved" only if he has suffered actual harm stemming from those terms. In the wake of these decisions, some plaintiffs who brought cases like this one voluntarily dismissed their claims. In other cases, state and federal courts granted motions to dismiss TCCWNA claims like the one pressed by plaintiff here. Plaintiff's claim should fail for the same reasons.

Plaintiff has not identified (and cannot identify) any "harm" or adverse consequences he suffered "as a result of" the challenged provisions in Wyndham's terms of use (the "Terms"). The Terms have not caused plaintiff any monetary loss, have not inflicted any non-monetary injury on him, and have not constrained him from enforcing any legal rights. Plaintiff's Consumer Fraud Act ("CFA") claim does not change this analysis because the Terms plaintiff challenges simply have nothing to do with the resort fees at the heart of his case. Wyndham has not sought to enforce the Terms to limit plaintiff's CFA claim, and no reasonable reading of those Terms can apply to his CFA claim as pleaded. Indeed, another court recently affirmed the dismissal of a TCCWNA claim under *Spade* even where it was accompanied by an ongoing CFA claim. *See Duke v. All*

1

*Am. Ford, Inc.*, 2018 WL 3596274 (N.J. App. Div. July 27, 2018).  In short, plaintiff has not suffered any harm "as a result of" the challenged provisions of the Terms with respect to his CFA claim or otherwise, and the Court should therefore dismiss the TCCWNA claim.

## ARGUMENT

To have standing to sue under the TCCWNA, a plaintiff must be an "aggrieved consumer." N.J.S.A. 56:12-17.  *Spade* holds that an "aggrieved consumer" is one who "has suffered harm as a result of the defendant's inclusion of prohibited language in a contract."  181 A.3d at 980.  By contrast, a consumer who "receives a contract that includes language prohibited by [the TCCWNA], but who suffers no monetary or other harm as a result of that noncompliance, is not an 'aggrieved consumer' entitled to a remedy."  *Id.* at 972.  Merely identifying "harm" in the abstract does not create standing.  Rather, a TCCWNA plaintiff must establish a causal connection between the alleged harm and the challenged contract language; in other words, the harm must flow "***as a result of*** the defendant's inclusion of prohibited language."  *Id.* at 980 (emphasis added).  Following *Spade*, state and federal courts in New Jersey have repeatedly dismissed TCCWNA claims lacking this causal link.  *See Patterson v. Forever 21, Inc.*, 2018 WL 5313920, at *5 (D.N.J. Oct. 26, 2018); *Duke,* 2018 WL 3596274, at *7; *Sharp v. Sears Home Appliance Showroom, LLC*, 2018 WL 3059773, at *5 (N.J. App. Div. June 21, 2018).

Here, plaintiff has not tied the challenged provisions of the Terms to any actual harm.  He does not allege that the Terms caused him any monetary or non-monetary injury or deterred him from asserting any purported legal right.  Indeed, plaintiff does not allege that he ever even read (much less relied upon) the Terms he purports to challenge.[1]  Plaintiff nonetheless claims that he

---

[1] Although the Court need not consider it to resolve the pending motion, Wyndham notes that plaintiff testified that he had never seen or read the Terms prior to his deposition in this case.  *See* Ex. A (T. Luca Dep.) at 194:15–25.  This testimony confirms that Plaintiff cannot possibly have been aggrieved by those Terms.  *See Dugan*, 171 A.3d at 649 ("[A] claimant who does not, at a

is entitled to recover because, when he used www.wyndham.com to book a stay at the Shelborne Wyndham Grand South Beach, he agreed to allegedly unlawful provisions in the Terms.  *See* Compl. ¶¶ 9–11, 73–89, 108–17.  But that is precisely the type of claim foreclosed by *Spade*: namely, that he was "merely . . . exposed to unlawful language in a contract or writing, to no effect."  181 A.3d at 979–80.  Plaintiff has not identified a causal link between the Terms and any actual injury that he has suffered, and no such link exists.

In response to *Spade*, plaintiff now attempts to manufacture standing by arguing that the Terms somehow place his CFA claim "at risk."  Pl.'s Opp'n at 7.  But plaintiff's chain of speculation—his assertion that four specific provisions in the Terms *might* injure him in this case because Wyndham *might* assert that those provisions limit his recovery under the CFA and the Court *might* agree with this hypothetical argument—is not sufficient to generate standing for two reasons: *First*, Wyndham has not sought to enforce the challenged provisions of the Terms to limit plaintiff's CFA claim because those provisions do not apply.  *Second*, even if the challenged provisions did apply, they do not violate clearly established New Jersey law.

