# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS LUCA, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:16-cv-00746 |
| | ) |
| WYNDHAM WORLDWIDE | ) |
| CORPORATION ET AL, | ) |
| | ) |
| Defendants. | ) |

## REDACTED MEMORANDUM OPINION

**Mark R. Hornak, Chief United States District Judge.**

Pending before the Court is Plaintiff Thomas Luca's ("Plaintiff") Motion Contesting Defendants' Assertion of Attorney-Client Privilege/Work-Product Protection (ECF No. 109).[1] Defendants Wyndham Hotel Group, LLC, and Wyndham Hotels and Resorts, LLC, (collectively, "Defendants") seek the return of 108 purportedly privileged documents composing an E-mail chain among Defendants' employees involving ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇ that were inadvertently disclosed to Plaintiff during discovery.[2] Defendants assert that these documents are shielded from discovery under the attorney-client privilege and the work-product doctrine. Plaintiff contests the application of any privilege to such documents and seeks an Order from this Court permitting Plaintiff to retain and use the contested documents in connection with this litigation. (ECF No. 109-1.) For the reasons that follow, Plaintiff's Motion is denied.

---

[1] The matter has been fully briefed, and the Court held a telephonic oral argument. (ECF Nos. 110, 112, 118, 119, 120, 121, 126–30, 144.)

[2] For factual background on this case, see this Court's Opinion dated January 16, 2019 (ECF No. 147.)

1

"Though they both operate to protect information from discovery, the work-product doctrine and the attorney-client privilege serve different purposes." *In re Chevron Corp.*, 633 F.3d 153, 164 (3d Cir. 2011). "The attorney-client privilege protects from disclosure confidential communications made between attorneys and clients for the purpose of obtaining or providing legal assistance to the client." *In re Grand Jury*, 705 F.3d 133, 151 (3d Cir. 2012). The work-product doctrine "protects from discovery materials prepared or collected by an attorney 'in the course of preparation for possible litigation.'" *Id.* (quoting *In re Grand Jury Investigation*, 599 F.2d 1224, 1228 (3d Cir. 1979)). The burden on establishing either privilege rests with the party seeking its protection. *FTC v. Innovative Designs, Inc.*, 16-cv-1669, 2017 U.S. Dist. LEXIS 162222, at *6–8 (W.D. Pa. Sep. 28, 2017). In evaluating whether a document is protected by the work-product doctrine, the court conducts a two-part inquiry: (1) whether litigation could reasonably have been anticipated, and (2) whether the documents were prepared primarily for the purpose of litigation. *See United States v. Rockwell Int'l*, 897 F.2d 1255, 1265–66 (3d Cir. 1990); *Crawford v. Corizon Health, Inc.*, No. 17-cv-113, 2018 U.S. Dist. LEXIS 113828, at *8 (W.D. Pa. July 10, 2018).

Plaintiff asserts that the work-product doctrine cannot apply because the documents at issue were generated in the ordinary course of business.[3] *See Rockwell*, 897 F.2d at 1265–66 ("Federal Rule of Civil Procedure 26(b)(3) makes clear, however, the necessity that the materials be prepared in anticipation of litigation, and not 'in the ordinary course of business, or pursuant to public requirements unrelated to litigation.'" (quoting *United States v. El Paso Co.*, 682 F.2d 530, 534 (5th Cir. 1982))). Defendants dispute this, maintaining that all of the 108 documents in

---

[3] Although Plaintiff includes "Attorney-Client Privilege" in the title of his Motion, his brief in support of that Motion only addresses the work-product doctrine. Because the Court is able to resolve the Motion on that basis, it will not address the applicability of the attorney-client privilege to the documents at issue here.

question "were generated at the direction of counsel for the purpose of providing legal advice to the company." (ECF No. 120.)

Defendants attached to their brief in opposition to the pending Motion a declaration of the Chief Commercial Officer of Wyndham Hotels & Resorts, Inc., Barry Goldstein, who declared that he reviewed all the documents at issue in this dispute and confirmed that each document reflected work performed at the direction of in-house or outside counsel for the purposes of providing legal advice to the company. (ECF No. 121-1.) Specifically, Mr. Goldstein's Declaration explains that the E-mail thread arose out of a request from Defendants' counsel to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and shared confidentially with counsel for the purpose of providing legal advice to the company, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (*Id.* ¶ 6.) Plaintiff does not dispute or challenge the veracity of Mr. Goldstein's Declaration. Rather, Plaintiff argues that the documents, on their face, show that their purpose is primarily business-related.

The documents themselves do not demonstrate on their face that they relate to legal strategy, but the documents also do not, as Plaintiff contends, "make clear that the primary purpose . . . was for business purposes." (ECF No. 112, at 1.) *Cf. Crawford*, 2018 U.S. Dist. LEXIS 113828, at *8 (documents created for other purpose but useful in subsequent litigation are not protected by work-product doctrine). The documents simply show the subject ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ at issue. Mr. Goldstein's Declaration fills in the missing component, i.e. the primary purpose for which these documents were created. Plaintiff's argument that the documents were created primarily for business reasons is unavailing in light of the content of the Declaration.

3

The absence of an attorney in the E-mail thread is not fatal to the application of the work-product doctrine. Attorneys may rely on the assistance of others in gathering materials, or, as is the case here, in ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See Goldenberg v. Indel, Inc.*, No. 09-cv-5202, 2012 U.S. Dist. LEXIS 199516, at *11–12 (D.N.J. May 31, 2012) ("While the emails in question do not need to have been created by an attorney to receive protection of the work-product doctrine, the Defendants have demonstrated that the emails were created by or at the direction of Mr. Krupnick in his capacity as an attorney.").

Plaintiff's inability to undermine the veracity or applicability of Mr. Goldstein's Declaration leaves the Court with the conclusion that the documents in question do in fact reflect work that was performed at the direction of counsel for the purposes of providing legal advice in anticipation of litigation. As such, Defendants have met their burden to show that the documents are protected under the work-product doctrine. Plaintiff's Motion, ECF No. 109, is denied.

An appropriate Order will issue.

*[signature]*

Mark R. Hornak
Chief United States District Judge

cc: All counsel of record

Decision Dated: January 16, 2019

Redaction Filed: February 8, 2019

4