# **<u>Exhibit A</u>**

Proposed Class Action Settlement Agreement

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| THOMAS LUCA, JR., individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>WYNDHAM HOTEL GROUP, LLC and WYNDHAM HOTELS & RESORTS, LLC, )<br><br>Defendants. ) | Case No. 16-cv-746-MRH |

### CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement is entered into by, between, and among, Wyndham Hotel Group, LLC and Wyndham Hotels and Resorts, LLC, and Thomas Luca, Jr., the named plaintiff in *Luca v. Wyndham Hotel Group, LLC*, No. 16-cv-746-MRH, on behalf of himself and as the putative class representative for the Settlement Class defined below.

This Settlement Agreement is entered into to effect a full and final settlement and dismissal with prejudice of all Settled Claims on the terms set forth below, subject to approval of the Court.

### RECITALS

1.      On or about May 23, 2016, Plaintiff reserved a two-night stay at the Wyndham Grand Shelborne South Beach in Miami Beach, Florida using the Wyndham Hotel Websites. Plaintiff stayed at the Shelborne from May 27, 2016 to May 29, 2016, and was charged two $25 nightly Resort Fees upon check-out.

2.      On June 6, 2016, Plaintiff filed this lawsuit, the *Luca* Action, asserting claims under the New Jersey Consumer Fraud Act and the New Jersey Truth-in-Consumer Contract, Warranty, and Notice Act against Wyndham Hotels.

3.      Plaintiff alleges that Wyndham Hotels violated the CFA because it did not adequately disclose the $25 nightly Resort Fee when Plaintiff reserved a room at the Shelborne through the Wyndham Hotel Websites.  Wyndham Hotels denies that it has violated the CFA. Wyndham Hotels maintains that its Resort Fee disclosures are proper and comply with applicable federal and state laws.

4.      Plaintiff alleged that Wyndham Hotels violated the TCCWNA because the Terms of Use for the Wyndham Hotel Websites purportedly contained unlawful limitations on Wyndham

Hotels' liability associated with use of the Wyndham Hotel Websites. Wyndham Hotels denied that its Terms of Use violated the TCCWNA and moved for judgment on the pleadings on the TCCWNA claim on May 8, 2018. The Court entered judgment for Wyndham Hotels on Plaintiff's TCCWNA claim on January 16, 2019.

5.      During the course of this litigation, the Parties engaged in significant fact and expert discovery. Plaintiff and Wyndham Hotels each propounded and responded to document requests and interrogatories, and took depositions of relevant fact witnesses and experts.

6.      On October 15, 2018, Plaintiff filed a motion for class certification. Wyndham Hotels opposed Plaintiff's motion for class certification on December 14, 2018. Plaintiff's motion remains pending with the Court.

7.      On March 29, 2019, the Parties reached an agreement in principle to resolve this case and filed a joint motion to stay the litigation. The Court granted the stay on March 30, 2019. The parties then continued to negotiate the details of the resolution, which are embodied in this Settlement Agreement.

8.      While Wyndham Hotels believes this Settlement Agreement can and should be approved to avoid the time, expense, and uncertainty of litigation, in the event the Settlement Agreement does not receive final approval from the Court or is terminated according to its terms, Wyndham Hotels expressly reserves any and all available rights and defenses, including the right to challenge class certification. Plaintiff likewise reserves his rights, including the right to proceed with the *Luca* Action if the Settlement is not approved.

9.      In light of the conclusions reached by the Parties and discussed above, the Parties agree, subject to approval by the Court, to fully and finally compromise, settle, extinguish and resolve the Settled Claims and to dismiss with prejudice the *Luca* Action under the terms and conditions set forth in this Settlement Agreement.

## AGREEMENT FOR SETTLEMENT PURPOSES ONLY

This Settlement Agreement is for settlement purposes only. The fact of this Settlement Agreement or any provision herein, the negotiations or proceedings related hereto, and any actions taken hereunder shall not constitute or be construed as: (a) any admission of the validity of any claim or any fact alleged by Plaintiff in the *Luca* Action; (b) any admission of any wrongdoing, fault, violation of law, breach of contract, or liability of any kind on the part of Wyndham Hotels; (c) any admission as to any claim or allegation made in any demand of, action against, or proceeding against Wyndham Hotels; (d) any admission, finding, or evidence that the claims of the putative class or the claims of any other members of the Settlement Class are appropriate for class treatment if the claims were contested in this or any federal, state, or foreign forum; or (e) a waiver of any applicable defense, including, without limitation, any applicable statute of limitations. This Settlement Agreement and its exhibits shall not be offered or admissible in evidence against Plaintiff, Wyndham Hotels, or the Settlement Class Members in any action or proceeding in any forum for any purpose whatsoever, except in an action or proceeding brought to enforce its terms.

## AGREEMENT

In consideration of the mutual promises and covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Wyndham Hotels and Plaintiff, on behalf of himself and as the class representative of the Settlement Class, hereby contract, covenant, and agree that the Settled Claims are fully resolved, settled, compromised, extinguished and dismissed on the merits and with prejudice, subject to the approval of the Court, on the following terms and conditions:

1.  Definitions.  When used in this Settlement Agreement or the Notice Plan, the following terms shall have the respective meanings assigned to them in this Paragraph 1, unless otherwise specifically indicated.

    1.1.   "Administrative Costs" means fees and expenses of the Settlement Administrator in administering and carrying out the terms of the Settlement Agreement, including expenses for printing and mailing of the Short Form Notice, distributing the Class Notice as provided in the Notice Plan, post office box rental costs, creating and operating the settlement website, and responding to inquiries by persons receiving or reading the Class Notice.  For avoidance of doubt, Administrative Costs shall not include Litigation Expenses or Attorneys' Fees.

    1.2.   "Attorneys' Fees" refers to any award of attorneys' fees requested by Class Counsel pursuant to Paragraph 7 and awarded by the Court.

    1.3.   "Cash Award" means a payment of $22.00 to be distributed to eligible Settlement Class Members pursuant to this Agreement.

    1.4.   "CFA" means the New Jersey Consumer Fraud Act.

    1.5.   "Claim Form" means the document to be submitted by Claimants seeking a Cash Award, pursuant to Paragraph 6.  The Claim Form will be available online at the Settlement Website, substantially in the form of Exhibit 3 to this Agreement.

    1.6.   "Claim Period" means the time period during which Settlement Class Members may submit a Claim Form to the Settlement Administrator for review.  The Claim Period shall run for a period of one hundred and twenty (120) calendar days from the date of the first publication of the Short Form Notice or Class Notice, including in online form, unless otherwise ordered by the Court.

    1.7.   "Claimant" means a Settlement Class Member who submits a Claim Form as described in Paragraph 6.

    1.8.   "Claimant ID" means a unique identifier assigned to each member of the Settlement Class appearing in Wyndham Hotels' business records as having paid a Resort Fee. The respective Claimant ID shall be included on each Short Form Notice mailed to the Settlement Class, and shall be used by the Settlement Administrator in processing Claim Forms.

1.9.     "Class Counsel" means the following attorneys:

| | |
|---|---|
| Gary F. Lynch | Joseph P. Guglielmo |
| Jamisen A. Etzel | Erin Green Comite |
| **CARLSON LYNCH LLP** | Carey Alexander |
| 1133 Penn Avenue, 5th Floor | **SCOTT+SCOTT LLP** |
| Pittsburgh, PA 15222 | The Helmsley Building |
| T: (412) 322-9243 | 230 Park Avenue, 17th Floor |
| F: (412) 231-0246 | New York, NY 10169 |
| | T: (212) 223-6444 |
| | F: (212) 223-6334 |

1.10.    "Class Notice" means the legal notice of the proposed Settlement terms, as approved by Class Counsel and Wyndham Hotels' Counsel, subject to approval by the Court, to be provided to Settlement Class Members.  The Class Notice shall be substantially in the form attached hereto as Exhibit 2.  Any material changes to the Class Notice must be jointly approved by Class Counsel and Wyndham Hotels' Counsel.

1.11.    "Court" means the United States District Court for the Western District of Pennsylvania.

1.12.    "Dollars" or "$" means United States Dollars.

1.13.    "Effective Date" shall be the date when each and all of the following conditions have occurred:

1.13.1.  the Settlement Agreement has been fully executed by all the Parties and their counsel;

1.13.2.  the Preliminary Approval Order has been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement Agreement, and approving the Class Notice and Short Form Notice;

1.13.3.  the Court-approved Short Form Notice has been mailed to members of the Settlement Class, as ordered by the Court, and the Class Notice has otherwise been made available to the Settlement Class as set forth in the Notice Plan;

1.13.4.  the Court has approved and entered the Final Judgment, thereby approving this Settlement Agreement and dismissing the Settled Claims with prejudice; and

1.13.5.  the Final Judgment has become Final as defined in Paragraph 1.15.

1.14.    "Excluded Member" means any person or entity who falls within the Settlement Class definition but who elects to be excluded from the Settlement Class and submits a valid Request for Exclusion.

1.15.  "Final" means that (a) the Final Judgment is a final, appealable order; and (b) either (i) no appeal has been taken from the Final Judgment as of the date on which all times to appeal therefrom have expired, or (ii) an appeal or other review proceeding of the Final Judgment having been commenced, such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the Final Judgment in all material respects.

1.16.  "Final Judgment" means the final judgment and order of dismissal to be entered by the Court, substantially in the form attached hereto as Exhibit 5, upon final approval of the Settlement, as provided in Paragraph 15 of this Settlement Agreement.

1.17.  "Fund Institution" means The Huntington National Bank (a subsidiary of Huntington Bancshares, Inc.), where Wyndham Hotels will deposit the Settlement Funds under the terms of this Agreement.

1.18.  "Incentive Award" means the amount Plaintiff will receive as an incentive award for serving as a representative plaintiff in this case, pursuant to Paragraph 8 and approved by the Court.  The Incentive Award shall not exceed $5,000.

1.19.  "Litigation Expenses" refers to any award of expenses requested by Class Counsel pursuant to Paragraph 7 and awarded by the Court, including expert witness fees, deposition expenses, copying charges, computer research charges, travel expenses, court costs, and mediator fees incurred in pursuing the *Luca* Action.

1.20.  The "*Luca* Action" means the civil action styled *Luca v. Wyndham Hotel Group, LLC*, No. 16-cv-746-MRH, on the docket of the United States District Court for the Western District of Pennsylvania.

1.21.  "Notice Plan" means the plan for publication of the Class Notice and Short Form as developed by the Settlement Administrator, attached hereto as Exhibit 1.

1.22.  "Parties" means Plaintiff and Wyndham Hotels.

1.23.  "Plaintiff" refers to Thomas R. Luca, Jr., individually and as representative of the putative class in the *Luca* Action.

1.24.   "Points Award" means an award of 2,200 Wyndham Rewards points made available to eligible Settlement Class Members pursuant to this Agreement.

1.25.  "Preliminary Approval Order" means the order entered by the Court pursuant to Paragraph 3 and in the form attached as Exhibit 4, preliminarily approving the Settlement, approving the form and manner of the Class Notice and Short Form Notice, and setting a date certain for the settlement fairness hearing.

1.26. "Released Parties" means Wyndham Hotels & Resorts, Inc.; Wyndham Destinations, Inc. (formerly known as Wyndham Worldwide Corporation); Wyndham Hotel Group, LLC; Wyndham Hotels and Resorts, LLC; Wyndham Hotel Management, Inc., and each of their respective present and former parents, affiliates and subsidiaries, and their predecessors, heirs, successors, assigns, and each of their present, former, and future officers, directors, employees, agents, insurers, representatives, shareholders, and any third party payment processors, independent contractors, successors, assigns, attorneys, and legal representatives working on their behalf.

1.27. "Request for Exclusion" means a timely and properly submitted written request to be excluded from the Settlement Class, made pursuant to Paragraph 12.

1.28. "Resort Fee" means any resort fee, service charge, hotel service fee, resort service fee, or facility fee, assessed to consumers in addition to the Room Rate at a Wyndham-affiliated Hotel.  For avoidance of doubt, "Resort Fee" does not include amounts collected and passed on to any governmental entity, such as taxes or excise payments, or optional fees for additional benefits or services, including but not limited to parking fees.

1.29. "Room Rate" means the nightly price that consumers are required to pay for lodging, exclusive of Resort Fees and amounts collected and passed on to any governmental entity, such as taxes or excise payments.

1.30. "Settled Claims" means (i) any and all claims and causes of action that were asserted in or could have been asserted in the *Luca* Action and (ii) any and all claims and causes of action arising out of or in any way relating to the calculation, collection, disclosure, or non-disclosure of Resort Fees by Wyndham Hotels or at a Wyndham-affiliated Hotel, including, but not limited to claims for breach of contract, fraud, conspiracy, breach of implied duties and covenants, unjust enrichment, accounting, declaratory or injunctive relief, and/or unfair or deceptive trade practices under federal or state law.

1.31. "Settlement" means the settlement embodied in this Settlement Agreement and the Final Judgment.

1.32. "Settlement Administrator" means KCC Class Action Services, LLC, or any other person or persons agreed upon by the Parties to administer the Settlement in accordance with the provisions of this Agreement.

1.33. "Settlement Agreement" or "Agreement" means this Class Action Settlement Agreement, including all exhibits hereto.

1.34. "Settlement Class" means all individuals and entities, including their predecessors-and successors-in-interest, who reside in the United States and were charged a Resort Fee by a Wyndham-affiliated Hotel after reserving a room using the Wyndham Hotel Websites from June 6, 2010 until the date the Court enters the Preliminary Approval Order.  For avoidance of doubt, the Settlement Class does

not include those individuals or entities who paid a Resort Fee only as part of a reservation made by telephone, in person, through a third-party website, group bookings, or through any channel other than the Wyndham Hotel Websites. The Settlement Class excludes (a) Wyndham Hotels; (b) any person or entity who has previously released Wyndham Hotels from liability concerning or encompassing any or all Settled Claims; (c) any person or entity who received a waiver, refund, or credit of all Resort Fees charged in connection with all reservations made using the Wyndham Hotel Websites; and (d) any person who serves as a judge in this civil action and his/her spouse.

1.35. "Settlement Class Member" means every member of the Settlement Class who does not submit a valid Request for Exclusion.

1.36. "Settlement Funds" means the sum of all Cash Awards, which is an amount equal to $22.00 multiplied by the number of timely and valid Claim Forms received by the Settlement Administrator.

1.37. "Settlement Website" means www.2019resortfeesettlement.com, the website to be created for this Settlement that includes information about the *Luca* Action and the Settlement, relevant documents, and electronic and printable forms relating to the Settlement, including the Class Notice and Claim Form. The Settlement Website shall be activated on the date of the first publication of the Class Notice or Short Form Notice, whichever is earlier, and shall remain active for at least one hundred and twenty (120) calendar days after the Court enters the Final Judgment.

1.38. "Shelborne" means the property formerly known as the Wyndham Grand Shelborne South Beach Hotel in Miami Beach, Florida, which operated as a Wyndham-affiliated Hotel during the time of Plaintiff's stay in May 2016.

1.39. "Short Form Notice" means the summary settlement notice of proposed class action settlement, to be disseminated via email and postcard substantially in the form of Exhibit 2 to this Agreement. Any material changes to the Short Form Notice must be jointly approved by Class Counsel and Wyndham Hotels' Counsel.

1.40. "TCCWNA" means the New Jersey Truth in Consumer Contract, Warranty, and Notice Act.

1.41. "United States" means the fifty United States of America, the District of Columbia, Puerto Rico, the United States Virgin Islands, and other United States territories.

1.42. "Wyndham Hotels" means Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, Wyndham Hotel Management, Inc., and their subsidiaries, affiliates, employees, directors, and officers. For avoidance of doubt, Wyndham Hotels does not include Wyndham Destinations, Inc. or any of its subsidiaries, affiliates, employees, directors, or officers.

1.43. "Wyndham-affiliated Hotel" means any lodging establishment located in the United States that is available for booking on the Wyndham Hotel Websites and is

(i) owned, operated, managed, or franchised by Wyndham Hotels or any of its subsidiaries or affiliates; or (ii) owned, operated, or managed by Wyndham Destinations, Inc. or any of its subsidiaries or affiliates.

1.44.   "Wyndham Hotels' Counsel" means the following attorneys:

> K. Winn Allen
> Ronald K. Anguas, Jr.
> Zachary A. Avallone
> KIRKLAND & ELLIS LLP
> 1301 Pennsylvania Avenue NW
> Washington, D.C. 20004
> Telephone: (202) 389-5000
> Facsimile: (202) 389-5200

1.45.   "Wyndham Rewards" refers to Wyndham Hotels' customer loyalty program.