In two recent decisions applying *Spade*, courts in New Jersey have dismissed similar TCCWNA claims where, as here, the plaintiffs did not allege that the defendants sought to enforce the challenged contract terms against them.  *Patterson*, 2018 WL 5313920, at *5 ("Plaintiff has not alleged . . . that Defendant attempted to enforce the T&C Provisions to Plaintiff's detriment."); *Sharp*, 2018 WL 3059773, at *6 ("There is no allegation that [defendant] is attempting to enforce the sales contracts.").  The case for dismissal is even stronger here because Wyndham has not argued that the Terms restrict plaintiff's CFA claim—not in an attempt to deny plaintiff standing

---

minimum, prove that he or she received [the contract] cannot satisfy the elements of the TCCWNA and is not an 'aggrieved consumer.'").

3

under the TCCWNA, but rather because a proper reading of the challenged provisions makes clear that they do not apply to plaintiff's CFA claim in the first place.  Specifically, two of the four challenged provisions are straightforward limitations on certain types of damages that plaintiff is not seeking to recover through his CFA claim, including indirect, consequential, and punitive damages.  *See* Compl. ¶¶ 76, 84.  The third provision caps the damages available to plaintiff at $500, *see* Pl.'s Opp'n at 12–13, an amount well above what he could potentially recover here under the CFA based on his payment of $50 in resort fees.  And the fourth provision is an indemnification clause that addresses claims **by third parties** arising out of a website user's conduct.  *See* Compl. ¶ 87.  Plaintiff has not alleged that he is (or will be) subject to an indemnification claim, and Wyndham is not aware of any facts that would give rise to such a claim.  Because none of the provisions plaintiff is challenging have any relationship to his CFA claim, that CFA claim cannot form the basis for standing under *Spade*.  *See* 181 A.3d at 980.

Plaintiff also fails to establish that he is aggrieved by the Terms because all of the provisions he challenges are permissible under New Jersey law.  It is well settled that damages limitations like those in the Terms are valid and enforceable.  *See*, *e.g.*, *Marbro, Inc. v. Borough of Tinton Falls*, 688 A.2d 159, 162–63 (N.J. Law Div. 1996) (upholding cap on recovery); *D'Agostino v. Appliances Buy Phone, Inc.*, 2015 WL 10434721, at *13, *17–18 (N.J. App. Div. Mar. 8, 2016) (upholding limitation of liability disclaiming "any direct, indirect, incidental, special, consequential, or exemplary damages").  Similarly, New Jersey courts have routinely upheld indemnification clauses.  *See, e.g.*, *Serpa v. N.J. Transit*, 951 A.2d 208, 213 (N.J. App. Div. 2008).  Plaintiff cannot have suffered harm from a violation of the TCCWNA by agreeing to contract terms that are permissible under New Jersey law.

4

In addition, the New Jersey Appellate Division recently affirmed the dismissal of a TCCWNA claim under *Spade* even where it was accompanied by an ongoing CFA claim. In *Duke*, the plaintiff alleged both a CFA claim and a TCCWNA claim based in part on a limitation of liability included in a car rental agreement. 2018 WL 3596274, at *2–3. Prior to the New Jersey Supreme Court's decision in *Spade*, the trial court dismissed the TCCWNA claim but allowed the CFA claim to proceed. *Id.* On appeal, the Appellate Division applied *Spade* and affirmed dismissal of the TCCWNA claim with prejudice because the plaintiff failed to allege that he or any putative class member "suffered an adverse consequence as a result of language in a consumer contract that allegedly violated the TCCWNA." *Id.* at *7. The court did not reach the merits of the TCCWNA claim and instead decided the case on standing grounds alone. *See id.*

The same result should obtain here. Plaintiff's TCCWNA claim fails because he cannot establish a connection between the Terms and any injury he has suffered under the CFA. His claim rests entirely on the unfounded argument that the Terms somehow put his CFA claim "at risk," but plaintiff has not established any basis for that assertion. The Terms do not purport to limit plaintiff's recovery under the CFA, and for that reason Wyndham has not sought to enforce those terms in this case. Plaintiff has thus failed to establish that he is an aggrieved consumer under *Spade*, and his TCCWNA claim should be dismissed as a result.

## CONCLUSION

For these reasons, the Court should dismiss plaintiff's TCCWNA claim with prejudice.

5

Dated: December 6, 2018

David A. Strassburger (Pa. I.D. # 76027)
STRASSBURGER MCKENNA
  GUTNICK & GEFSKY
444 Liberty Avenue, Suite 2200
Pittsburgh, PA  15222
Telephone: (412) 281-5423
Facsimile: (412) 281-8264
dstrassburger@smgglaw.com

Respectfully submitted,

*/s/ K. Winn Allen*

K. Winn Allen (admitted *pro hac vice*)
Ronald K. Anguas, Jr. (admitted *pro hac vice*)
Zachary A. Avallone (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW
Washington, DC  20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
winn.allen@kirkland.com

*Counsel for Defendants Wyndham Hotel Group, LLC, and Wyndham Hotels and Resorts, LLC*

## CERTIFICATE OF SERVICE

I certify that on December 6, 2018, I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

*/s/ K. Winn Allen*
K. Winn Allen
Counsel for Defendants