1.46.   "Wyndham Hotel Websites" refers to www.wyndham.com, www.wyndhamhotels.com, www.wyndhamhotelgroup.com, and any other website owned or operated by Wyndham Hotels.

2.   <u>Best Efforts to Reach the Effective Date.</u>

2.1.   The Parties and Class Counsel agree to recommend that the Court approve the Settlement Agreement and further agree to undertake their best efforts, including all steps and efforts contemplated by this Settlement Agreement and any other reasonable steps and efforts that may be necessary or appropriate for Plaintiff to file the Motion for Preliminary Approval of the Settlement by October 15, 2019, implement the terms of this Settlement Agreement, garner final approval, and reach the Effective Date.

2.2.   The Parties agree that they will not take any steps to suggest or recommend that members of the Settlement Class should opt out of or elect to be excluded from this Settlement Agreement.

3.   <u>Motion for Preliminary Approval.</u>

3.1.   For purposes of settlement and the proceedings contemplated herein only, the Parties stipulate and agree that a nationwide Settlement Class shall be certified. Class certification shall be for settlement purposes only and shall have no effect for any other purpose.

3.2.   Wyndham Hotels does not oppose class certification for settlement purposes only and consents to Plaintiff's application to the Court for entry of an order which, among other things: (a) preliminarily certifies the Settlement Class in accordance with the definitions set forth in this Agreement; (b) preliminarily approves this Agreement for purposes of issuing notice to the Settlement Class; (c) approves the timing, content, and manner, of the Class Notice and Short Form Notice; (d)

appoints the Settlement Administrator; (e) appoints Scott+Scott LLP and Carlson Lynch LLP as class counsel and Plaintiff Thomas R. Luca, Jr. as class representative; and (f) makes such orders as are necessary and appropriate to effectuate the terms and conditions of this Agreement.

3.3.    The certification of the Settlement Class shall be binding only with respect to this Agreement.  In the event that the Effective Date does not occur for any reason, the Preliminary Approval Order, and all of its provisions, shall be vacated by its own terms, this Agreement shall be void, null, and of no effect *ab initio*, and the *Luca* Action shall revert to its status that existed prior to the date of this Agreement.

4.    <u>Class Notice.</u>

4.1.    Pursuant to the Notice Plan, attached hereto as Exhibit 1, or as otherwise directed by the Court, the Settlement Administrator shall provide notice of the Settlement to the Settlement Class.  The Parties agree that the notice to be effected by the Notice Plan constitutes the best notice practicable.

4.2.    Notice to the Settlement Class shall include mailing the Short Form Notice by first-class mail, postage prepaid, and via email to individuals and entities who are believed by Wyndham Hotels to be in the Settlement Class and for whom Wyndham Hotels has email or mailing addresses available from its business records.  Each Short Form Notice emailed or mailed to the members of the Settlement Class shall have a unique Claimant ID printed on it.  To the extent that any Short Form Notices are returned because an individual or entity who is in the Settlement Class does not reside at the address provided, the Settlement Administrator shall take reasonable steps to obtain a valid address and re-mail or email the Short Form Notice.

4.3.    The Settlement Administrator shall also make the Class Notice and Short Form Notice available on the Settlement Website and in other manners set forth in the Notice Plan.

4.4.    Wyndham Hotels shall send a timely and proper notice of this Settlement to all appropriate federal and state officials as required by the Class Action Fairness Act of 2005, including under 28 U.S.C. § 1715, if necessary.

5.    <u>Awards to Settlement Class Members.</u>

5.1.    In exchange for the consideration set forth in this Agreement, including but not limited to the Release set forth in Paragraph 14, Wyndham Hotels agrees that the Final Judgment shall provide Settlement Class Members with an award as set forth in this Paragraph 5.  Each Settlement Class Member shall receive one Cash Award or one Points Award, but not both.

5.2.    <u>Cash Awards.</u> If a Settlement Class Member submits a timely, valid Claim Form in accordance with the procedures set forth in Paragraph 6, that Settlement Class Member shall be eligible for one Cash Award of $22.00.   Settlement Class

Members shall be limited to one Cash Award under this Settlement Agreement, regardless of the number or amount of Resort Fees paid.

5.3.   <u>Points Awards.</u> If a Settlement Class Member does not submit a timely, valid Claim Form in accordance with the procedures set forth in Paragraph 6, the Settlement Administrator shall send to that Settlement Class Member a redemption code that can be used to claim a Points Award of 2,200 Wyndham Rewards points in the Settlement Class Member's Wyndham Rewards account.  The redemption code to claim a Points Award will remain valid for a period of not less than twelve (12) months following the redemption code's issuance. The Settlement Administrator shall take reasonable steps to ensure Points Award redemption codes are emailed or mailed to valid class member addresses, including for those class members who do not have a valid email address, searching for updated addresses in the National Change of Address database prior to mailing redemption codes, and performing a at least one search, using reasonable methods, for updated addresses for any redemption codes returned as undeliverable.  Settlement Class Members shall be limited to one Points Award under this Settlement Agreement, regardless of the number or amount of Resort Fees paid.  For the avoidance of doubt, Settlement Class Members are only eligible to receive either one Cash Award or one Points Award, but not both.

6.   <u>Settlement Administrator and Claims Processing.</u>

6.1.   <u>Retention of the Settlement Administrator.</u> Wyndham Hotels shall retain the Settlement Administrator to perform the settlement administration process.  The Settlement Administrator shall abide by and shall administer the Settlement in accordance with the terms, conditions, and obligations of this Agreement, the Notice Plan, and all orders issued by the Court.

6.2.   <u>Claim Form Availability.</u> The Claim Form shall be in a substantially similar form to that attached as Exhibit 3. The Claim Form will be: (i) included on the Settlement Website to be designed and administered by the Settlement Administrator; (ii) made readily available from the Settlement Administrator, including by request from the Settlement Administrator by mail, email, or calling a toll-free number provided by the Settlement Administrator; and (iii) made readily available via a website address included in the Short Form Notice that will be mailed and/or emailed to members of the Settlement Class for whom Wyndham Hotels has a mailing address and/or email address.

6.3.   <u>Timely Claim Forms.</u> To receive a Cash Award, a Settlement Class Member must submit a timely Claim Form, which is postmarked or submitted online before or on the last day of the Claim Period, the specific date of which will be prominently displayed on the Claim Form, Class Notice, and Short Form Notice. For a Claim Form submitted by mail, the Claim Form will be deemed to have been submitted on the date of the postmark on the envelope or mailer. For an online Claim Form and in all other cases, the Claim Form will be deemed to have been submitted on the date it is received by the Settlement Administrator.

6.4. <u>Validity of Claim Forms.</u>  To receive a Cash Award, a Settlement Class Member must submit under penalty of perjury a valid Claim Form, which must contain the Settlement Class Member's name, mailing address, and signature, and be accompanied by the documentary evidence, if required, as described in Paragraph 6.4.2, where applicable.  The Settlement Administrator shall determine the validity of Claims Forms and the amounts, if any, to be awarded to Settlement Class Members.

6.4.1.   For Settlement Class Members who have received a Claimant ID from the Settlement Administrator and appear in Wyndham Hotels' business records as having paid a Resort Fee, the Claim Form need not be accompanied by documentary proof of payment of a Resort Fee.

6.4.2.   For Settlement Class Members who have not received a Claimant ID from the Settlement Administrator and/or do not appear in Wyndham Hotels' business records as having paid a Resort Fee, the Claim Form must be accompanied by documentary proof of payment of a Resort Fee in the form of an itemized invoice, receipt, folio, credit card statement, or similar document showing: (i) the Settlement Class Member's name, (ii) the name of the Wyndham-affiliated Hotel where the Settlement Class Member stayed, (iii) the dates of the stay, and (iv) payment for the hotel stay where the Resort Fee was assessed.

6.4.3.   All Claim Forms shall require an attestation under penalty of perjury that the Claimant (i) paid a Resort Fee on or after June 6, 2010, in connection with a stay at a Wyndham-affiliated Hotel booked through a Wyndham Hotel Website; and (ii) did not receive a credit, waiver, or refund of that Resort Fee.

6.4.4.   For avoidance of doubt, each Settlement Class Member will receive either one Cash Award or one Points Award, but not both, regardless of the number or amount of Resort Fees paid.

6.5. <u>Invalid Claim Forms.</u> Claim Forms that do not meet the requirements set forth in this Agreement and in the Claim Form instructions may be rejected.  The Settlement Administrator will have the sole discretion to determine a Claim Form's validity, and the Settlement Administrator's determination shall be final.  The Settlement Administrator may reject a Settlement Class Member's Claim Form for, among other reasons, the following:

6.5.1.   failure to fully complete and/or sign the Claim Form;

6.5.2.   failure to submit a legible Claim Form;

6.5.3.   failure to include either a Claimant ID or the documentary proof required by Paragraph 6.4.2;

6.5.4.   submission of a fraudulent Claim Form;

11

6.5.5.   submission of a Claim Form that is duplicative of another Claim Form, in which case the duplicative Claim Form will be rejected and the first-received will be honored, provided it is an otherwise valid Claim Form;

6.5.6.   submission of a Claim Form by a person who is not a Settlement Class Member;

6.5.7.   request by a person submitting the Claim Form to pay funds to a person or entity that is not the Settlement Class Member for whom the Claim Form is submitted;

6.5.8.   failure to submit a Claim Form within the Claim Period; or

6.5.9.   failure to otherwise meet the requirements of this Agreement or the Claim Form instructions.

6.6.   Verification. The Claim Form shall advise Settlement Class Members that, should good cause exist to doubt the validity of the information or documentary proof provided on or with the Claim Form, the Settlement Administrator may request verification or more information regarding the payment of a Resort Fee for the purpose of preventing fraud. If the Claimant does not timely comply or is unable to produce documents or additional information to substantiate the information on the Claim Form and the Claim Form is otherwise not approved, the Settlement Administrator may disqualify the Claim Form.

6.7.   Claim Form Submission and Review. Claimants may submit a Claim Form either by mail or electronically. The Settlement Administrator shall review and process the Claim Forms pursuant to the process described in this Agreement to determine each Claim Form's validity. Adequate and customary procedures and standards will be used by the Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims. The Parties shall take all reasonable steps, and direct the Settlement Administrator to take all reasonable steps, to ensure that Claim Forms completed and signed electronically by Settlement Class Members conform to the requirements of the federal Electronic Signatures in Global and National Commerce Act, 15 U.S.C. § 7001, *et seq*.

6.8.   Claim Form Deficiencies. Failure to provide all information requested on the Claim Form will not result in immediate denial or nonpayment of a claim. Instead, the Settlement Administrator will take adequate and customary steps to attempt to cure the defect and to determine the Settlement Class Member's eligibility for payment, including, but not limited to, attempting to follow up with the Claimant to gather additional information if necessary. If the Claim Form defect cannot be cured, the Claim Form will be rejected.

6.9.   Failure to Submit Claim Form. Unless a Settlement Class Member submits a timely and valid Request for Exclusion pursuant to Paragraph 12, any Settlement Class Member who fails to submit a timely and valid Claim Form shall receive a Points Award through the Wyndham Rewards program, shall be forever barred from

12

receiving a Cash Award or any additional payment pursuant to this Agreement, and shall in all other respects be bound by all of the terms of this Agreement and the terms of the Final Judgment to be entered in the *Luca* Action.

7.     Attorneys' Fees and Litigation Expenses.

7.1.    As part of the Settlement, Class Counsel will make an application for an award of Attorneys' Fees and Litigation Expenses.  Class Counsel agrees that they will not seek or accept an award of more than $1,600,000 in Attorneys' Fees or an award of more than $200,000 in Litigation Expenses.  Wyndham Hotels has agreed not to oppose these requested amounts.  The ultimate award of Attorneys' Fees and Litigation Expenses will be determined by the Court.

7.2.    The Attorneys' Fees and Litigation Expenses awarded by the Court shall be the sole compensation paid by Wyndham Hotels for Class Counsel representing the class and it shall be paid separate and apart from Wyndham Hotels' contribution of the Settlement Funds. Class Counsel agrees that any award of Attorneys' Fees and Litigation Expenses will be sought solely and exclusively in the *Luca* Action.

7.3.    Within fifteen (15) business days after the Effective Date, Wyndham Hotels shall wire to an account identified and maintained by Class Counsel the aggregate amount of Attorneys' Fees and Litigation Expenses awarded by the Court to Class Counsel. Such payment shall be in full settlement of any claim for any Attorneys' Fees and Litigation Expenses by Class Counsel.

7.4.    Wyndham Hotels shall have no obligation or liability whatsoever with respect to (i) the allocation of any payment of Attorneys' Fees or Litigation Expenses between or among Class Counsel; or (ii) any necessary withholdings or deductions that may be necessary to comply with Class Counsel's other legal obligations, including but not limited to tax obligations.

7.5.    Notwithstanding anything to the contrary in this Settlement Agreement, Wyndham Hotels may, at its sole discretion, terminate this Settlement Agreement on written notice to Class Counsel should the Court award more than the amount of Attorneys' Fees or Litigation Expenses set forth in Section 7.1 above. Wyndham Hotels' right to terminate this Settlement Agreement pursuant to this Paragraph 7 shall be exercised, if at all, no later than twenty (20) business days following the Court's entry of an order awarding more than the amount of Attorneys' Fees or Litigation Expenses set forth in Section 7.1 above.

7.6.    Should Wyndham Hotels elect to withdraw from and terminate this Settlement Agreement pursuant to the provisions set forth in this Paragraph 7, such withdrawal and termination shall be treated as if the Final Judgment were not entered under Section 15.

8.      Named Plaintiff Incentive Award.

8.1.    As part of the Settlement, Class Counsel will make an application for an Incentive Award for the Plaintiff, Thomas R. Luca, Jr., in the amount of $5,000.  Plaintiff, through Class Counsel, agrees that he will not seek or accept more than $5,000 as an Incentive Award.  The ultimate availability and amount of the Incentive Award will be determined by the Court.

8.2.    Within fifteen (15) business days of the Effective Date, Wyndham Hotels shall pay to Plaintiff the amount of any Incentive Award ordered by the Court, in accordance with payment instructions provided by Class Counsel.  Any Incentive Award ordered shall be the sole compensation paid to Plaintiff for representing the Settlement Class, and shall be paid separate and apart from the Settlement Funds.

9.      Wyndham Hotels' Payment Obligations.

9.1.    Within fifteen (15) business days of the Effective Date, Wyndham Hotels agrees to:

9.1.1.  deposit the Settlement Funds with the Fund Institution for distribution of Cash Awards by the Settlement Administrator to eligible Settlement Class Members;

9.1.2.  provide the Settlement Administrator with redemption codes for Points Awards to be distributed to eligible Settlement Class Members;

9.1.3.  tender to Class Counsel any Attorneys' Fees awarded by the Court, not to exceed $1,600,000;

9.1.4.  tender to Class counsel any Litigation Expenses awarded by the Court, not to exceed $200,000; and

9.1.5.  tender to Plaintiff any Incentive Award awarded by the Court, not to exceed $5,000.

9.2.    In addition to the payments described in Paragraph 9.1, Wyndham Hotels agrees to remit to the Settlement Administrator payment(s) for reasonable Administrative Costs in accordance with the Settlement Administrator's billing practices and requirements.

9.3.    Notwithstanding anything to the contrary in this Settlement Agreement, and for avoidance of doubt, upon making the payments described in Paragraphs 9.1 and 9.2, Wyndham Hotels shall have no further payment obligations to Plaintiff, Settlement Class Members, Class Counsel, or any other person or entity whatsoever under this Settlement Agreement.

10. <u>Changes to Wyndham Hotels' Disclosure Practices.</u>

    10.1.    The Parties agree that the Final Judgment shall modify how Wyndham Hotels discloses Resort Fees on the Wyndham Hotel Websites.  Specifically:

        10.1.1.  Wyndham Hotels will add a new Resort Fee disclosure on the Rooms and Rates page of the booking flow or earlier.

        10.1.2.  This new Resort Fee disclosure will be visible on the page itself, without clicking a hyperlink.

        10.1.3.  The amount of the Resort Fee will not be grouped with government taxes in the new Resort Fee disclosure.

    10.2.    The Parties agree that Wyndham Hotels retains flexibility to change the specific location and content of the Resort Fee disclosure going forward, subject to the parameters set forth above in Paragraph 10.1.

    10.3.    The Parties agree that the Resort Fee disclosure design attached hereto as Exhibits 6–8 satisfies the disclosure requirements set forth in Paragraph 10.1.

    10.4.    The disclosure obligation imposed by this Paragraph 10 shall be implemented within ninety (90) days of the Effective Date and shall remain in effect for so long as compliance therewith is commercially reasonable and practical, as Wyndham Hotels shall determine in its sole discretion, and in any event for not less than two (2) years from the date of implementation.  Nothing in this Settlement Agreement shall require Wyndham Hotels to take any action that is inconsistent with any applicable law or regulation.

    10.5.    Notwithstanding anything to the contrary in this Agreement, Wyndham Hotels shall have discretion to modify the disclosure contemplated by this Paragraph 10 for the versions of the Wyndham Hotel Websites that are displayed to users on tablets or mobile devices, in light of technological and design constraints applicable to those versions.  The parties agree that the mobile and tablet Resort Fee disclosure designs attached hereto as Exhibit 7 and 8, respectively, satisfy the disclosure requirements as applied to mobile and tablet versions of the Wyndham Hotel Websites.

    10.6.    Except as set forth in this Paragraph 10 and in the Final Judgment, this Settlement Agreement shall not affect any aspects of Wyndham Hotels' calculation, collection, or disclosure of Resort Fees.

11. <u>Objections.</u>

    11.1.    Settlement Class Members shall have the right to object to this Settlement and to appear and show cause, if they have any reason why the terms of this Agreement should not be given final approval, pursuant to this Paragraph 11.

15

11.2.   A Settlement Class Member may object to the settlement contemplated in this Agreement either on his or her own without an attorney, or through an attorney hired at his or her own expense.

11.3.   Any person who submits a Request for Exclusion as provided herein may not submit an objection to the Settlement contemplated in this Agreement.

11.4.   Any objection to the Settlement contemplated in this Agreement must be in writing, signed by the Settlement Class Member (and his or her attorney, if individually represented), filed with the Court, with a copy delivered to Class Counsel and Wyndham Hotels' Counsel at the addresses set forth in the Class Notice, no later than thirty (30) calendar days before the final approval hearing.

11.5.   Any objection regarding or related to the Settlement contemplated in this Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Luca v. Wyndham Hotel Group, LLC*, No. 1:16-cv-746-MRH."

11.6.   Any objection regarding or related to the Settlement contemplated in this Agreement shall contain: information sufficient to identify and contact the objecting Settlement Class Member (and his or her individually hired attorney, if any); a clear and concise statement of the Settlement Class Member's objection; the date(s) and location(s) where the objector paid a Resort Fee; the facts supporting the objection; a specific statement of the legal grounds on which the objection is based, including whether it applies only to the objector, to a specific subset of the class, or to the entire class; the number of times in which the objector and/or his or her counsel has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector and/or his or her counsel has made such objection and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case, the identity of any former or current counsel who may be entitled to compensation for any reason related to the objection to the Agreement; the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case; any and all agreements that relate to the objection or the process of objecting – whether written or verbal – between objector or objector's counsel and any other person or entity; a list of all persons who will be called to testify at the final approval hearing in support of the objection; and a statement confirming whether the objector intends to personally appear and/or testify at the final approval hearing.

11.7.   Any objection shall include documents sufficient to establish the basis for the objector's standing as a Settlement Class Member, such as an itemized invoice, receipt, folio, or similar document showing: (i) the Settlement Class Member's name, (ii) the name of the Wyndham-affiliated Hotel where the Settlement Class

Member stayed, (iii) the dates of the stay, and (iv) the amount of the Resort Fee assessed.

11.8.  Class Counsel and Wyndham Hotels' Counsel shall have the right to respond to any objection no later than seven (7) calendar days prior to the final approval hearing. The Party so responding shall file a copy of the response with the Court, and shall serve a copy by email, first-class mail, or overnight delivery service to the objecting Settlement Class Member or to the individually hired attorney for the objecting Settlement Class Member; to Class Counsel; and to Wyndham Hotels' Counsel.

11.9.  If an objecting Settlement Class Member chooses to appear at the hearing, no later than fifteen (15) calendar days before the final approval hearing, a Notice of Intention to Appear must be filed with the Court and list the name, address and telephone number of the attorney, if any, who will appear.

12.  Requests for Exclusion.

12.1.  Settlement Class Members shall have the right to elect to exclude themselves, or "opt out," of this Agreement, relinquishing their rights to compensation under this Agreement, and preserving their claims, pursuant to this Paragraph 12.

12.2.  A Request for Exclusion is not timely and properly submitted unless it is in writing, is signed by the person or entity requesting exclusion, is mailed in a postage-paid envelope to the Settlement Administrator, postmarked no later than the due date established by the Court in the Preliminary Approval Order, and otherwise complies with the instructions contained in the Class Notice. The Request for Exclusion must contain a clear statement communicating that the sender elects to be excluded from the Settlement.

12.3.  The Request for Exclusion must be personally signed by any natural person requesting exclusion; it cannot be signed by that person's lawyer or other agent, unless the person is incapacitated. The Request for Exclusion may not be made on a class or representative basis. If the entity requesting exclusion is a corporation, partnership, or other legal entity, the request must be personally signed by a duly-authorized officer, partner, or managing agent.

12.4.  A Request for Exclusion is not properly submitted or valid if it requests a qualified or partial exclusion or any other qualification.

12.5.  The Settlement Administrator shall promptly forward copies of any written Requests for Exclusion to Class Counsel and Wyndham Hotels' Counsel, and shall file a list reflecting all Requests for Exclusion with the Court no later than thirty (30) calendar days before the final approval hearing.

12.6.  Any Settlement Class Member who does not request exclusion from the Settlement has the right to object to the Settlement. Settlement Class Members may not both object and request exclusion of the Settlement. Any Settlement Class Member who wishes to object must timely submit an objection as set forth in Paragraph 11 above.

If a Settlement Class Member submits both an objection and a Request for Exclusion, he or she shall be deemed to have complied with the terms of the procedure for requesting exclusion and shall not be bound by the Agreement if approved by the Court, and the objection will not be considered by the Court.

12.7.    For avoidance of doubt, any Settlement Class Member who does not submit a timely and valid Request for Exclusion will be bound by the Release in this Agreement and will be barred from bringing any action in any forum (state or federal) against any of the Released Parties concerning any of the matters subject to the Release.

13.    <u>Wyndham Hotels' Walk-Away Rights.</u>

13.1.    Wyndham Hotels shall have the option to terminate the Settlement Agreement, in its sole discretion, in the event that either:

13.1.1. there are more than 1,000 timely and valid Requests for Exclusion received by the Settlement Administrator;

13.1.2. the Court fails to give preliminary approval to this Settlement Agreement or fails to give final approval to this Settlement Agreement; or

13.1.3. the Court orders any material modification to this Settlement Agreement, including but not limited to the amount of Attorneys' Fees or Litigation Expenses that Wyndham Hotels has agreed to pay, as set forth in Paragraph 7, or the disclosure requirements set forth in Paragraph 10.

13.2.    Wyndham Hotels' option to terminate shall be communicated in writing to Class Counsel within twenty (20) business days after the event identified in Paragraph 13.1 giving rise to the option to terminate.

13.3.    If Wyndham Hotels exercises its option to terminate pursuant to this Paragraph 13, the termination shall be treated as if this Settlement Agreement did not become Final within the meaning of Paragraph 16.

14.    <u>Release.</u>

14.1.    As of the Effective Date, Plaintiff, Class Counsel, and the Settlement Class Members, and each of them, for themselves and their respective heirs, agents, officers, directors, shareholders, employees, consultants, joint venturers, partners, members, legal representatives, predecessors, successors and assigns, hereby expressly agree that they fully and forever release and discharge the Released Parties from any and all of the Settled Claims, except for the rights and obligations created by this Settlement Agreement, and covenant and agree that they will not commence, participate in, prosecute, or cause to be commenced or prosecuted against any of the Released Parties any action or other proceeding based in whole or in part upon any of the Settled Claims released pursuant to this Settlement Agreement.

18

14.2.   As of the Effective Date, Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., as well as their current and former subsidiaries and affiliates, predecessors in interest, and successors in interest hereby expressly agree that they fully and forever release and discharge Plaintiff and Class Counsel, and covenant and agree that they will not commence, participate in, prosecute, or cause to be commenced or prosecuted against Plaintiff or Class Counsel, any action or other proceeding based upon any claim, whether known or unknown, arising out of the institution, prosecution, assertion, settlement, or resolution of the *Luca* Action or the Settled Claims.  For the avoidance of doubt, nothing herein shall prevent any Party from enforcing the provisions of this Settlement Agreement.

14.3.   The Parties acknowledge and agree that these releases are given in consideration of the settlement awards set forth in Paragraph 5 and other covenants by Wyndham Hotels for the benefit of all the Released Parties.  The Released Parties hereby agree that they will not seek to reduce, set off, or recoup any amounts paid to a Settlement Class Member under Paragraph 5 of this Agreement, by the value of any claim that one or more of the Released Parties may have against that Settlement Class Member.

14.4.   The Parties acknowledge and agree that the releases contained in this Paragraph 14 and the scope of the Settled Claims shall be construed as broadly as possible to effect complete finality over this litigation involving the disclosure of Resort Fees by Wyndham Hotels and the Released Parties, including, but not limited to, claims alleged in the operative class action complaint.

14.5.   The Parties acknowledge and agree that the relief afforded under this Settlement Agreement fully and completely compromises and extinguishes the claims for relief that were asserted or could have been asserted in the *Luca* Action by Plaintiff and Settlement Class Members.

14.6.   On the Effective Date, Plaintiff and the Settlement Class Members shall be deemed to have, and by operation of this Settlement Agreement and the Final Judgment this provision is incorporated into, shall have, with respect to the subject matter of the Settled Claims, expressly waived the benefits of any statutory provisions or common law rules that provide, in sum or substance, that a general release does not extend to claims which the party does not know or suspect to exist in its favor at the time of executing the release, which if known by it, would have materially affected its settlement with any other party. In particular, but without limitation, the Parties waive the provisions of California Civil Code § 1542 (or any like or similar statute or common law doctrine) and do so understanding the significance of that waiver. California Civil Code § 1542 provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE**

**MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Neither this paragraph nor any other provision of this Settlement Agreement shall be construed to effectuate a general release of claims. The releases provided for in this Settlement Agreement are limited to the Settled Claims, as defined above. Plaintiff and Settlement Class Members acknowledge, and Plaintiff and Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement Agreement of which this release is a part.

15. <u>Order, Final Judgment, and Dismissal.</u>  If the Court finally approves this Settlement Agreement, then the Parties jointly and promptly shall seek entry of the Final Judgment in the form attached hereto as Exhibit 5.  The Parties intend that the language in the Final Judgment shall conform to the language in this Settlement Agreement, and the Parties will modify Exhibit 5 if necessary to ensure such conformity.

16. <u>Compromise of Disputed Claims.</u>

16.1. Wyndham Hotels has denied and continues to deny that its disclosure of Resort Fees is or was false, deceptive, or misleading to consumers or violates any legal requirement, including but not limited to, the allegations that Wyndham Hotels engaged in unfair, unlawful, fraudulent, or deceptive trade practices, breached an express warranty, or was unjustly enriched.  Wyndham Hotels further denies that any action or inaction alleged in the operative complaint caused any harm or damages or can be pursued on a class-wide basis over Wyndham Hotels' objection.

16.2. Wyndham Hotels is entering into this Settlement Agreement as a compromise of disputed claims solely because the Settlement will eliminate the uncertainty, distraction, burden, and expense of further litigation. The provisions contained in this Settlement Agreement and the manner or amount of relief provided to Settlement Class Members herein shall not be deemed a presumption, concession, or admission by Wyndham Hotels of any fault, liability, wrongdoing, harm or damages as to any facts or claims that have been or might be alleged or asserted in the *Luca* Action, or in any other action or proceeding that has been, will be, or could be brought, and shall not be interpreted, construed, deemed, invoked, offered, or received into evidence or otherwise used by any person in any action or proceeding, whether civil, criminal, or administrative, for any purpose other than as provided expressly herein.

16.3. In the event that the Court does not approve this Settlement Agreement through a Final Judgment substantially in the form jointly submitted by the Parties as required in this Agreement (or in a modified form mutually acceptable to the Parties), or this Settlement Agreement is terminated or fails to become effective or Final in accordance with its terms, Plaintiff and Wyndham Hotels shall be restored to their respective positions in the *Luca* Action as of the date hereof. In such event, the terms and provisions of this Settlement Agreement shall have no further force and effect, shall be void *ab initio*, and shall not be used in the *Luca* Action or in any

other proceeding or for any purpose, and the Parties will jointly make an application requesting that any judgment entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

17. <u>Conditions Precedent to Agreement's Effect.</u>  This Settlement Agreement shall become final, binding and effective upon the Effective Date, and not before then.

18. <u>Modifications.</u>  Any modification to this Settlement Agreement or its exhibits, whether modified by the Parties or any court, must be approved in writing signed by the Parties or their authorized representatives to be binding.

19. <u>Survival of Covenants and Representations.</u>  All covenants and representations contained in this Settlement Agreement are contractual in nature, are not mere recitals, and will survive the execution of this Settlement Agreement.

20. <u>Miscellaneous Provisions.</u>

   20.1. <u>Governing Law.</u>  This Settlement Agreement is and will be governed by the laws of the State of New Jersey.

   20.2. <u>Severability.</u>  In the event that a court of competent jurisdiction enters a final judgment or decision holding invalid any nonmaterial provision of this Settlement Agreement, the remainder of this Settlement Agreement will be fully enforceable. If a court of competent jurisdiction holds invalid or materially modifies any material provision of this Settlement Agreement, including but not limited to the provisions set forth in Paragraph 14, either Party shall be entitled to dissolve this Settlement Agreement and withdraw from the Settlement.

   20.3. <u>Construction.</u>  The language of all parts of this Settlement Agreement and its exhibits will in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any Party.  All Parties have participated in the preparation of this Settlement Agreement and its exhibits and no presumptions or rules of interpretation based upon the identity of the Party preparing or drafting this Settlement Agreement or its exhibits, or any part thereof, shall be applied or invoked.

   20.4. <u>Counterparts.</u>  This Settlement Agreement may be executed by facsimile or electronic signatures and in counterparts, all of which will have full force and effect between the Parties, subject to all conditions precedent and subsequent set forth herein.

   20.5. <u>Integration.</u>  This Settlement Agreement and its exhibits constitute the entire agreement of the Parties and a complete merger of all prior negotiations and agreements.

   20.6. <u>Authority and Capacity to Execute.</u>  Each person signing this Settlement Agreement on behalf of a Party represents that such signatory has the full and complete power, authority and capacity to execute and deliver this Settlement Agreement and any documents to be executed pursuant hereto, that all formalities necessary to authorize execution of this Settlement Agreement so as to bind the principal, limited

liability company, trust, partnership or corporation have been undertaken, and that upon the occurrence of the Effective Date, this Settlement Agreement will constitute the valid and legally binding obligation of each such Party hereto, enforceable by and against that Party in accordance with its terms.

20.7.   <u>Successors and Assigns</u>.  This Settlement Agreement is binding upon and will inure to the benefit of each of the Parties hereto and their respective agents, officers, directors, shareholders, employees, consultants, heirs, devisees, legal representatives, attorneys, successors and assigns.

20.8.   <u>Headings</u>.  The headings of the paragraphs and subparagraphs herein are intended solely for convenience or reference and will not control or influence the meaning or interpretation of any of the provisions of this Settlement Agreement.

20.9.   <u>Gender and Number</u>.  Whenever applicable, the pronouns designating the feminine, masculine and neuter will equally apply to the feminine, masculine and neuter genders; the singular will include the plural and the plural will include the singular.

20.10.   <u>Extensions of Time</u>.  The Parties reserve the right, subject to the Court's approval, to mutually agree to any reasonable extension of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

Date: October 15, 2019

_____        _____

Thomas Luca, Jr.                         Marc Merriweather

*Plaintiff and Proposed Class Representative*   *Authorized Representative for Wyndham Hotel Group, LLC*


_____        _____

Gary F. Lynch                            Marc Merriweather

Carlson Lynch, LLP

*Counsel for Plaintiff and Proposed Co-Class Counsel*   *Authorized Representative for Wyndham Hotels and Resorts, LLC*


                                         _____

                                         Ronald K. Anguas, Jr.

                                         Kirkland & Ellis LLP

                                         *Counsel for Wyndham Hotel Group, LLC*


                                         _____

                                         Ronald K. Anguas, Jr.

                                         Kirkland & Ellis LLP

                                         *Counsel for Wyndham Hotels and Resorts, LLC*

Date: October 15, 2019

_____          _____

Thomas Luca, Jr.                          Marc Merriweather

*Plaintiff and Proposed Class Representative*    *Authorized Representative for Wyndham Hotel Group, LLC*

_____          _____

Gary F. Lynch
                                          Marc Merriweather
Carlson Lynch, LLP

*Counsel for Plaintiff and Proposed Co-Class Counsel*    *Authorized Representative for Wyndham Hotels and Resorts, LLC*

                                          _____

                                          Ronald K. Anguas, Jr.

                                          Kirkland & Ellis LLP

                                          *Counsel for Wyndham Hotel Group, LLC*

                                          _____

                                          Ronald K. Anguas, Jr.

                                          Kirkland & Ellis LLP

                                          *Counsel for Wyndham Hotels and Resorts, LLC*

Date: October 15, 2019

_____

Thomas Luca, Jr.

*Plaintiff and Proposed Class Representative*

_____

Gary F. Lynch

Carlson Lynch, LLP

*Counsel for Plaintiff and Proposed Co-Class Counsel*

Marc Merriweather

*Authorized Representative for Wyndham Hotel Group, LLC*

Marc Merriweather

*Authorized Representative for Wyndham Hotels and Resorts, LLC*

_____

Ronald K. Anguas, Jr.

Kirkland & Ellis LLP

*Counsel for Wyndham Hotel Group, LLC*

_____

Ronald K. Anguas, Jr.

Kirkland & Ellis LLP

*Counsel for Wyndham Hotels and Resorts, LLC*

23

Date: October 15, 2019

_____

Thomas Luca, Jr.

*Plaintiff and Proposed Class Representative*

_____

Gary F. Lynch

Carlson Lynch, LLP

*Counsel for Plaintiff and Proposed Co-Class Counsel*

_____

Marc Merriweather

*Authorized Representative for Wyndham Hotel Group, LLC*

_____

Marc Merriweather

*Authorized Representative for Wyndham Hotels and Resorts, LLC*

_____

Ronald K. Anguas, Jr.

Kirkland & Ellis LLP

*Counsel for Wyndham Hotel Group, LLC*

_____

Ronald K. Anguas, Jr.

Kirkland & Ellis LLP

*Counsel for Wyndham Hotels and Resorts, LLC*

# **Exhibit 1**

Peak Declaration / Proposed Notice Program

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| THOMAS LUCA, JR., individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 16-cv-746-MRH |
| v. | ) ) ) | **DECLARATION OF CARLA A. PEAK IN SUPPORT OF SETTLEMENT NOTICE PROGRAM** |
| WYNDHAM HOTEL GROUP, LLC and WYNDHAM HOTELS & RESORTS, LLC, | ) ) ) | |
| Defendants. | ) ) | |

I, Carla A. Peak, declare as follows:

1.       I have personal knowledge of the matters set forth herein, and I believe them to be true and correct. I am the Vice President of Legal Notification Services at KCC Class Action Services ("KCC").

2.       KCC was retained by the parties to design a notice program (the "Notice Program") and review and/or design their draft forms of notice to Settlement Class Members in this case.

3.       This Declaration describes my experience, as well as KCC's experience. It also describes the Notice Program designed for this settlement, including why I believe it will be effective and will constitute the best notice practicable under the circumstances, pursuant to Fed. R. Civ. P. 23(c)(2)(B) ("Rule 23").

### EXPERIENCE

4.       KCC is a leading class action administration firm that provides comprehensive class action services, including legal notification, email and postal mailing campaign implementation, website design, call center support, class member data management, claims processing, check and voucher disbursements, tax reporting, settlement fund escrow and reporting, and other related services critical to the effective administration of class action settlements. With more than thirty

years of industry experience,[1] KCC has developed efficient, secure and cost-effective methods to properly handle the voluminous data and mailings associated with the noticing, claims processing and disbursement requirements of these matters to ensure the orderly and fair treatment of class members and all parties in interest. Since 1984, KCC has been retained to administer more than 6,000 class actions and distributed settlement payments totaling well over $20 billion in assets.

5.    KCC has administered class action administrations for such defendants as HP-Compaq, LensCrafters, United Parcel Service, Ford, Mitsubishi, Nissan, Whirlpool, ATI Video Cards, and Twentieth Century Fox. Further, KCC has been retained as the administrator in a variety of consumer matters. Some consumer case examples which KCC has been involved with include: *In re: Samsung Top-Load Washing Machine Marketing, Sales Practices and Product Liability Litigation*, No. 5:17-ml-02792 (W.D. Okla.); *Rikos v. The Procter & Gamble Company*, No. 1:11-cv-00226 (S.D. Ohio); *Eubank v. Pella Corporation*, No. 1:06-cv-04481 (N.D. Ill.); *Rafofsky v. Nissan North America, Inc*., No. 2:15-cv-01848 (C.D. Cal.); *Flaum v. Doctor's Associates, Inc*., No. 16-cv-61198 (S.D. Fla.); *In Re: Rust-Oleum Restore Marketing, Sales Practices and Products Liability Litig*., No. 1:15-cv-01364 (N.D. Ill.); *In re: Sears, Roebuck and Co. Front-Loader Washer Products Liability Litig*., No. 1:06-cv-07023 (N.D. Ill.); *Lerma v. Schiff Nutrition International, Inc*., No. 3:11-CV-01056 (S.D. Cal.); *Cobb v. BSH Home Appliances Corp.*, No. 8:10-CV-0711 (C.D. Cal.); *Roberts v. Electrolux Home Products, Inc*., No. 8:12-CV-01644 (C.D. Cal.); *Poertner v. The Gillette Co. and The Procter & Gamble Co*., No. 6:12-CV-00803 (M.D. Fla.); *Cappalli v. BJ's Wholesale Club, Inc*., No. 1:10-CV-00407 (D. R.I.); and *Beck-Ellman v. Kaz USA, Inc*., No. 3:10-cv-02134 (S. D. Cal.).

6.    I have personally been involved in many of the largest and most significant cases, including *In re: The Home Depot, In., Customer Data Security Breach Litig.,* No. 1:14-md-02583 (N.D. Ga.), a national data breach class action involving over 40 million consumers who made credit or debit card purchases in a Home Depot store; *In re: Skelaxin (Metaxalone) Antitrust*

---

[1] KCC acquired Gilardi & Co. LLC in 2015. This declaration combines the class action notice and administration experience of both firms.

DECLARATION OF CARLA A. PEAK IN SUPPORT OF SETTLEMENT NOTICE PROGRAM

*Litigation*, No. 1:12-md-02343 (E.D. Tenn.), a multi-state antitrust settlement involving both third party payors and consumers that purchased or paid for the brand and generic version of the prescription drug metaxalone; *Chambers v. Whirlpool Corporation*, No. 8:11-cv-01733 (C.D. Cal.), a national product defect case involving class members who experienced or may experience the overheating of an automatic dishwasher control board; *In re Trans Union Corp. Privacy Litigation*, MDL No. 1350 (N.D. Ill.), perhaps the largest discretionary class action notice campaign involving virtually every adult in the United States and informing them about their rights in the $75 million data breach settlement; and *In re Residential Schools Litigation*, No. 00-CV-192059 (Ont. S.C.J.), the largest and most complex class action in Canadian history incorporating a groundbreaking notice program to disparate, remote aboriginal persons qualified to receive benefits in the multi-billion dollar settlement.

7.      In forming my opinions, I draw from my in-depth class action case experience. I have worked in the class action notification field for over 15 years. During that time, I have been involved in all aspects in the design and implementation of class action notice planning, as well as the drafting of plain language notice documents that satisfy the requirements of Rule 23 and adhere to the guidelines set forth in the *Manual for Complex Litigation, Fourth* and by the Federal Judicial Center ("FJC").

### NOTICE PROGRAM OVERVIEW

8.      In my opinion, the proposed Notice Program is comprehensive and provides the best notice practicable to the Class. Our proposed Notice Program includes direct notice to all Settlement Class Members, as well as a publication in the national print and online digital replica of *TV Guide* magazine. The direct notice effort alone is expected to reach over 90% of the Settlement Class. In addition, within ten days of filing the proposed class action settlement, KCC will fulfill the Class Action Fairness Act of 2005 (CAFA) notice provisions by serving the

appropriate federal and state officials, with a notice of settlement that comports with CAFA's timing and contents of notice.[2]

9.      The expected reach of the Notice Program is consistent with other effective court-approved settlement notice programs and is designed to meet due process requirements. The FJC's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide 2010 (the "FJC Checklist") considers 70-95% reach among class members to be a "high percentage" and reasonable.

## NOTICE PROGRAM DETAILS

### *Class Definition*

10.     The Settlement Class is defined as: all individuals and entities, including their predecessors- and successors-in-interest, who reside in the United States and were charged a Resort Fee by a Wyndham-affiliated Hotel after reserving a room using the Wyndham Hotel Websites from June 6, 2010 until the date the Court enters the Preliminary Approval Order.  For avoidance of doubt, the Settlement Class does not include those individuals or entities who paid a Resort Fee only as part of a reservation made by telephone, in person, through a third-party website, group bookings, or through any channel other than the Wyndham Hotel Websites.  The Settlement Class excludes (a) Wyndham Hotels; (b) any person or entity who has previously released Wyndham Hotels from liability concerning or encompassing any or all Settled Claims; (c) any person or entity who received a waiver, refund, or credit of all Resort Fees charged in connection with all reservations made using the Wyndham Hotel Websites; and (d) any person who serves as a judge in this civil action and his/her spouse..

### *Individual Notice*

11.     Based on a search of its internal systems, Defendant will provide KCC with a list containing postal and/or email addresses for all Settlement Class Members. Using this list, KCC will send the Short Form Notice via email (the "Email Notice") to every Settlement Class Member

---

[2] Class Action Fairness Act of 2005 (28 U.S.C. § 1715(b)(1)-(8)).

for whom an email address exists. The Short Form Notice content will be included in the body of the email, rather than as an attachment, to avoid spam filters and improve deliverability. The Short Form Notice will contain a link to the case website. The email delivery will be attempted three times.

12.     In addition, KCC will send a Postcard Notice via USPS to all Settlement Class Members for whom a mailing address is available. Prior to mailing, the postal addresses will be checked against the National Change of Address (NCOA)[3] database maintained by USPS; certified via the Coding Accuracy Support System (CASS);[4] and verified through Delivery Point Validation (DPV).[5]

13.     Notices returned by USPS as undeliverable will be re-mailed to any address available through postal service forwarding order information. For any returned mailing that does not contain an expired forwarding order with a new address indicated, KCC will conduct further address searches using credit and other public source databases to attempt to locate new addresses and will re-mail these notices where possible.

### *Consumer Publication*

14.     KCC will cause the Short Form Notice to appear as a half-page ad unit once in *TV Guide* magazine. The Short Form Notice will appear in the nationwide print publication as well as its online digital replica.

15.     *TV Guide* reaches 5.8% of likely Settlement Class Members, and likely Settlement Class Members are 29.1% more likely to be readers of the magazine, as compared to the general adult population.

---

[3] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.
[4] Coding Accuracy Support System is a certification system used by the USPS to ensure the quality of ZIP+4 coding systems.
[5] Records that are ZIP+4 coded are then sent through Delivery Point Validation to verify the address and identify Commercial Mail Receiving Agencies. DPV verifies the accuracy of addresses and reports exactly what is wrong with incorrect addresses.

DECLARATION OF CARLA A. PEAK IN SUPPORT OF SETTLEMENT NOTICE PROGRAM

*Case Website*

16.     KCC will establish and maintain a case-specific website to allow Settlement Class Members the ability to obtain additional information and documents about the Settlement. The case website will allow users to read, download, and print the Class Notice, Claim Form, Class Action Settlement Agreement, and the Court's Preliminary Approval Order. Settlement Class Members will also be able to file a Claim Form online, review a list of Frequently Asked Questions and Answers, obtain contact information for the Settlement Administrator, and review key deadlines. The website address will be displayed in the Short Form Notice and Class Notice, as well as be accessible through a hyperlink embedded in the Short Form Notice that is emailed.

*Toll-Free Telephone Number*

17.     KCC will establish and host a case-specific toll-free number to allow Settlement Class Members to learn more about the Settlement in the form of frequently asked questions and answers. It will also allow Settlement Class Members to request to have a Class Notice mailed directly to them. The toll-free number will be displayed in the Short Form Notice, Class Notice, and on the case website.

*Case P.O. Box*

18.     KCC will establish and monitor a case mailbox where Settlement Class Members may submit Claim Forms, exclusion requests, and other case correspondence.

## CONCLUSION

19.     The Notice Program is expected to effectively reach over 90% of likely Settlement Class Members via the individual notice effort alone. Coverage will be further extended via the consumer publication.

20.     In my opinion, the Notice Program proposed for this case is consistent with other effective settlement notice programs. It is the best notice practicable and meets the "desire to actually inform" due process communications standard of *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). It provides the same reach and frequency evidence that Courts have

approved and that has withstood appellate scrutiny, other expert critiques, as well as collateral review. The Notice Program is consistent with the guidelines set forth in Rule 23, the *Manual for Complex Litigation, Fourth*, and the FJC Checklist.

      I, Carla A. Peak, declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of October, 2019, at Sellersville, Pennsylvania.

Carla A. Peak

# **Exhibit 2**

Proposed Notices

# **Exhibit 2.1**

## Proposed Long Form Notice

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

# If you paid a Resort Fee at a Wyndham-affiliated Hotel in the United States that was booked using a Wyndham Hotel Website, you could get a $22 payment or 2,200 Wyndham Rewards points from a class action settlement.

Hotel stay must have occurred between June 6, 2010 and [DATE].

A federal court has authorized this notice. This is not a solicitation from a lawyer. Please read this notice carefully and in its entirety. To claim a cash award, you must submit a valid claim form by [**date**].

- A settlement has been reached with Wyndham Hotels in a class action lawsuit regarding the disclosure of Resort Fees on wyndham.com, wyndhamhotels.com, wyndhamhotelgroup.com, and any other Wyndham Hotels-owned website (the "Wyndham Hotel Websites").

- As part of the settlement, Wyndham Hotels has agreed to provide cash payments or Wyndham Rewards points to eligible guests who reside in the United States and (1) booked a room at a Wyndham-affiliated Hotel in the United States using the Wyndham Hotel Websites; (2) completed their stay between June 6, 2010 and [DATE]; and (3) paid a Resort Fee.  For purposes of the settlement, the United States includes all fifty states, the District of Columbia, Puerto Rico, the United States Virgin Islands, and other United States territories.

- The settlement does not include guests who booked a room by telephone, in person, through a third-party website such as Expedia.com, Travelocity.com, or Hotels.com, through a group booking, or using any channel or website other than the Wyndham Hotel Websites.  The settlement also does not include guests who already received a waiver, refund or credit of all Resort Fees charged in connection with all reservations made using the Wyndham Hotel Websites.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM BY **DATE** | If you submit a valid claim form, you will receive a $22.00 cash payment and will give up the right to sue Wyndham Hotels or any of the Released Parties in a separate lawsuit about the legal claims this settlement resolves. |
| EXCLUDE YOURSELF BY **DATE** | If you exclude yourself from this settlement, you will retain the right to sue Wyndham Hotels and the Released Parties in a separate lawsuit about the legal claims this settlement resolves. However, you will not receive a cash payment or Wyndham Rewards points as part of the settlement. |
| OBJECT BY **DATE** | If you do not exclude yourself from the settlement, you may object to it by writing to the Court about why you don't like the settlement. If you object, you may also file a claim for a cash payment. |
| ATTEND A HEARING ON **DATE** | You may object to the settlement and ask the Court for permission to speak at a final approval hearing about your objection. |
| DO NOTHING | If you do nothing, you will receive a redemption code for 2,200 Wyndham Rewards points, and you will give up the right to sue, continue to sue, or be part of another lawsuit against Wyndham Hotels or the Released Parties about the claims resolved by this settlement. |

- These rights and options, and the deadlines to exercise them, are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement.

## BASIC INFORMATION ABOUT THIS NOTICE AND THE SETTLEMENT

### 1.   Why was this notice issued?

A Court authorized this notice because you have a right to know about the proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to grant final approval of the settlement. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, and who can get them.

Chief Judge Mark R. Hornak of the United States District Court for the Western District of Pennsylvania is overseeing this class action. The case is known as *Luca v. Wyndham Hotel Group, LLC*, Case No. 16-cv-746-MRH, and is sometimes called the "*Luca* Action" in this notice. The person who sued, Thomas Luca, Jr., is called the Plaintiff. The companies Plaintiff sued, Wyndham Hotel Group, LLC and Wyndham Hotels and Resorts, LLC are the Defendants.

### 2.   What is this lawsuit about?

In a class action, one or more people, called plaintiffs, sue on behalf of themselves and everyone else who could make similar claims. The Plaintiff in this case alleges that Wyndham Hotels failed to properly disclose Resort Fees to guests who booked a room at a Wyndham-affiliated Hotel using the Wyndham Hotel Websites. Wyndham Hotels denies Plaintiff's claims and believes that its Resort Fees were properly disclosed on the Wyndham Hotel Websites and comply with all applicable laws.

### 3.   Why is there a settlement?

After approximately three years of litigation, the Plaintiff and Wyndham Hotels have agreed to this settlement. A settlement is an agreement between a plaintiff and a defendant to resolve a lawsuit. A settlement resolves the lawsuit without the court or a jury having to decide in favor of the plaintiff or the defendant. A settlement allows the parties to avoid the cost and risk of a trial, as well as the delays of litigation.

### 4.   How do I know if I am part of the Settlement?

You are part of the Settlement as a "Settlement Class Member" if you reside in the United States (including the District of Columbia, Puerto Rico, the United States Virgin Islands, and other United States territories) and:

1)   booked a room at a Wyndham-affiliated Hotel in the United States using the Wyndham Hotel Websites;
2)   completed your stay between June 6, 2010 and [DATE]; and
3)   paid a Resort Fee.

A Resort Fee includes any mandatory resort fee, service charge, hotel service fee, resort service fee, or facility fee. It does <u>not</u> include amounts collected and passed on to any governmental entity, such as taxes or excise payments, or optional fees for additional benefits or services, including but not limited to parking fees.

Wyndham-affiliated Hotels means any lodging establishment located in the United States (including the District of Columbia, Puerto Rico, the United States Virgin Islands, and other United States territories) that is available for booking on the Wyndham Hotel Websites and is owned, operated, managed, or franchised by Wyndham Hotels or any of its subsidiaries or affiliates, or owned, operated, or managed by Wyndham Destinations, Inc., or any of its subsidiaries or affiliates, including properties branded as Wyndham Grand, Wyndham, Wingate, Wyndham Garden, Dolce Hotels and Resorts, Tryp, Trademark Collection, La Quinta, AmericInn, Ramada, Baymont, Microtel, Days Inn, Super 8, Howard Johnson, Travelodge, and Hawthorn Suites.

### 5.   Are there exceptions to being part of the Settlement?

Yes, the settlement does <u>not</u> include guests who booked a room by telephone, in person, through a third-party website such as Expedia.com, Travelocity.com, or Hotels.com, through a group booking, or using any channel or website other than the Wyndham Hotel Websites.  It also does <u>not</u> include guests who (a) received a refund, waiver, or credit of all Resort Fees charged in connection with all reservations made using the Wyndham Hotel Websites, (b) reside outside of the fifty United States, the District of Columbia, Puerto Rico, the United States

Virgin Islands, and other United States territories. or (c) paid a Resort Fee at a Wyndham-affiliated Hotel located outside of the fifty United States, the District of Columbia, Puerto Rico, the United States Virgin Islands, and other United States territories.

## THE SETTLEMENT BENEFITS – WHAT YOU GET IF YOU QUALIFY

### 6.   What does the settlement provide?

Under the settlement, Wyndham Hotels will contribute cash and Wyndham Rewards points for the benefit of the class identified above.

Eligible Settlement Class Members who submit a timely and valid claim form will receive a cash award of $22.00.

Eligible Settlement Class Members who do not submit a timely and valid claim form will receive a non-transferable award of 2,200 points in the Wyndham Rewards loyalty program, which can be redeemed for a $25.00 Restaurant.com gift card or combined with other Wyndham Rewards points for additional redemption options, including hotel stays, merchandise, and airline miles.

You can receive only **one** cash payment of $22.00 or **one** award of 2,200 Wyndham Rewards points, but **not** both, regardless of how many Resort Fees you paid.

In addition, Wyndham Hotels will pay the costs of providing notice to the class and the costs of administering the claims process. Wyndham Hotels will also pay an incentive award to the Plaintiff, Thomas Luca, Jr., and fees and costs to Class Counsel, as approved by the Court.

### 7.   How do I get a cash payment from the settlement?

To receive a cash payment, you must complete and submit a claim form by **[DATE]**. Claim forms may be submitted online at www.2019resortfeesettlement.com or by mail. Claim forms are available at the website, by sending an email to [ADDRESS], calling [NUMBER], or by writing to the Settlement Administrator at [ADDRESS].

### 8.   How do I get Wyndham Rewards points from the settlement?

If you received notice by email or postcard, and you do *not* submit a claim form, you will automatically receive a non-transferable redemption code good for 2,200 Wyndham Rewards points. Points can be redeemed for a $25.00 Restaurant.com gift card or combined with other Wyndham Rewards points for additional redemption options, including hotel stays, merchandise, and airline miles. If you are not currently a Wyndham Rewards member, you will need to sign up for Wyndham Rewards to use the redemption code. Information about signing up for the Wyndham Rewards program will be included with your redemption code.

If you did not receive notice by email or postcard, you cannot receive Wyndham Rewards points from the settlement.

### 9.   When would I get my cash payment or Wyndham Rewards points?

The Court will hold a hearing on [DATE] to decide whether to grant final approval of the settlement. If the Court approves the settlement, there may be appeals. It is always uncertain whether appeals will be filed and if so, how long it will take to resolve them. Settlement payments and points will be distributed as soon as possible, only if, and when, the Court grants final approval of to the settlement and after any appeals are resolved.

### 10. What am I giving up to get a payment or stay in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class and you will be a Settlement Class Member. That means you cannot sue, continue to sue, or be part of any other lawsuit against Wyndham Hotels or any of the Released Parties regarding the claims that are the subject of the settlement. If the settlement is approved and becomes final and not subject to appeal, then you and all Settlement Class Members release all Settled Claims against Wyndham Hotels and the Released Parties. It also means that all of the Court's orders will apply to you

Questions? Go to www.2019resortfeesettlement.com or call 1-XXX-XXX-XXXX

-3-

and legally bind you.

## 11. What are the Settled Claims?

If, and when, the settlement becomes final, Settlement Class Members will permanently release Wyndham Hotels & Resorts, Inc.; Wyndham Destinations, Inc. (formerly known as Wyndham Worldwide Corporation); Wyndham Hotel Group, LLC; Wyndham Hotels and Resorts, LLC; Wyndham Hotel Management, Inc., and each of their respective present and former parents, affiliates and subsidiaries, and their predecessors, heirs, successors, assigns, and each of their present, former, and future officers, directors, employees, agents, insurers, representatives, shareholders, and any third party payment processors, independent contractors, successors, assigns, attorneys, and legal representatives working on their behalf (the "Released Parties") from (i) any and all claims and causes of action that were asserted in or could have been asserted in the *Luca* Action and (ii) any and all claims and causes of action arising out of or in any way relating to the calculation, collection, disclosure, or non-disclosure of Resort Fees by Wyndham Hotels or at a Wyndham-affiliated Hotel, including, but not limited to claims for breach of contract, fraud, conspiracy, breach of implied duties and covenants, unjust enrichment, accounting, declaratory or injunctive relief, and/or unfair or deceptive trade practices under federal or state law.

## 12. Do I have a lawyer in this case?

Yes. Chief Judge Hornak appointed Carlson Lynch LLP and Scott + Scott LLP to represent you and other Settlement Class Members as "Class Counsel." These law firms are experienced in handling similar cases. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 13. How will the lawyers be paid?

Class Counsel will ask the Court for an award of attorneys' fees and expenses of up to $1,800,000. They will also ask the Court to approve a $5,000 incentive award for the Class Representative. The Court may award less than these amounts. Any amounts awarded by the Court will be paid separately by Wyndham Hotels and will not affect the amount of cash payments available to Settlement Class Members.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue Wyndham Hotels or the Released Parties on your own to recover anything based on the claims released by this Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself from the Settlement Class and is sometimes referred to as "opting out."

## 14. How do I get out of the settlement?

To exclude yourself from the settlement, you must submit a written request for exclusion. Your request for exclusion must include: (i) your name; (ii) your address; and (iii) a statement that you are a Settlement Class Member and wish to be excluded from the settlement in *Luca v. Wyndham Hotel Group, LLC*, Case No. 16-cv-746-MRH. Your request for exclusion must be mailed to the Settlement Administrator at the address below so it is **postmarked** no later than [DATE].

[KCC Address for Opt-Outs]

## 15. If I exclude myself, can I still get a cash payment or Wyndham Rewards points from this settlement?

No. If you exclude yourself, you are telling the Court that you don't want to be part of the settlement. You can only get a cash payment if you stay in the settlement and submit a valid claim form. You can only get 2,200 Wyndham Rewards points if you received a notice in the mail or by email, stay in the settlement, and do *not* submit a valid claim form.

**16. If I do not exclude myself, can I sue Wyndham Hotels or the Released Parties for the same legal claims later?**

No. Unless you exclude yourself, you are giving up the right to sue Wyndham Hotels or the Released Parties for the claims that this settlement resolves. You must exclude yourself from *this* lawsuit to start or continue with your own lawsuit or be part of any other lawsuit against Wyndham Hotels or the Released Parties for any of the Settled Claims.

## OBJECTING TO THE SETTLEMENT

**17. How do I object to the settlement?**

If you are a Settlement Class Member, you can object to the settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve it. The Court will consider your views.

Your objection must be in writing and include:

- o a caption or title such as "Objection to Class Settlement in *Luca v. Wyndham Hotel Group, LLC*, No. 1:16-cv-746-MRH";
- o your contact information (name, address, telephone number, and email address), as well as the contact information for your individually hired attorney, if any;
- o information that identifies you as a Settlement Class Member such as the ClaimID (provided on the email or mailed Notice you may have received in this case) or an itemized invoice, receipt, folio, or similar document showing: (i) your name, (ii) the name of the Wyndham-affiliated Hotel where you stayed, (iii) the dates of the stay, and (iv) the amount of the Resort Fee assessed;
- o a clear and concise statement of your objection;
- o the date(s) and location(s) where you paid a Resort Fee;
- o any facts supporting your objection;
- o a specific statement of the legal grounds on which your objection is based, including whether it applies only to you, to a specific subset of the class, or to the entire class;
- o the number of times in which you and/or your attorney or your attorney's law firm has objected to a class action settlement within the five years preceding the date of this objection;
- o the caption of each case in which you and/or your counsel has made such objection and a copy of any orders related to or ruling upon your prior objections that were issued by the trial and appellate courts in each listed case;
- o the identity of any former or current attorney who may be entitled to compensation for any reason related to the objection;
- o any and all agreements that relate to your objection or the process of objecting–whether written or verbal–between you or your attorney and any other person or entity;
- o a list of all persons who will be called to testify at the final approval hearing in support of your objection; and
- o a statement indicating whether you intend to personally appear and/or testify at the final approval hearing.

You must file your objection with the Court and mail copies to Class Counsel and Defense Counsel at the addresses below so it is **filed** and **postmarked** no later than [DATE].

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>Joseph F. Weis, Jr. Courthouse<br>700 Grant Street<br>Pittsburgh, PA 15219 | Gary F. Lynch<br>Jamisen A. Etzel<br>CARLSON LYNCH LLP<br>1133 Penn Avenue, 5th Floor<br>Pittsburgh, PA 15222 | K. Winn Allen<br>Ronald K. Anguas, Jr.<br>Zachary A. Avallone<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue NW |

| | | Washington, D.C. 20004 |
|---|---|---|

**18. What is the difference between objecting to the settlement and asking to be excluded from it?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you remain a Settlement Class Member (that is, do not exclude yourself). Excluding yourself is telling the Court that you don't want to be part of the settlement. If you exclude yourself, you cannot object because the settlement no longer affects you.

### THE FINAL APPROVAL HEARING

**19. When and where will the Court decide whether to approve the settlement?**

The Court will hold a final approval hearing at [TIME] on [DATE] at the Joseph F. Weis, Jr. Courthouse, Courtroom 6A, 700 Grant Street, Pittsburgh, PA 15219. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. It will also consider whether to approve Class Counsel's request for an award of attorneys' fees and expenses, as well as the Class Representative's incentive award. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement.

**20. Do I have to come to the hearing?**

No. Class Counsel will answer any questions Chief Judge Hornak may have. However, you are welcome to come to the hearing at your own expense. If you send an objection, you do not have to come to court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**21. May I come to Court to speak about my objection?**

Yes. You or your attorney may speak at the final approval hearing about your objection. To do so, you must include a statement in your objection indicating that you or your attorney intends to appear at the final approval hearing.

### IF YOU DO NOTHING

**22. What happens if I do nothing at all?**

If you are a Settlement Class Member and you do nothing, you will give up the right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Wyndham Hotels or the Released Parties about the legal issues resolved by the Settlement Agreement. You will not receive a cash payment. If you received a redemption by mail or email, you will receive a redemption code good for 2,200 points in the Wyndham Rewards loyalty program, you will give up the right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Wyndham Hotels or the Released Parties about the legal issues resolved by this settlement and release by the Settlement Agreement.

### GETTING MORE INFORMATION

**23. How do I get more information?**

This Notice summarizes the proposed settlement. More details are in the Settlement Agreement, which also contains complete definitions of some of the terms used in this Notice. You may review the Settlement Agreement on the Settlement Website at [URL]. You may also contact the Settlement Administrator toll-free at [NUMBER] or by writing to [ADDRESS].

### PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.

Questions? Go to www.2019resortfeesettlement.com or call 1-XXX-XXX-XXXX

-6-

# **Exhibit 2.2**

Proposed Short Form Mail
Notice

**If you paid a Resort Fee at a Wyndham-affiliated Hotel in the U.S. that was booked using a Wyndham Hotel Website, you could get a $22 payment or 2,200 Wyndham Rewards points from a class action settlement.**

**1-___-___-____**

www.2019resortfeesettlement.com

WYL

Chet al. v. Wyndham Hotel Group, LLC
c/o KCC Class Action Services
P.O. Box XXXXXX
XXX, XX XXXXX-XXXX

<<Barcode>>

Postal Service: Please do not mark barcode

ClaimID: <<ClaimID>>

Claim#: WYL-<<ClaimID>>-<<MailRec>>
<<First1>> <<Last1>>
<<CO>>
<<Addr2>>
<<Addr1>>
<<City>>, <<St>> <<Zip>>
<<Country>>

A Settlement has been reached with Wyndham Hotels in a class action lawsuit about the disclosure of Resort Fees on Wyndham Hotels-owned websites including wyndham.com, wyndhamhotels.com, and wyndhamhotelgroup.com ("Wyndham Hotel Websites").

**Who is included?** Records indicate that you are included in the Settlement as a "Settlement Class Member." Settlement Class Members reside in the U.S. (including D.C., Puerto Rico, the U.S. Virgin Islands, and other U.S. territories) and: (1) booked a room at a Wyndham-affiliated Hotel in the U.S. (including D.C., Puerto Rico, the U.S. Virgin Islands, and other U.S. territories) using the Wyndham Hotel Websites; (2) completed their stay between June 6, 2010 and [DATE]; and (3) paid a Resort Fee (any mandatory resort fee, service charge, hotel service fee, resort service fee, or facility fee).

Wyndham-affiliated Hotels means any lodging establishment located in the United States that is available for booking on the Wyndham Hotel Websites and is (i) owned, operated, managed, or franchised by Wyndham Hotels or any of its subsidiaries or affiliates; or (ii) owned, operated, or managed by Wyndham Destinations, Inc. or any of its subsidiaries or affiliates, including properties branded as Wyndham Grand, Wyndham, Wingate, Wyndham Garden, Dolce Hotels and Resorts, Tryp, Trademark Collection, La Quinta, AmericInn, Ramada, Baymont, Microtel, Days Inn, Super 8, Howard Johnson, Travelodge, and Hawthorn Suites.

**What does the Settlement provide?** If you submit a valid and timely claim form, you will receive a $22.00 cash award. If you do *not* submit a valid claim form you will automatically receive a redemption code for a non-transferable award of 2,200 points in the Wyndham Rewards loyalty program.

**How do I get a cash payment?** Using the ClaimID located above your name on the front of this postcard, go to www.2019resortfeesettlement.com and file a claim online or download, print, complete, and mail a Claim Form to the Settlement Administrator. Claim Forms must be submitted online or mailed by **[Date]**.

**What are my other options?** If you do nothing and the Settlement is approved and becomes final, you will automatically receive a redemption code for 2,200 Wyndham Rewards points and your rights will be affected. If you do not want to be legally bound by the Settlement or receive a cash or points award, you must exclude yourself from it by **[Date]**. Unless you exclude yourself, you will not be able to sue or continue to sue Wyndham Hotels or any of the Released Parties for any claim released by the Settlement Agreement. If you stay in the Settlement (do not exclude yourself), you may object to it by [**Date].**

**The Court's Fairness Hearing.** The U.S. District Court for the Western District of Pennsylvania, located at Joseph F. Weis, Jr. Courthouse, Courtroom 6A, 700 Grant Street, Pittsburgh, PA 15219, will hold a hearing in this case (*Luca v. Wyndham Hotel Group, LLC*, No. 16-cv-746-MRH) on [Date]. At this hearing, the Court will decide whether to approve: (1) the Settlement; and (2) Class Counsel's request for $1,800,000 in attorneys' fees and expenses, and a $5,000 service award for the Class Representative. You or your lawyer may appear at the hearing at your own expense.

**More information, including the Settlement Agreement and instructions on how to file a claim, ask to be excluded or object are available at www.2019resortfeesettlement.com.**

# **Exhibit 2.3**

Proposed Short Form Email Notice

To:
From:
Subject: Notice of Settlement – Wyndham Hotels Resort Fees

## <u>ClaimID</u>: [insert ID]
### Use this Claim ID to file a Claim to receive a $22 cash award
### or do nothing and automatically receive 2,200 points in the Wyndham Rewards loyalty program

*Click here or go to www.2019resortfeesettlement.com to file your Claim*

**If you paid a Resort Fee at a Wyndham-affiliated Hotel in the U.S. that was booked using a Wyndham Hotel Website, you could get a $22 payment or 2,200 Wyndham Rewards points from a class action settlement.**

A settlement has been reached with Wyndham Hotels in a class action lawsuit regarding the disclosure of Resort Fees on wyndham.com, wyndhamhotels.com, wyndhamhotelgroup.com, and any other Wyndham Hotels-owned website (the "Wyndham Hotel Websites").

**Who is included?** Records indicate that you are included in the Settlement as a "Settlement Class Member". Settlement Class Members reside in the U.S. (including D.C., Puerto Rico, the U.S. Virgin Islands, and other U.S. territories) and: (1) booked a room at a Wyndham-affiliated Hotel in the U.S. (including D.C., Puerto Rico, the U.S. Virgin Islands, and other U.S. territories) using the Wyndham Hotel Websites; (2) completed their stay between June 6, 2010 and [DATE]; and (3) paid a Resort Fee (any mandatory resort fee, service charge, hotel service fee, resort service fee, or facility fee).

Wyndham-affiliated Hotels means any lodging establishment located in the United States that is available for booking on the Wyndham Hotel Websites and is (i) owned, operated, managed, or franchised by Wyndham Hotels or any of its subsidiaries or affiliates; or (ii) owned, operated, or managed by Wyndham Destinations, Inc. or any of its subsidiaries or affiliates, including properties branded as Wyndham Grand, Wyndham, Wingate, Wyndham Garden, Dolce Hotels and Resorts, Tryp, Trademark Collection, La Quinta, AmericInn, Ramada, Baymont, Microtel, Days Inn, Super 8, Howard Johnson, Travelodge, and Hawthorn Suites.

**What does the Settlement provide?** If you submit a valid and timely claim form, you will receive a $22.00 cash award. If you do *not* submit a valid claim form you will automatically receive a redemption code for a non-transferable award of 2,200 points in the Wyndham Rewards loyalty program.

**How do I get a cash payment?** Go to www.2019resortfeesettlement.com and file a claim online or download, print, complete, and mail a Claim Form to the Settlement Administrator. Claim Forms must be submitted online or mailed by **[Date]**.

**How do I receive Wyndham Rewards points?** You do not have to do anything to receive Wyndham Reward points. If the Settlement is approved and becomes final, you will receive an email or postcard containing a redemption code. If you are not currently a Wyndham Rewards member, you will need to sign up for Wyndham Rewards to use the redemption code. Information about signing up for the Wyndham Rewards program will be included with the email containing your redemption code. Points can be redeemed for a $25.00 Restaurant.com gift card or combined with other Wyndham Rewards points for additional redemption options, including hotel stays, merchandise, and airline miles.

**What are my other options?** If you do nothing and the Settlement is approved and becomes final, you will automatically receive a redemption code for 2,200 Wyndham Rewards points and your rights will be affected. If you do not want to be legally bound by the Settlement or receive a cash or points award, you must exclude yourself from it by **[Date]**. Unless you exclude yourself, you will not be able to sue or continue to sue Wyndham Hotels

or any of the Released Parties for any claim released by the Settlement Agreement. If you stay in the Settlement (do not exclude yourself), you may object to it by [**Date**]**.**

**The Court's Fairness Hearing.** The U.S. District Court for the Western District of Pennsylvania, located at Joseph F. Weis, Jr. Courthouse, Courtroom 6A, 700 Grant Street, Pittsburgh, PA 15219, will hold a hearing in this case (*Luca v. Wyndham Hotel Group, LLC*, No. 16-cv-746-MRH) on [Date]. At this hearing, the Court will decide whether to approve: (1) the Settlement; and (2) Class Counsel's request for $1,800,000 in attorneys' fees and expenses, and a $5,000 service award for the Class Representative. You or your lawyer may appear at the hearing at your own expense.

For complete details, including the Settlement Agreement and instructions on how to file a claim, ask to be excluded or object go to www.2019resortfeesettlement.com or call 1-___-___-____.

# **Exhibit 2.4**

Proposed Publication Notice

<u>Legal Notice</u>

# If you paid a Resort Fee at a Wyndham-affiliated Hotel in the U.S. that was booked using a Wyndham Hotel Website, you could get a $22 cash payment or 2,200 Wyndham Rewards points from a class action settlement.

A settlement has been reached with Wyndham Hotels in a class action lawsuit regarding the disclosure of Resort Fees on wyndham.com, wyndhamhotels.com, wyndhamhotelgroup.com, and any other Wyndham Hotels-owned website (the "Wyndham Hotel Websites").

**Who is included?** You are included in the Settlement as a "Settlement Class Member" if you reside in the U.S. (including D.C., Puerto Rico, the U.S. Virgin Islands, and other U.S. territories) and: (1) booked a room at a Wyndham-affiliated Hotel in the U.S. (including D.C., Puerto Rico, the U.S. Virgin Islands, and other U.S. territories) using the Wyndham Hotel Websites; (2) completed their stay between June 6, 2010 and [DATE]; and (3) paid a Resort Fee (any mandatory resort fee, service charge, hotel service fee, resort service fee, or facility fee).

Wyndham-affiliated Hotels means any lodging establishment located in the United States that is available for booking on the Wyndham Hotel Websites and is (i) owned, operated, managed, or franchised by Wyndham Hotels or any of its subsidiaries or affiliates; or (ii) owned, operated, or managed by Wyndham Destinations, Inc. or any of its subsidiaries or affiliates, including properties branded as Wyndham Grand, Wyndham, Wingate, Wyndham Garden, Dolce Hotels and Resorts, Tryp, Trademark Collection, La Quinta, AmericInn, Ramada, Baymont, Microtel, Days Inn, Super 8, Howard Johnson, Travelodge, and Hawthorn Suites.

**What does the Settlement provide?** Settlement Class Members who submit a valid and timely claim form, will receive one $22.00 cash award. Settlement Class Members who received a Notice by mail or email and do not submit a valid claim form will automatically receive a redemption code for a non-transferable award of 2,200 points in the Wyndham Rewards loyalty program.

**How do I get a Settlement award?** Go to www.2019resortfeesettlement.com and file a claim online or download, print, complete, and mail a Claim Form to the Settlement Administrator. Claim Forms must be submitted online or mailed by [Date]. If you received a Notice by mail or email, you do not need to submit a Claim Form unless you want to receive a cash award.

**What are my other options?** If you are a Settlement Class Member and do nothing, your rights will be affected but you will not get a cash award, and, unless you received a Notice in the mail or by email, you will not receive any Wyndham Rewards points. If you do not want to be legally bound by the settlement or receive a cash or points award, you must exclude yourself from it by [Date]. Unless you exclude yourself, you will not be able to sue or continue to sue Wyndham or any of the Released Parties for any claim released by the Settlement Agreement. If you stay in the settlement (do not exclude yourself), you may object to it by [Date]. More information, including the Settlement Agreement and instructions on how to file a claim, ask to be excluded or object are available at www.2019resortfeesettlement.com.

**The Court's Fairness Hearing.** The U.S. District Court for the Western District of Pennsylvania, located at Joseph F. Weis, Jr. Courthouse, Courtroom 6A, 700 Grant Street, Pittsburgh, PA 15219, will hold a hearing in this case (*Luca v. Wyndham Hotel Group, LLC*, No. 16-cv-746-MRH) on [Date]. At this hearing, the Court will decide whether to approve: (1) the Settlement; and (2) Class Counsel's request for $1,800,000 in attorneys' fees and expenses, and a $5,000 service award for the Class Representative. You or your lawyer may appear at the hearing at your own expense.

**1-\_\_\_-\_\_\_-\_\_\_\_**
**www.2019resortfeesettlement.com**

# **Exhibit 3**

Proposed Claim Forms

Luca v. Wyndham Hotel Group, LLC Settlement Administrator
c/o KCC Class Action Services
P.O. Box _____
City, ST _____-_____

# WYL

## «Barcode»

Postal Service: Please do not mark barcode

Claim#: WYL-«ClaimID»-«MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «ST»  «Zip»
«Country»

Luca v. Wyndham Hotel Group, LLC
United States District Court for
the Western District of Pennsylvania

No. 16-cv-746 (W.D. Pa.)

**Must Be Postmarked
No Later Than
Month XX, 20XX**

# Luca v. Wyndham Hotel Group, LLC Settlement Claim Form
## Your Information

First Name

Last Name

Address

Address (continued)

City                                State          Zip Code

Email

Contact Telephone Number

## Certification

By signing and submitting this Claim Form, I certify and affirm under penalty of perjury, that I (i) paid a Resort Fee on or after June 6, 2010, in connection with a stay at a Wyndham-affiliated Hotel booked through a Wyndham Hotel Website; and (ii) did not receive a credit, waiver, or refund of that Resort Fee.

Signature: _____  Date (mm/dd/yyyy): _____

## Return the Claim Form to:
Luca v. Wyndham Hotel Group, LLC Settlement Administrator
c/o KCC Class Action Services
P.O. Box _____, City ST _____-_____

YOUR CLAIM FORM WILL NOT BE RETURNED TO YOU. PLEASE RETAIN A COPY FOR YOUR RECORDS. ACCURATE PROCESSING AND VERIFICATION OF CLAIMS MAY TAKE A SIGNIFICANT AMOUNT OF TIME.  THANK YOU IN ADVANCE FOR YOUR PATIENCE.

**QUESTIONS?**  A copy of the class notice, Settlement Agreement and other information regarding the settlement is available at the settlement website at www.2019resortfeesettlement.com. You can also call the Settlement Administrator toll-free at 1-XXX-XXX-XXXX.

| FOR CLAIMS PROCESSING ONLY | OB | | CB | | | DOC | RED |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | LC | A |
| | | | | | | REV | B |

1

**Luca v. Wyndham Hotel Group, LLC Settlement Administrator**
c/o KCC Class Action Services
P.O. Box _____
City, ST _____-_____

# WYL

## «Barcode»

Postal Service: Please do not mark barcode

Claim#: WYL-«ClaimID»-«MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «ST»  «Zip»
«Country»

Luca v. Wyndham Hotel Group, LLC
United States District Court for
the Western District of Pennsylvania

No. 16-cv-746 (W.D. Pa.)

**Must Be Postmarked
No Later Than
Month XX, 20XX**

# Luca v. Wyndham Hotel Group, LLC Settlement Claim Form
## Your Information

First Name

Last Name

Address

Address (continued)

City

State

Zip Code

Email

Contact Telephone Number

## Required Documentation

Attach or include documentary proof of payment of a Resort Fee, such as an itemized invoice, receipt, folio, credit card statement, or similar document showing: (i) your name, (ii) the name of the Wyndham-affiliated hotel where you stayed, (iii) the dates of the stay, and (iv) payment for the hotel stay where the Resort Fee was assessed.

## Certification

By signing and submitting this Claim Form, I certify and affirm under penalty of perjury, that I (i) paid a Resort Fee on or after June 6, 2010, in connection with a stay at a Wyndham-affiliated Hotel booked through a Wyndham Hotel Website; and (ii) did not receive a credit, waiver, or refund of that Resort Fee.

Signature: _____   Date (mm/dd/yyyy): _____

## Return the Claim Form to:

Luca v. Wyndham Hotel Group, LLC Settlement Administrator
c/o KCC Class Action Services
P.O. Box _____, City ST _____-_____

YOUR CLAIM FORM WILL NOT BE RETURNED TO YOU. PLEASE RETAIN A COPY FOR YOUR RECORDS. ACCURATE PROCESSING AND VERIFICATION OF CLAIMS MAY TAKE A SIGNIFICANT AMOUNT OF TIME.  THANK YOU IN ADVANCE FOR YOUR PATIENCE.

**QUESTIONS?**  A copy of the class notice, Settlement Agreement and other information regarding the settlement is available at the settlement website at www.2019resortfeesettlement.com. You can also call the Settlement Administrator toll-free at 1-XXX-XXX-XXXX.

| FOR CLAIMS PROCESSING ONLY | OB | | CB | | DOC | RED |
|---|---|---|---|---|---|---|
| | | | | | LC | A |
| | | | | | REV | B |

1

# **Exhibit 4**

Proposed Preliminary Approval Order

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS LUCA, JR., individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) )  Case No. 16-cv-746-MRH |
| v. | ) ) |
| WYNDHAM HOTEL GROUP, LLC and WYNDHAM HOTELS & RESORTS, LLC, | ) ) ) |
| Defendants. | ) ) |

**[PROPOSED] ORDER GRANTING PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff Thomas Luca, Jr. has filed a Motion for Preliminary Approval of Class Action Settlement ("Motion"), requesting preliminary approval of a proposed Class Action Settlement Agreement ("the Agreement") between Plaintiff Luca and Defendants Wyndham Hotels & Resorts, LLC and Wyndham Hotel Group, LLC ("Wyndham Hotels" or "Defendants"). Having reviewed the Motion and supporting materials, the Court determines and orders as follows:

A.      Counsel have advised the Court that the Parties have agreed, subject to final approval by this Court following notice to the proposed Settlement Class and a hearing, to settle this Action on the terms and conditions set forth in the proposed Agreement.

B.      The Court has reviewed the Agreement, as well as the files, records, and proceedings to date in this matter. The terms of the Agreement are hereby incorporated as though fully set forth in this Order. Capitalized terms shall have the meanings attributed to them in the Agreement.

C.      Based upon preliminary examination, it appears to the Court that the Agreement

is sufficiently fair, reasonable, and adequate to warrant notice to the proposed Settlement Class;

that the Settlement Class is likely to be certified for settlement purposes; and that the Court

should hold a hearing after notice to the Settlement Class to determine whether to certify the

Settlement Class and enter a Settlement Order and Final Judgment in this action, based upon that

Agreement.

Based upon the foregoing, the Court finds and concludes as follows:

1.      ***Preliminary Approval of Proposed Settlement***.  The Agreement, including all

exhibits thereto, is preliminarily approved as fair, reasonable and adequate.  The Court finds that

(a) the Agreement resulted from extensive arm's-length negotiations, with initial participation of

an experienced mediator, and (b) the Agreement is sufficient to warrant notice thereof to

members of the proposed Settlement Class and the Fairness Hearing described below.

2.      ***The Court is Likely to Grant Class Certification for Settlement Purposes Only***.

(a)      Pursuant to Fed. R. Civ. P. 23(b)(3) and (e)(1)(B), the Court finds that it is

likely to certify, for settlement purposes only, the following Settlement Class:

> All individuals and entities, including their predecessors- and successors-in-interest, who reside in the United States and were charged a Resort Fee[1] by a Wyndham-affiliated Hotel after reserving a room using the Wyndham Hotel Websites from June 6, 2010 until the date the Court enters the Preliminary Approval Order.  For avoidance of doubt, the Settlement Class does not include those individuals or entities who paid a Resort Fee only as part of a reservation made by telephone, in person, through a third-party website, group bookings, or through any channel other than the Wyndham Hotel Websites.

---

[1] The Parties' Agreement defines "Resort Fee" as "any resort fee, service charge, hotel service fee, resort service fee, or facility fee, assessed to consumers in addition to the Room Rate at a Wyndham-affiliated Hotel.  For avoidance of doubt, 'Resort Fee' does not include amounts collected and passed on to any governmental entity, such as taxes or excise payments, or optional fees for additional benefits or services, including but not limited to parking fees."

The Settlement Class excludes (a) Wyndham Hotels; (b) any person or entity who has previously released Wyndham Hotels from liability concerning or encompassing any or all Settled Claims (as defined in the Agreement); (c) any person or entity who received a waiver, refund, or credit of all Resort Fees charged in connection with all reservations made using the Wyndham Hotel Websites; and (d) any person who serves as a judge in this civil action and his/her spouse.

The Settlement Class also will not include any persons who validly request exclusion from the Settlement Class following the procedure described in the Agreement and in this Order.

(b)     The Court makes the following preliminary findings:

(1)     The proposed Settlement Class likely satisfies Fed. R. Civ. P. 23(a)(1) because the Settlement Class appears to be so numerous that joinder of all members is impracticable;

(2)     The proposed Settlement Class likely satisfies Fed. R. Civ. P. 23(a)(2) because there appear to be questions of law or fact common to the Settlement Class;

(3)     The proposed Settlement Class likely satisfies Fed. R. Civ. P. 23(a)(3) because the claims of the Representative Plaintiff named in the caption appears to be typical of the claims being resolved through the proposed settlement;

(4)     The proposed Settlement Class likely satisfies Fed. R. Civ. P. 23(a)(4) because the Representative Plaintiff appears to be capable of fairly and adequately protecting the interests of the above-described Settlement Class in connection with the proposed settlement and because counsel representing the Settlement Class are qualified, competent, and capable of prosecuting this action on behalf of the Settlement Class.

(5)     The proposed Settlement Class likely satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because, for purposes of settlement approval and administration, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members and because settlement with the above-described Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.  The Settlement Class appears to be sufficiently cohesive to warrant settlement by representation.

(c)     At or after the Fairness Hearing, the Court will make a final determination under Rule 23(e)(2) as to whether to exercise its discretion to certify a settlement class, and whether to formally appoint the proposed Class Representative and proposed Class Counsel.

3.     ***Representative Plaintiffs***.  For settlement purposes only, the Court is likely to appoint Plaintiff Thomas Luca, Jr. as Representative Plaintiff pursuant to Rule 23 of the Federal Rules of Civil Procedure, and will likely find that, for settlement purposes only, the Representative Plaintiff has and will fairly and adequately protect the interests of the Settlement Class.

4.     ***Class Counsel***.  For settlement purposes only, the Court is likely to appoint Carlson Lynch, LLP, and Scott+Scott Attorneys at Law LLP as counsel for the Settlement Class ("Class Counsel").  For purposes of these settlement approval proceedings, the Court will likely find that Class Counsel are competent and capable of exercising their responsibilities as Class Counsel.

5.     ***Settlement Administrator***.  The Court appoints KCC Class Action Services, LLC as the Settlement Administrator, which shall fulfill the Settlement Administration functions,

duties, and responsibilities of the Settlement Administrator as set forth in the Agreement and this

Order.

6.      ***Fairness Hearing***.  A final approval hearing (the "Fairness Hearing") shall be

held before this Court on _____ [no earlier than 100 days after preliminary approval]_____,

at _____ a.m./p.m., to determine whether the Agreement is fair, reasonable, and adequate and

should be given final approval, and whether the Settlement Class should be certified.  Papers in

support of final approval of the Agreement and proposed Class Counsel's application for an

award of attorneys' fees and expenses (the "Fee Application"), and for Service Payments to the

proposed Representative Plaintiffs (the "Service Payment Application") shall be filed with the

Court according to the schedule set forth in Paragraphs 14 and 15, below.  The Court may

postpone, adjourn, or continue the Fairness Hearing without further notice to the Settlement

Class.  After the Fairness Hearing, the Court may enter a Class Certification Order, Settlement

Order and Final Judgment in accordance with the Agreement (the "Final Judgment"), which will

adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

7.      ***Class Notice***.  The Court approves the form and content of the notices

substantially in the forms attached as Exhibit 2 to the Agreement.  Defendants shall comply with

the notice requirements of Paragraph 4 of the Agreement.  In compliance with that Section,

beginning no later  than thirty (30) days after entry of this Order, Defendants shall cause notice

to be delivered in the manner set forth in the Agreement to all proposed Settlement Class

Members who can be identified with reasonable effort.  Class Notices sent by U.S. Mail and

email shall be substantially in the "short forms" attached as Exhibits 2.2 and 2.3 to the

Agreement, respectively, and a notice substantially in the "long form" attached to the Agreement

as Exhibit 2.1 shall be posted at a website, the Internet address for which shall be disclosed in the

notices transmitted by U.S. Mail and email. The "publication notice" substantially in the form attached as Exhibit 2.4 to the Agreement shall be published in accordance with the Notice Program described in Exhibit 1 to the Agreement.

8.      ***Filing of CAFA Notice.***  Before the Fairness Hearing, Defendants shall cause to be filed with the Court proof of compliance with the notice provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

9.      ***Findings Concerning Class Notice***.  The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Paragraph 4 of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class.  The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable laws.

10.     ***Exclusion from Settlement Class***.  Each proposed Settlement Class Member who wishes to exclude himself or herself from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded.  Any potential member of the Settlement Class may, sign and mail a notice of intention to opt out of the Settlement to the Settlement Administrator (in no particular format, but which contains the potential Settlement Class Member's name, address, and telephone number and the words "opt out," "exclusion," or words to that effect clearly indicating an intent not to participate in the Settlement), at the address set forth in the Class Notice.  All such written requests must be postmarked by seventy-five (75) days after the

entry of this Order, or forty-five (45) days after the date of mailing and publication of the Notice, whichever is later. All persons who properly request exclusion from the Settlement Class shall not be Settlement Class Members and shall have no rights with respect to, nor be bound by, the Agreement, should it be finally approved. The names of all such excluded individuals shall be attached as an exhibit to any Final Judgment.

11. ***Right to Terminate Agreement.*** In the event more than 1,000 Settlement Class Members to whom Defendants transmit notice timely exclude themselves from the Settlement Class, or the Court declines to finally approve the Agreement, Defendants shall have the right to terminate the Agreement by written notice of termination to Class Counsel in accordance with the procedures set forth in the Agreement. If Defendants exercise the right to terminate the Agreement, then the Parties will be restored to their respective positions as of the date of their Agreement. In that event, the terms of the Agreement and the settlement underlying it shall have no further force and effect, shall be void *ab initio*, and shall not be used in this action or in any other proceeding for any purpose.

12. ***Claims Procedures***. The Court approves the claims procedures set forth in the Agreement. The Court approves the form and content of the Claim Form substantially in the form attached as Exhibit 3 to the Agreement. A properly executed Claim Form must be submitted as required in the Class Notice over the Internet or postmarked no later than one hundred and fifty (150) days after the entry of this Order, or hundred and twenty (120) days from the date of mailing and publication of the Notice, whichever is later. Such deadline may be further extended by Court Order. Each Claim Form shall be deemed to have been submitted when submitted over the Internet or postmarked (if properly addressed and mailed by first-class mail, postage prepaid), provided such Claim Form is actually received no later than one hundred

and sixty-five (165) days after the entry of this Order, or thirty-five (135) from the date of mailing and publication of the Notice, whichever is later. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated on the Claim Form.

13.     ***Costs of Class Notice and Claims Processing.***   Defendants shall bear all costs of notice to the Settlement Class of the pendency and settlement of the Action and of processing claims.

14.     ***Objections and Appearances***.

(a)     ***Written Objections***.   Any proposed Settlement Class Member who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a likely Settlement Class Member at the time of the Fairness Hearing, may object to the fairness, reasonableness, or adequacy of the Agreement, the Fee Application and Service Payment Application.   Any Settlement Class Member who wishes to object to the Settlement, must file his or her objection with the Court (together with any briefs, papers, statements, or other materials that the Settlement Class Member wishes the Court to consider) and serve the objection on proposed Class Counsel and Defendants' Counsel at the addresses specified in the Class Notice, postmarked no later than thirty (30) days before the Fairness Hearing.   The objection must be personally signed by the objector, and must include: (1) a caption or title identifying that it is an objection in this case; 2) the objector's contact information, including name, address, telephone number, and email address, as well as the contact information of any attorneys who participated, in any way, in the preparation of the objection ("Objecting Attorneys"); 3) information that establishes the objector's membership in the Settlement Class, such as the ClaimID included on the Notice received by the objector, or other evidence indicating that the objector paid a Resort

8

Fee at a particular Wyndham-affiliated Hotel on a date within the Class Period; 4) a clear and concise statement of the objection, including the legal or factual grounds for it, and a statement indicating whether the objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class; 5) a statement identifying any other settlements within the previous five years to which the objector or his or her Objecting Attorneys also objected, including case captions and copies of any orders by trial or appellate courts related to or ruling upon the objector's objections in those previous cases; 6) identification of any and all agreements related to the objection between the objector and an Objecting Attorney, including any agreements regarding compensation for the Objecting Attorney; and 7) a statement indicating whether the objector intends to appear at the Fairness Hearing either personally or through an attorney, and if so, the identities of any persons who the objector intends to call to testify regarding the objection.

If a Settlement Class Member or any of the Objecting Attorneys has objected or threatened object to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for foregoing or dismissing the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption.  Any objection not timely made in this manner shall be waived and forever barred.

(b)    ***Appearance at Fairness Hearing.***  Any objecting Settlement Class Member who intends to object and appear at the Fairness Hearing must file a Notice of Intention to Appear with the Court no later than fifteen (15) calendar days before the Fairness Hearing. Any Settlement Class Member who does not timely deliver a written objection and notice of intention to appear by the Opt-Out and Objection Deadline, in accordance with the requirements

of this Order, shall not be permitted to object or appear at the Fairness Hearing, except for good cause shown, and shall be bound by all proceedings, orders and judgments of the Court.

(c) *Fee Application and Service Payment Application*. Proposed Class Counsel shall file their Fee Application and Service Payment Application, together with all supporting documentation, at least forty-five (45) days prior to the Fairness Hearing, such that any Settlement Class Member will have sufficient information to decide whether to object and, if applicable, to make an informed objection.

(d) *Motion for Final Approval and Responses to Objections*.  Proposed Representative Plaintiff shall file with the Court his motion for final approval of the Settlement by _____, 20__., i.e., 14 days before the Fairness Hearing. Proposed Representative Plaintiff shall file with the Court any responses to objections to the Agreement or the Fee Application and/or Service Payment Application, together with all supporting documentation, no later than five (5) days before the Fairness Hearing.

15. *Dates of Performance*.  In summary, the dates of performance are as follows:

(a) Defendants shall send the Class Notice to potential Settlement Class Members on or before _____, 20__, i.e., within thirty (30) days after entry of this Order.

(b) Proposed Class Counsel's Fee Application and Service Payment Application, and all supporting materials, shall be filed no later than _____, 20__, i.e., at least forty-five days prior to the Fairness Hearing;

(c) Settlement Class Members who desire to be excluded shall mail requests for exclusion postmarked by _____, 20__, i.e., within seventy-five (75) days after entry of this Order;

10

(d)     All objections to the Agreement, the Fee Application and Service Payment Application shall be mailed and postmarked by _____, 20__, i.e., no later than 30 days before the Fairness Hearing.

(e)     Representative Plaintiff's final approval motion shall be filed by _____, 20__, i.e. fourteen (14) days before the Fairness Hearing;

(f)     Responses to objections shall be filed no later than _____, 20__, i.e. five (5) days before the Fairness Hearing;

(g)     The Fairness Hearing shall be held on _____, at _____ a.m./p.m.; and

(h)     Settlement Class Members who desire to submit Claim Forms shall do so by _____, 20__, i.e., one hundred and fifty (150) days after entry of this Order.

16.     ***Effect of Failure to Approve the Agreement***.  In the event the Court does not finally approve the Agreement or certify the Settlement Class, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)     All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b)     Findings related to the likely certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the case shall return to its status as it existed before entry of this Order;

(c)     Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants or Representative Plaintiff on any point of fact or law,

including, but not limited to, factual or legal matters relating to any effort to certify this case as a

class action for purposes of considering settlement approval; and

(d)     Nothing in this Order or pertaining to the Agreement shall be used as

evidence in any further proceeding in this case, including, but not limited to, motions or

proceedings pertaining to treatment of this case as a class action.

17.     ***Discretion of Counsel.***  Counsel are hereby authorized to take all reasonable steps

in connection with approval and administration of the Settlement not materially inconsistent with

this Order or the Agreement, including, without further approval of the Court, making minor

changes to the content of the Class Notice that they jointly deem reasonable or necessary.

18.     ***Stay of Proceedings Pending Approval of the Settlement.***  All proceedings before

the Court are stayed pending final approval of the settlement, except as may be necessary to

implement the settlement or comply with the terms of the Agreement.

19.     ***Injunction Against Asserting Settled Claims Pending Settlement Approval.***

Pending final determination of whether the settlement should be approved, Representative

Plaintiff, all Settlement Class Members, and any person or entity allegedly acting on behalf of

Settlement Class Members, either directly, representatively or in any other capacity, are

preliminarily enjoined from commencing or prosecuting against the Released Parties any action

or proceeding in any court or tribunal asserting any of the Settled Claims, provided, however,

that this injunction shall not apply to individual claims of any Settlement Class Members who

timely exclude themselves in a manner that complies with this Order.  This injunction is

necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and

authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in

aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

20.    ***Reservation of Rights and Retention of Jurisdiction.***  The Court reserves the right to adjourn or continue the date of the Fairness Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.  The Court may approve or modify the settlement without further notice to Settlement Class Members.

**IT IS SO ORDERED.**

Dated: _____

_____
UNITED STATES DISTRICT COURT JUDGE

# **Exhibit 5**

Proposed Final Approval Order

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS LUCA, JR., individually and on behalf of all others similarly situated,

              Plaintiff,

      v.

WYNDHAM HOTEL GROUP, LLC and WYNDHAM HOTELS & RESORTS, LLC,

             Defendants.

Case No. 16-cv-746-MRH

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

On _____, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Doc. ___) of the Class Action Settlement ("Settlement") between Plaintiff Thomas Luca, Jr., on his own behalf and on behalf of the Settlement Class, and Defendants Wyndham Hotels & Resorts, LLC and Wyndham Hotel Group, LLC ("Wyndham Hotels" or "Defendants"), as memorialized in the Class Action Settlment Agreement, Exhibit _ (Doc. ___) (the "Settlement Agreement").[1]

On _____,  pursuant to the notice requirements set forth in the Settlement and in the Preliminary Approval Order, the Settlement Class was apprised of the nature and pendency of the Litigation, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the final approval hearing;

On _____, Plaintiff filed his Motion for Final Approval of the Class Action Settlement ("Final Approval Motion") and accompanying Memorandum of Law and supporting

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

1

exhibits, and Class Counsel filed their Application for Attorneys' Fees, Expenses and Service Award and accompanying Memorandum of Law and supporting exhibits ("Fee Application");

On _____, the Court held a final approval hearing to determine, inter alia: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims in the Complaint with prejudice. Prior to the final approval hearing, Class Counsel filed a declaration from the Settlement Administrator confirming that the Notice Program was completed in accordance with the Parties' instructions and the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement, the award of attorneys' fees, costs, and expenses, and the payment of Service Awards.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendants, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' fees, costs, and expenses, and the application for Service Awards, and having reviewed the materials in support thereof, and good cause appearing in the record and Plaintiff's Final Approval Motion is **GRANTED**, and Class Counsel's Fee Application is **GRANTED**, and:

**IT IS HEREBY ORDERED THAT:**

1.      The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class. The Court also has personal jurisdiction over the Parties and the Settlement Class Members.

2.      The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

2

3.      The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4.      This Court grants final approval of the Settlement, including but not limited to the releases in the Agreement and the plans for distribution of the settlement relief.  The Court finds that the Settlement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement Agreement and this Final Approval Order and Judgment.

5.      The Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6.      The Parties shall effectuate the Settlement Agreement in accordance with its terms.

## OBJECTIONS AND OPT-OUTS

7.      _____ objections were filed by Settlement Class Members. The Court has considered all objections and finds the objections do not counsel against Settlement approval, and the objections are hereby overruled in all respects.

8.      All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

9.      A list of those putative Settlement Class Members who have timely and validly elected to opt out of the Settlement and the Settlement Class in accordance with the requirements

in the Settlement (the "Opt-Out Members") has been submitted to the Court in the Declaration of

_____[KCC], filed in advance of the final approval hearing.  That list is attached as Exhibit A to

this Order.  The persons and/or entities listed in Exhibit A are not bound by the Settlement, this

Final Approval Order and Judgment, and are not entitled to any of the benefits under the

Settlement.  Opt-Out Members listed in Exhibit A shall be deemed not to be Settlement Class

Members.

## CLASS CERTIFICATION

10.     For purposes of the Settlement and this Final Approval Order and Judgment, the

Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All individuals and entities, including their predecessors- and successors-in-interest, who reside in the United States and were charged a Resort Fee by a Wyndham-affiliated Hotel after reserving a room using the Wyndham Hotel Websites from June 6, 2010 until the date the Court enters the Preliminary Approval Order.  For avoidance of doubt, the Settlement Class does not include those individuals or entities who paid a Resort Fee only as part of a reservation made by telephone, in person, through a third-party website, group bookings, or through any channel other than the Wyndham Hotel Websites. [2]

11.     The Court determines that for settlement purposes the Settlement Class meets all

the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so

numerous that joinder of all members is impractical; that there are common issues of law and fact;

that the claims of the class representative are typical of absent class members; that the class

representative will fairly and adequately protect the interests of the class as he has no interests

antagonistic to or in conflict with the class and have retained experienced and competent counsel

to prosecute this matter; that common issues predominate over any individual issues; and that a

class action is the superior means of adjudicating the controversy

---

[2] This class definition is to be interpreted with reference to the same defined terms and exclusions as in the Settlement Agreement and the Preliminary Approval Order.

12.    The Court grants final approval to the appointment of Plaintiff Thomas Luca, Jr. as the Settlement Class Representative.   The Court concludes that the Settlement Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

13.    The Court grants final approval to the appointment, pursuant to Rule 23(g), of Gary F. Lynch and Jamisen A. Etzel of Carlson Lynch, LLP, and Joseph P. Gugliemo and Carey Alexander of Scott+Scott Attorneys at Law, LLP and as Class Counsel.   The Court concludes that Class Counsel have adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE SETTLEMENT CLASS

14.    The Court finds that the Notice Program, set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, satisfied Rule 23(c)(2), was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the Final Approval Hearing, and satisfied the other requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

15.    The Court finds that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## AWARD OF ATTORNEYS' FEES AND SERVICE AWARDS

16.    The Court has considered Class Counsel's Motion for attorneys' fees, costs, and expenses, and for Service Awards.

17.    Pursuant to Rule 23(h) and relevant Third Circuit authority, the Court awards Class _____, as an award of reasonable attorneys' fees and _____ as an award of costs

and expenses to be paid in accordance with the Settlement, and the Court finds this amount of fees, costs, and expenses to be fair and reasonable.  This award of attorneys' fees, costs, and expenses, shall be paid by Defendants in accordance with the terms of the Agreement. These awards are the sole amounts Class Counsel shall recover under the Agreement, and Class Counsel shall not be entitled to interest on these amounts, except in the event Defendants breach their obligations to pay under Agreement.  This award of attorneys' fees, costs, and expenses is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Class Counsel is authorized to determine the allocation of fees and expenses amongst themselves; however, this Court retains ultimate authority and jurisdiction to resolve any allocation disputes between Class Counsel or any other attorneys claiming entitlement to a fee or expense reimbursement as a result of work performed in this action.

18.     The Court grants Class Counsel's request for a Service Award and awards $5,000 to Plaintiff Thomas Luca, Jr.  The Court finds that this payment is justified by his service to the Settlement Class. The Service Awards shall be paid by Defendants in accordance with the terms of the Agreement.

## OTHER PROVISIONS

19.     The Parties to the Settlement shall carry out their respective obligations thereunder.

20.     Within the time period set forth in the Settlement, the Cash Awards and Points Awards provided for in the Settlement shall be made available to the Settlement Class Members, pursuant to the terms and conditions of the Settlement.

21.     As of the Effective Date, Plaintiff, Class Counsel, and the Settlement Class Members, and each of them, for themselves and their respective heirs, agents, officers, directors, shareholders, employees, consultants, joint venturers, partners, members, legal representatives, predecessors, successors and assigns, are deemed to have fully and forever released and discharged

6

the Released Parties from any and all of the Settled Claims, [3]  except for the rights and obligations created by the Settlement Agreement.

22.     As of the Effective Date, Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, and Wyndham Hotel Management, Inc., as well as their current and former subsidiaries and affiliates, predecessors in interest, and successors in interest hereby are deemed to have fully and forever released and discharged Plaintiff and Class Counsel, and shall not commence, participate in, prosecute, or cause to be commenced or prosecuted against Plaintiff or Class Counsel, any action or other proceeding based upon any claim, whether known or unknown, arising out of the institution, prosecution, assertion, settlement, or resolution of this Action or the Settled Claims.

23.     Nothing herein shall prevent any Party from enforcing the provisions of the Settlement Agreement.

24.     On the Effective Date, Plaintiff and the Settlement Class Members shall be deemed to have, with respect to the subject matter of the Settled Claims, expressly waived the benefits of any statutory provisions or common law rules that provide, in sum or substance, that a general release does not extend to claims which the party does not know or suspect to exist in its favor at the time of executing the release, which if known by it, would have materially affected its settlement with any other party. In particular, but without limitation, the Parties have waived the provisions of California Civil Code § 1542 (or any like or similar statute or common law doctrine),

---

[3] Under the terms of the Agreement, "Settled Claims" is defined as: "(i) any and all claims and causes of action that were asserted in or could have been asserted in the *Luca* Action and (ii) any and all claims and causes of action arising out of or in any way relating to the calculation, collection, disclosure, or non-disclosure of Resort Fees by Wyndham Hotels or at a Wyndham-affiliated Hotel, including, but not limited to claims for breach of contract, fraud, conspiracy, breach of implied duties and covenants, unjust enrichment, accounting, declaratory or injunctive relief, and/or unfair or deceptive trade practices under federal or state law."

and have represented in the Agreement that they understand the significance of this waiver. California Civil Code § 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

25.     The Settlement Class Representative and Settlement Class Members are enjoined from prosecuting any Settled Claims in any proceeding against any of the Released Parties or prosecuting any claim based on any actions taken by any of the Released Parties that are authorized or required by this Settlement or by the Final Approval Order and Judgment.

26.     The Court hereby dismisses the Litigation and Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in the Agreement and this Final Approval Order and Judgment.

27.     Consistent with the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into the Settlement.  In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

28.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

29.     Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party and resolution of any disputes that may arise relating in any way to, arising from, the implementation of the Settlement or the implementation of this Final Order and Judgment.

**ENTERED:**


DATED: _____, 2019          By: _____

                                        Chief United States District Judge

# **Exhibit 6**

Disclosure Examples - Desktop



LOCATIONS   DEALS   MEETINGS   WEDDINGS   FIND RESERVATION          LANGUAGES ▼

WYNDHAM
REWARDS
SIGN IN · JOIN

Home  -  Lake Buena Vista  -  Wyndham Garden Lake Buena Vista Disney Springs Resort Area  -  Rooms & Rates          Change Search

# Wyndham Garden Lake Buena Vista Disney Springs Resort Area

1850B Hotel Plaza Blvd Lake Buena Vista, Florida 32830

| CHECK IN SUN, OCT 13 2019 | CHECK OUT MON, OCT 14 2019 | 1 ROOM, 1 GUEST ▼ | SPECIAL RATES ▼ | UPDATE |
|---|---|---|---|---|

### Refine Results

**VIEW RESULTS BY**

● Price
○ Wyndham Rewards Points

**BED TYPE**

☐ King (1)

This hotel charges a $25 Resort Fee which will be collected at checkout. Wyndham Rewards points cannot be used to pay the Resort Fee. Please see "Total for Stay" for fee details.



Only 1 room left!

## 1 King Bed, Courtyard View, Non-Smoking

1 KING COURTYARD VIEW NSMK WITH SOFA BED, PREMIUM WIFI, REFRIGERATOR, HDTV, HAIR DRYER, SAFE Enjoy the views of our landscaped courtyard, tennis courts or Lake Buena Vista. Featuring an exterior entrance offering easy access to the courtyard, pool and aquatic playground, this 1 king bed room with sofa bed offers a 37 inch HDTV, premium WiFi, pillow top mattress, refrigerator, coffee maker, hair dryer and in-room safe

Room Details

**Best Available Rate, Flexible**
Additional Rate Details • Total for Stay

$119 00
USD/NIGHT

BOOK

THE REWARDING RATE
**Wyndham Rewards Member Rate**
Additional Rate Details • Total for Stay

5% OFF
~~$119.00~~
USD/NIGHT

BOOK


Feedback

 **WYNDHAM** GARDEN®

LOCATIONS     DEALS     MEETINGS     WEDDINGS     FIND RESERVATION          LANGUAGES ▾          WYNDHAM REWARDS
                                                                                                SIGN IN  •  JOIN

Home  -  Lake Buena Vista  -  Wyndham Garden Lake Buena Vista Disney Springs Resort Area  -  Rooms & Rates                    Change Search

# Wyndham Garden Lake Buena Vista Disney Springs Resort Area

1850B Hotel Plaza Blvd Lake Buena Vista, Florida 32830

| CHECK IN<br>SUN, OCT 13 2019 | CHECK OUT<br>MON, OCT 14 2019 | 1 ROOM, 1 GUEST ▾ | SPECIAL RATES ▾ | **UPDATE** |

### Refine Results

**VIEW RESULTS BY**

◉ Price

○ Wyndham Rewards Points

**BED TYPE**

☐ King (1)

This hotel charges a $25 – $35 Resort Fee which will be collected at checkout. Wyndham Rewards points cannot be used to pay the Resort Fee. Please see "Total for Stay" for fee details.



Only 1 room left!

## 1 King Bed, Courtyard View, Non-Smoking

1 KING COURTYARD VIEW NSMK WITH SOFA BED, PREMIUM WIFI, REFRIGERATOR, HDTV, HAIR DRYER, SAFE Enjoy the views of our landscaped courtyard, tennis courts or Lake Buena Vista. Featuring an exterior entrance offering easy access to the courtyard, pool and aquatic playground, this 1 king bed room with sofa bed offers a 37 inch HDTV, premium WiFi, pillow top mattress, refrigerator, coffee maker, hair dryer and in-room safe

Room Details

**Best Available Rate, Flexible**
Additional Rate Details • Total for Stay

**$119**⁰⁰
USD/NIGHT

**BOOK**

THE REWARDING RATE
**Wyndham Rewards Member Rate**
Additional Rate Details • Total for Stay

5% OFF
~~$119.00~~
USD/NIGHT

**BOOK**

Feedback

# **<u>Exhibit 7</u>**

Disclosure Examples - Mobile

## WYNDHAM
### GARDEN®

Sun, Oct 13 2019 - Mon, Oct 14 2019                                    Edit Dates

# Wyndham Garden Lake Buena Vista Disney Springs Resort Area

1850B Hotel Plaza Blvd Lake Buena Vista, Florida 32830

**VIEW RESULTS BY**

| Price | Wyndham Rewards Points |
|-------|------------------------|

Filter

This hotel charges a $25 Resort Fee which will be collected at checkout. Wyndham Rewards points cannot be used to pay the Resort Fee. Please see "Total for Stay" for fee details.



Only 1 room left!

1 King Bed, Courtyard View, Non-Smoking

Room Details

**Best Available Rate, Flexible**

**$119** 00
USD/NIGHT

BOOK

**WYNDHAM**
**GARDEN**®

Sun, Oct 13 2019 - Mon, Oct 14 2019                    Edit Dates

# Wyndham Garden Lake Buena Vista Disney Springs Resort Area

1850B Hotel Plaza Blvd Lake Buena Vista, Florida 32830

### VIEW RESULTS BY

| Price | Wyndham Rewards Points |
|-------|------------------------|

Filter

This hotel charges a $25 – $35 Resort Fee which will be collected at checkout. Wyndham Rewards points cannot be used to pay the Resort Fee. Please see "Total for Stay" for fee details.



Only 1 room left!

1 King Bed, Courtyard View, Non-Smoking

Room Details

### Best Available Rate, Flexible

**$119** 00
USD/NIGHT

 BOOK

# **Exhibit 8**

Disclosure Examples - Tablet



**WYNDHAM**
GARDEN®

# Wyndham Garden Lake Buena Vista Disney Springs Resort Area

1850B Hotel Plaza Blvd Lake Buena Vista, Florida 32830

| CHECK IN<br>**SUN, OCT 13 2019** | CHECK OUT<br>**MON, OCT 14 2019** | |
|---|---|---|
| 1 ROOM, 1 GUEST ▾ | SPECIAL RATES ▾ | **UPDATE** |

This hotel charges a $25 Resort Fee which will be collected at checkout. Wyndham Rewards points cannot be used to pay the Resort Fee. Please see "Total for Stay" for fee details.

## Refine Results

**VIEW RESULTS BY**

🔘 Price

⚪ Wyndham Rewards Points

**BED TYPE**

☐ King (1)



**Only 1 room left!**

### 1 King Bed, Courtyard View, Non-Smoking

1 KING COURTYARD VIEW NSMK WITH SOFA BED, PREMIUM WIFI, REFRIGERATOR, HDTV, HAIR DRYER, SAFE Enjoy the views of our landscaped courtyard, tennis courts or Lake Buena Vista. Featuring an exterior entrance offering easy access to the courtyard, pool and aquatic playground, this 1 king bed room with sofa bed offers a 37 inch HDTV, premium WiFi, pillow top mattress, refrigerator, coffee maker, hair dryer and in-room safe

Room Details

| **Best Available Rate, Flexible**<br>Additional Rate Details • Total for Stay | **$119**.00<br>USD/NIGHT | **BOOK** |
|---|---|---|
| THE REWARDING RATE<br>**Wyndham Rewards Member Rate**<br>Additional Rate Details • Total for Stay | 5% OFF<br>~~**$119**.00~~<br>USD/NIGHT | **BOOK** |
| **Best Available Rate + 500 Bonus Points, Flexible** | **$119**.00 | **BOOK** |

WYNDHAM
GARDEN®

# Wyndham Garden Lake Buena Vista Disney Springs Resort Area

1850B Hotel Plaza Blvd Lake Buena Vista, Florida 32830

| CHECK IN SUN, OCT 13 2019 | CHECK OUT MON, OCT 14 2019 | |
|---|---|---|
| 1 ROOM, 1 GUEST ▾ | SPECIAL RATES ▾ | **UPDATE** |

This hotel charges a $25 – $35 Resort Fee which will be collected at checkout. Wyndham Rewards points cannot be used to pay the Resort Fee. Please see "Total for Stay" for fee details.

## Refine Results

**VIEW RESULTS BY**

◉ Price
○ Wyndham Rewards Points

**BED TYPE**

☐ King (1)



Only 1 room left!

### 1 King Bed, Courtyard View, Non-Smoking

1 KING COURTYARD VIEW NSMK WITH SOFA BED, PREMIUM WIFI, REFRIGERATOR, HDTV, HAIR DRYER, SAFE Enjoy the views of our landscaped courtyard, tennis courts or Lake Buena Vista. Featuring an exterior entrance offering easy access to the courtyard, pool and aquatic playground, this 1 king bed room with sofa bed offers a 37 inch HDTV, premium WiFi, pillow top mattress, refrigerator, coffee maker, hair dryer and in-room safe
Room Details



| **Best Available Rate, Flexible** Additional Rate Details • Total for Stay | **$119**.00 USD/NIGHT | **BOOK** |
|---|---|---|
| THE REWARDING RATE **Wyndham Rewards Member Rate** Additional Rate Details • Total for Stay | **5% OFF** ~~$119.00~~ USD/NIGHT | **BOOK** |
| **Best Available Rate + 500 Bonus Points, Flexible** | **$119**.00 USD/NIGHT | **BOOK** |